**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

*Attorneys for Non-Parties Yeremey O. Krivoshey and Smith Krivoshey, PC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>Defendant. | Misc Case No.<br><br>(Case No. 2:19-cv-10920-FMO-GJS Pending in the Central District of California)<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTIES YEREMEY O. KRIVOSHEY AND SMITH KRIVOSHEY, P.C. TO QUASH DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:<br>Time:<br>Courtroom:<br><br>Judge: |

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that non-party law firm Smith Krivoshey, P.C. and Yeremey Krivoshey in his individual capacity hereby move this Court pursuant to Federal Rule of Civil Procedure 45(d)(3) for an order quashing the subpoena ("Subpoena") issued by Defendant and served on Smith Krivoshey, PC on February 4, 2026, which seeks corporate testimony and/or Mr. Krivoshey's testimony in this matter. The Court will set the hearing date on this motion.

Fact discovery in this matter closed last year, the subpoena is procedurally defective, and Defendant has not met its high burden of establishing that the testimony of former counsel in this case is permissible.

This motion is based upon the attached Memorandum of Points and Authorities; the supporting declarations; the complete files and records in this action, and such oral argument and other documents as may be received by this Court at any hearing on this motion.

Dated:  February 11, 2026                     Respectfully submitted,

    /s/   Yeremey Krivoshey

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey
(State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

---

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

1

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   FACTS .............................................................................................................. 3

      A.   Background Regarding the *Patel et al v. GT's Living Foods, LLC* Litigation ................................................................................................. 3

      B.   Smith Krivoshey P.C.'s Approximately 5-Month Long Involvement In This Case ................................................................................................. 4

      C.   Fact Discovery Closed In April 2021, Except For "Limited Discovery As To Newly Added Named Plaintiffs" ............................................. 6

      D.   The Subpoena Has Never Been Served On Mr. Krivoshey ................................. 7

      E.   The February 4, 2026 Subpoena Seeks Testimony And Privileged Documents That Are Equally Available To Parties In The Litigation And That Have Already Been Provided ................................................................. 9

      F.   Defendant Did Not Provide Notice Of The Subpoena To The Parties In The Litigation .................................................................................. 12

      G.   The Subpoena Does Not Provide Sufficient Time To Comply ........................... 13

      H.   Defendant Did Not Pay Required Fees ................................................................ 13

      I.   The Subpoena Is Unduly Burdensome ................................................................ 14

III.  ARGUMENT .................................................................................................... 14

      A.   The Subpoena Is Procedurally Defective ............................................................ 14

           1.   The Subpoena Was Never Served On Mr. Krivoshey ............................ 14

           2.   Defendant Never Tendered Fees ........................................................... 16

           3.   Defendant Did Not Provide Notice To The Parties ................................ 17

           4.   The Subpoena Violates The Court's Scheduling Order ......................... 17

           5.   The Subpoena Fails To Specify The Witness And Identifies No Topics For Examination ..................................................................... 17

      B.   Defendant Does Not Meet The Standard For Allowing Depositions Of Current Or Former Opposing Counsel .......................................................... 18

IV.   CONCLUSION ................................................................................................. 21

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Fed. Of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*,
277 F.R.D. 474 (S.D. Fla. 2011) ...................................................................................18, 19

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
2016 WL 5469257 (E.D. Cal. Sept. 29, 2016) ....................................................................14

*CF & I Steel Corp v. Mitsui & Co.*,
713 F.2d 494 (9th Cir. 1983) ..............................................................................................16

*D'Amico v. N & D Restaurants, LLC*,
2025 WL 3158124 (C.D. Cal. Sept. 24, 2025) ....................................................................16

*Duong v. Groundhog Enters., Inc.*,
2020 WL 2041939 (C.D. Cal. Feb. 28, 2020) ......................................................................20

*Effinger v. Ancient Organics LLC*,
2024 WL 3643395 (N.D. Cal. Aug. 2, 2024) .......................................................................13

*Friends of Riverside Airport, LLC v. Dep't of the Army*,
2021 WL 401209 (C.D. Cal. Jan. 14, 2021) ...................................................................18, 19

*Fujikura Ltd. v. Finisar Corp.*,
2015 WL 5782351 (N.D. Cal. Oct. 5, 2015) ............................................................15, 16, 17

*Handel v. Rhoe*,
2015 WL 6127271 (S.D. Cal. Oct. 16, 2015) .......................................................................17

*In re Subpoena Issued to Dennis Friedman*,
350 F.3d 65 (2d Cir. 2003) ..................................................................................................19

*j2 Global, Inc. v. Fax87.Com*,
2014 WL 462832 (C.D. Cal. Feb. 5, 2014) ....................................................................15, 16

*Jenkins v. City of Los Angeles*,
2025 WL 2019789 (C.D. Cal. Jan. 6, 2025) ........................................................................17

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992)................................................................................................17

*LA Printex Indus., Inc. v. VF Corp.*,
2014 WL 12587037 (C.D. Cal. Jan. 14, 2014) ...............................................................18, 20

*LionHead Glob. No 2, LLC v. Todd Reed, Inc.*,
  2020 WL 10692515 (C.D. Cal. Dec. 14, 2020) ..................................................................18

*Mirana v. Battery TaiShing Corp.*,
  2009 WL 290459 (N.D. Cal. Feb. 5, 2009).........................................................................17

*Monster Energy Co v. Vital Pharm, Inc.*,
  2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) .........................................................18, 19, 20

*Pochiro v. Prudential Ins. Co. of Am.*,
  827 F.2d 1246 (9th Cir.1987).............................................................................................16

*Produce v. Cal. Harvest Healthy Foods Ranch Market*,
  2012 WL 259575 (N.D. Cal. Jan. 27, 2012) ......................................................................15

*Scott v. Keller*,
  2010 WL 1267772 (E.D. Cal. March 31, 2010)...................................................................17

*Shelton v. Am. Motors Corp.*,
  805 F.2d 1323 (8th Cir. 1986).............................................................................................19

*Wallis v. Centennial Ins. Co.*,
  2013 WL 434441 (E.D. Cal. Feb. 1, 2013) .........................................................................16

**Statutes**

28 U.S.C. § 1821(b)..................................................................................................................13

Cal. Civ. Proc. Code § 415.20(b) .............................................................................................15

**Rules**

Cal. Rule of Professional Conduct 3-700(A)(2) ..........................................................................5

Fed. R. Civ. P. 7(b)(1) ..............................................................................................................17

Fed. R. Civ. P. 30(b)(6) .......................................................................................................18, 20

Fed. R. Civ. P. 45 ..........................................................................................................15, 16, 17

Fed. R. Civ. P. 45(b)(1) .........................................................................................................14, 16

Fed. R. Civ. P. 45(d)(3) ............................................................................................................1, 14

**Other Authorities**

9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ..............................................................................15

## I.      Introduction

Non-parties Yeremey O. Krivoshey and the law firm Smith Krivoshey, PC seek the Court's assistance to quash a subpoena in a case they withdrew from in 2024. A year and a half following their withdrawal from *Patel et al. v. GT's Living Foods, LLC,* Case No. 2:19-cv-10920-FMO-DSR (C.D. Cal.), Defendant GT's Living Foods has served a subpoena on Mr. Krivoshey and apparently Mr. Krivoshey's law firm, Smith Krivoshey, PC seeking all communications between Mr. Krivoshey/Smith Krivoshey, P.C., and current counsel for plaintiffs in that matter, Dovel & Luner LLP. The subpoena is an abuse of the discovery process, has been served solely for harassment, and should be quashed due to a myriad procedural and substantive defects.

Mr. Krivoshey, then with the law firm Bursor & Fisher, P.A., was counsel for plaintiffs in *Patel* between the inception of the case in December 2019 and August 2024. *Patel* is a putative class action concerning the alleged unlawful sale of kombucha (fermented tea) beverages. At least while Mr. Krivoshey was involved, the litigation was extremely contentious. Fact discovery closed in April 2021, and the parties finished briefing class certification in August 2021.  Judge Fernando M. Olguin ultimately issued an order denying Plaintiffs' motion for class certification without prejudice on June 21, 2024. In the class certification order, Judge Olguin raised potential adequacy and typicality issues affecting Bursor & Fisher stemming from its settlement of a different class action concerning GT's Kombucha products in 2017. Judge Olguin ultimately never issued a formal ruling on any of the Rule 23(a) (including adequacy of counsel) or 23(b) factors, instead asking that those issues be further address in a renewed motion for class certification.

In February 2024, shortly before Judge Olguin's class certification ruling, Mr. Krivoshey left Bursor & Fisher, P.A. and founded the law firm Smith Krivoshey, PC. Mr. Krivoshey, Smith Krivoshey PC, and Bursor & Fisher, P.A. remained counsel of record after Mr. Krivoshey's departure. However, immediately following Judge Olguin's class certification ruling, the plaintiffs set out to find additional counsel, ultimately retaining Dovel & Luner in mid-July 2024. Within weeks of Dovel & Luner's retention and appearance, in early August 2024, Mr. Krivoshey, Smith Krivoshey, PC and Bursor & Fisher, P.A. withdrew from the case. Dovel & Luner stayed on as lead

---

counsel following the withdrawals. In total, Smith Krivoshey, PC was counsel of record only from February until August 2024.

Before withdrawing, in July 2024, Smith Krivoshey, PC executed two successive agreements governing the litigation with Dovel & Luner, with the second agreement superseding the first agreement. The operative agreement states that Smith Krivoshey, PC would withdraw, that they would provide the litigation file to Dovel & Luner, that they would have no responsibility for costs going forward, that Dovel & Luner would be sole lead counsel, and that Smith Krivoshey would have no role. Smith Krivoshey preserved the right to seek fees and costs for their time in the case, subject to Court approval, if there were ever a recovery. Both of these agreements have been turned over to Defendant.

When Mr. Krivoshey and Smith Krivoshey were in the process of withdrawing, Defendant made several pointed comments to the effect that they could "not believe" that Mr. Krivoshey would actually withdraw and not control the case from the background. Mr. Krivoshey assured them that he would not, and held true to his word. Neither Mr. Krivoshey nor Smith Krivoshey have a continuing role in the litigation following their withdrawal and assisting Dovel & Luner with the transition. It appears that Defendant has retained this belief that Mr. Krivoshey has not truly "withdrawn," a year and a half after his withdrawal.

One of the many problems for Defendant is that fact discovery has closed, other than limited discovery concerning the named Plaintiffs, which shall be completed by March 5, 2026. It appears that Defendant has resorted to scorched-earth tactics in anticipation of the close of this limited discovery, blatantly serving subpoenas in violation of the case management order limiting discovery to the named Plaintiffs. Since January 29, 2026, Defendant has attempted to serve subpoenas on 1) Mr. Krivoshey at his personal residence in Louisville, Kentucky, 2) Mr. Krivoshey through the registered agent of the Smith Krivoshey, PC law firm in Sacramento, California, 3) Bursor & Fisher, P.A., 4) Dovel & Luner, and 5) Ahdoot and Wolfson, PC, another law firm representing the current Plaintiffs in the litigation. All of the subpoenas seek identical information – they seek all communications between the law firms concerning the litigation, and seek any putative secret

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

2

agreements between the law firms. As discussed above, all agreements between the law firms have already been produced. There are no "secret" deals. The subpoenas rest on pure speculation.

The subpoena suffers from a host of procedural and substantive problems, each of which is independently sufficient to quash the subpoena. The subpoena has never been served on Mr. Krivoshey. Defendant did not provide notice to the other parties in the litigation prior to service (or, apparently, after service). Defendant did not tender fees for appearance at the deposition. The subpoena does not list any topics for deposition. The deposition is directed at Mr. Krivoshey, but seeks documents from Smith Krivoshey, PC, the law firm. The subpoena exclusively seeks information and documents protected by attorney client privilege and the work product doctrine. And, as noted above, the subpoena violates the scheduling order in the *Patel* case because fact discovery closed years ago.

The subpoena also seeks documents that are fully available to Plaintiffs in the action through their present law firm, Dovel & Luner. By definition, communications between Smith Krivoshey, PC and any agreements between the two firms, are equally available to Dovel & Luner. At the meet and confer call concerning this motion, Defendant could not identify a single document or piece of information possessed by Smith Krivoshey, PC or Mr. Krivoshey that is not in the possession of Dovel & Luner and the Plaintiffs in the litigation. Nor could Defendant identify any agreement between Dovel & Luner and Smith Krivoshey that has not already been produced. What else, then, could Defendant even be looking for? Defendant refused to say.

## II.    Facts

### A.    Background Regarding the *Patel et al v. GT's Living Foods, LLC* Litigation

The *Patel et al. v. GT's Living Foods, LLC* action was filed in December 2019 by Plaintiffs Sharpe, DiGennaro, Leder, Weiler by the Bursor & Fisher, P.A. and Westerman Law Corp. law firms. *See Patel,* C.D. Cal. Case No. 2:19-cv-10920-FMO-GJS, ECF No. 1. The case was filed as a putative class action concerning Defendant's allegedly misleading and unlawful sale of kombucha (a type of fermented tea) beverages. The parties completed all fact and expert discovery, with fact discovery

formally closing on April 30, 2021 and expert discovery closing on August 2, 2021. ECF No. 62.[1] The parties finishing briefing class certification in August 2021. ECF Nos. 62 103, 104. The matter was largely inactive until the court issued a decision on the pending motion for class certification. Judge Fernando M. Olguin issued an order denying Plaintiffs' motion for class certification without prejudice on June 21, 2024. ECF No. 129. For the most part, did not reach the merits of class certification, but instead was focused on putative concerns from Bursor & Fisher's involvement in a prior settlement concerning similar claims against Defendant and the potential that the claims of the Plaintiffs (Sharpe, DiGennaro, Leder, and Weiler) may be foreclosed because they were absent class members in the prior litigation. *Id*. The district court never found that either Plaintiffs, Bursor & Fisher, or any individual counsel were inadequate, but did request that any subsequent motion for class certification address adequacy concerns raised by the Court. *Id*., at 6.

  **B.**  **Smith Krivoshey P.C.'s Approximately 5-Month Long Involvement In This Case**

  Smith Krivoshey's founding partners – Yeremey Krivoshey and Joel Smith – were partners at Bursor & Fisher, P.A. when the *Patel* matter was first filed. Krivoshey Decl., ¶ 2. Mr. Krivoshey represented former Plaintiffs Sharpe, DiGennaro, Leder, Weiler in this case while he was a partner at Bursor & Fisher. *Id.* In late February 2024, Mr. Krivoshey and Mr. Smith left Bursor & Fisher to start their own firm. *Id.* ¶ 3. Yeremey Krivoshey filed a notice of change of firm affiliation and remained an attorney of record in the case for approximately five months more. *Id.*; *see also* ECF Nos. 125, 128. As discussed above, just four months after Mr. Krivoshey's move to Smith Krivoshey, the Court issued its class certification order in June 2024. *Id.* ¶ 4; *see also* ECF No. 129.

  Immediately following the Court's class certification ruling, Plaintiffs Sharpe, DiGennaro, Leder, and Weiler began searching for additional or substitute counsel to address the Court's concerns. *Id.* ¶ 4. Less than a month after the Court's class certification ruling, Plaintiffs Sharpe, DiGennaro, Leder, and Weiler retained counsel at Dovel & Luner LLP, who promptly appeared on the docket on July 18, 2024. *Id.*; *see also* ECF Nos. 130, 131.

---

[1] "ECF" references here are to the docket in the *Patel* matter.

Two days before Dovel & Luner LLP filed their notices of appearance, on July 16, 2024, Smith Krivoshey executed a written agreement with Dovel & Luner that: (a) superseded an earlier Joint Prosecution Agreement dated July 9, 2024; (b) memorialized that Dovel & Luner would be responsible for all aspects of the litigation in this matter and act as lead counsel, with the Zimmerman firm remaining as counsel of record; (c) provided that Smith Krivoshey and Bursor & Fisher would withdraw from the litigation and transfer all necessary case files to Dovel & Luner for continued litigation, (d) provided that any future costs would be borne and paid solely by Dovel & Luner, and (e) provided that in the event of a class recovery, Smith Krivoshey could seek court approval for fees for the law firm's time working on the matter, and only in an amount to be determined by the Court. *Id.* ¶ 5. The agreement had no "clear sailing" agreement or any other agreement between Smith Krivoshey and Dovel & Luner concerning fees. *Id*.

Smith Krivoshey has been informed that the July 9, 2024 and July 16, 2024 agreements between Smith Krivoshey and Dovel & Luner were produced in this matter by Dovel & Luner. *Id.* ¶ 6.

On August 6, 2024, Bursor & Fisher and Smith Krivoshey withdrew from the matter and were replaced by the law firm of Dovel & Luner. *See* ECF Nos. 130-31, 134, 136-37, 139-40. The Court approved the substitution of counsel on August 7, 2024. ECF Nos. 141-144.

After withdrawing from this matter in August 2024, nobody at Smith Krivoshey, including Mr. Krivoshey, has been involved in managing or consulting on the litigation in this matter, either publicly or behind the scenes. Krivoshey Decl., ¶ 8. Nobody at Smith Krivoshey has reviewed or had any insight concerning draft briefs, has participated in or had any insight concerning potential resolution or settlement, or participated in any decision making. *Id.* As required by the July 16, 2024 JPA and the ethical rules, Mr. Krivoshey has had no role in the litigation aside from transferring the case files to Dovel & Luner and assisting with the transition of new counsel. *See* Cal. Rule of Professional Conduct 3-700(A)(2); ABA Rule 1.16; Krivoshey Decl. ¶ 9.

### C.    Fact Discovery Closed In April 2021, Except For "Limited Discovery As To Newly Added Named Plaintiffs"

As discussed above, fact discovery closed on April 30, 2021. ECF No. 62. On August 7, 2024, after Smith Krivoshey sought to withdraw, Dovel & Luner filed a motion to amend the complaint to add additional, new putative class representatives. ECF No. 150. On December 17, 2024, Judge Olguin granted the request. ECF No. 167. Dovel & Luner then filed an amended complaint that same day, adding Plaintiffs Amit Patel, Lauren Schmidt, and Christopher Nunez. ECF No. 168. On September 30, 2025, Judge Olguin granted and denied in part Defendant's motion to dismiss the new complaint. ECF No. 178. Judge Olguin granted the motion to dismiss as to Plaintiffs Sharpe, Weiler, Leder, and DiGennaro, meaning that the only parties Mr. Krivoshey or Smith Krivoshey had ever represented in this litigation were no longer parties in the litigation as of September 30, 2025. *Id.*

Because fact discovery had formally closed the prior year, on April 30, 2021, Judge Olguin issued an order on October 23, 2025 allowing discovery "related solely to the newly added named plaintiffs" to be completed by December 29, 2025. ECF No. 180. All other discovery remained closed. The parties then filed stipulations for brief extension, and Judge Olguin extended this limited discovery concerning the "newly named Plaintiffs" *Id*. In November 2025 Defendant made the first of two extension requests, and when it did so, it acknowledged that the then-operative December 29 deadline was "***for limited discovery as to the newly added named Plaintiffs***." ECF No. at 1:11-12 (emphasis added). Defendant did not state that it intended to subpoena third parties and did not ask the Court to expand the scope of the "limited discovery" to cover third party subpoenas. The Court later approved the stipulation, extending the discovery deadline to January 29, 2026, but again stating that discovery would "relate[] solely to the newly added named plaintiffs." ECF No. 183.

On December 18, 2025, the parties filed a second request to extend the discovery deadline, this time to March 5, 2026, and once again, only for the purpose of "complet[ing] remaining discovery related to the newly added plaintiffs." ECF No. 184 at 1:7. Defendant did not ask for leave to serve subpoenas on third parties and emphasized that it had been "diligent" and "moved expeditiously to timely complete discovery." ECF No. at 2:1, 8. On December 23, 2025, the Court

granted the stipulation, once again stating, "[a]ny remaining discovery (related solely to the newly added named plaintiffs) shall be completed by **March 5, 2026**," and specifying the dates, times, and places for each remaining deposition. ECF No. 185 (bold in original).

### D.     The Subpoena Has Never Been Served On Mr. Krivoshey

Between February 2, 2026 and February 4, 2026, Defendant sent a process server to Mr. Krivoshey's personal residence in Louisville, Kentucky in what Mr. Krivoshey was later told by Defendant's counsel was an attempt to serve him with a subpoena in a personal capacity. Krivoshey Decl., ¶ 11. Mr. Krivoshey was never aware that the process server was at his house while the process server was there. *Id.* ¶ 12. The process server did not leave the subpoena at Mr. Krivoshey's residence, or otherwise provide the subpoena to any other person that then delivered the subpoena to Mr. Krivoshey. *Id*. On the meet and confer call regarding this motion, Defendant's counsel confirmed that the process server attempted to serve Mr. Krivoshey at his personal residence in Louisville, and confirmed that service was never completed. *Id.* However, Defendant's counsel refused to provide a copy of the subpoena that was attempted to be served, refused to say whether the subpoena has been withdrawn, refused to specify the listed date for compliance, and refused to say whether Defendant was still in the process of trying to serve the subpoena. *Id.* Defendant's counsel instructed Mr. Krivoshey to contact Dovel & Luner if he wanted to see the subpoena. Dovel & Luner then emailed the subpoena to Mr. Krivoshey on February 9, 2024, which is the first time Mr. Krivoshey had ever seen it. *Id.* ¶ 14. Mr. Krivoshey did not accept service via email. *Id*.

The subpoena that Defendant tried to serve on Mr. Krivoshey in Louisville, KY is made out "To: Yeremey Krivoshey Smith Krivoshey, PC 28 Geary Street, Suite 650 # 1507, San Francisco, CA 94108." *Id.* ¶¶ 15-16 and Exhibit A(2). The listed date of compliance was February 10, 2026. *Id*. There are no listed topics for the deposition. *Id*. The subpoena also has a request for production of documents, which defines "You" as "Yeremey O. Krivoshey." *Id*. Defendant has never told Mr. Krivoshey or Smith Krivoshey, PC whether the listed February 10, 2026 occurred, or was cancelled, despite repeated requests during the meet and confer on this motion. *Id.* ¶ 16.

On February 4, 2026, it appears that Defendant also tried to serve Mr. Krivoshey personally through Smith Krivoshey, PC's registered agent of process in California. Smith Krivoshey. PC's registered agent, Northwest Registered Agent, Inc., located in Sacramento, California, was served with a subpoena on February 4, 2026. *Id.* ¶ 17. Smith Krivoshey's only registered business address in California is 28 Geary Street, Suite 650 # 1507, San Francisco, CA 94108.

The subpoena served on Smith Krivoshey, PC's registered agent on February 4, 2026 states it is directed "To: Yeremey O. Krivoshey Smith Krivoshey, PC 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108." *Id.* ¶ 18 and Exhibit B. This is word for word identical to the subpoena Defendant attempted to serve on Mr. Krivoshey in Louisville, KY, as discussed above. The subpoena again identifies no topics of examination, as required for corporate deposition subpoenas. However, unlike the subpoena Defendant attempted to serve in Louisville, Kentucky at Mr. Krivoshey's personal residence, the subpoena served on Smith Krivoshey's registered agent defines "You" in the attached requests for production as "Smith Krivoshey, PC."

***During the meet and confer on this motion, Defendant's counsel explicitly clarified that the subpoena is intended for Yeremey Krivoshey, as an individual, and not for Smith Krivoshey, PC, the law firm.*** *Id.* ¶ 20. Mr. Krivoshey immediately instructed Defendant's counsel that he does not accept service through Smith Krivoshey, PC's California registered agent, and that he has not been personally served. *Id.* ¶ 21. Defendant's counsel, however, reiterated Defendant's position that service on Mr. Krivoshey in his individual capacity is effective through service on Smith Krivoshey, PC's California registered agent. *Id.*

Though Mr. Krivoshey is a California attorney, Mr. Krivoshey lives and works full time on a remote basis in Louisville, Kentucky. *Id.* ¶ 22. Mr. Krivoshey does not vote in California and does not own, rent, or lease any property in California. *Id.* Mr. Krivoshey has not resided in California since 2022. *Id.* The 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108 address is a virtual address Smith Krivoshey uses to accept and process mail and litigation documents. Mr. Krivoshey has never personally been to 28 Geary Street, Ste. 650 No. 1507, San

Francisco, CA 94108, or to the location Smith Krivoshey, PC's agent for service of process was served. *Id.* ¶ 22.

Smith Krivoshey, PC is not Mr. Krivoshey's alter ego. *Id.* ¶ 23. Smith Krivoshey, PC observes all required corporate formalities. *Id*. Smith Krivoshey, PC is jointly owned by Joel Smith and Yeremey Krivoshey. *Id*. All litigation files, including any files regarding this litigation, are strictly held within Smith Krivoshey, PC's files. Mr. Krivoshey does not keep any litigation files concerning this litigation in his personal capacity outside of Smith Krivoshey, PC's files. *Id*. All email correspondence concerning this litigation has always been conducted solely through a Smith Krivoshey, PC's email account, and not Mr. Krivoshey's personal email account. *Id*.

**E.     The February 4, 2026 Subpoena Seeks Testimony And Privileged Documents That Are Equally Available To Parties In The Litigation And That Have Already Been Provided**

The attached document requests seek 1) "All Communications between [Smith Krivoshey, PC] and [Dovel & Luner] related to this Action" and 2) "All Documents exchanged with and Communications between [Smith Krivoshey, PC] and [Dovel & Luner] Relating to any agreements governing representation of the putative class or Named Plaintiffs in the Action, including, but not limited to, joint prosecution agreements, agreements regarding sharing and payment of costs, agreements related to cost reimbursement and attorney's fees, agreements regarding litigation funding, and agreements governing decision making and disputes between counsel." Exhibit B to Krivoshey Decl.

There are many defects with these requests:

<u>First</u>, Defendant clarified that the subpoena is directed at Mr. Krivoshey in his personal capacity, but apparently seeks documents and information solely in possession of the law firm Smith Krivoshey. Again, any communications or agreements between Smith Krivoshey, PC and Dovel Luner are the property and in control of Smith Krivoshey, not Mr. Krivoshey personally.

<u>Second</u>, the requests seek attorney client privileged information and work product. The requests seek "all communications" between the Smith Krivoshey, PC and Dovel Luner law firms. As discussed above, Dovel & Luner appeared in the litigation on July 18, 2024, while Smith

Krivoshey withdrawal was approved by the Court on August 7, 2024. Smith Krivoshey assisted Dovel Luner with onboarding and transitioning on the case, including providing Dovel Luner with the entire litigation file. *See, e.g., Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 476 (N.D. Cal. Oct. 13, 2004) ("The documents at issue are communications between Polycom and its former *litigation* counsel; such communications lie at the core of what is protected by the attorney-client privilege.") (emphasis in original); Am. Bar Association Rule 1.6(20) ("The duty of confidentiality continues after the client-lawyer relationship has terminated."); *Id*., Rule 1.16 ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as … allowing time for employment of other counsel, surrendering papers and property to which the client is entitled"). There has been no suggestion that these privileges were somehow waived.

Third, every document and all information sought through the subpoena seeks information and documents available to Dovel & Luner, who represent actual *parties* in the litigation. By definition, the subpoena seeks information solely between Yeremey Krivoshey or Smith Krivoshey *and Dovel & Luner*. For instance, all communications between Smith Krivoshey and Dovel & Luner would be in the possession of Dovel & Luner to the same extent it is available to Smith Krivoshey. Any agreements between Smith Krivoshey and Dovel & Luner are, by definition, also in the possession of Dovel & Luner. And, as discussed above, all agreements between Dovel & Luner have already been produced to Defendant.

Further, Defendant has also subpoenaed Dovel & Luner seeking this identical information. Krivoshey Decl, ¶ 15, Ex. A. The information requested from Dovel & Luner appears word-for-word identical to the information requested from Smith Krivoshey. *Compare* Exs. 1 and 2 to Krivoshey Decl. Exs. A; Ex. B. During the meet and confer call corning this motion, Mr. Krivoshey *repeatedly* asked counsel for Defendant whether Defendant knew of a single document or any information that may be in the possession of Smith Krivoshey but not in the possession of Dovel & Luer. Krivoshey Decl, ¶ 41. Defendant's counsel at first refused to answer, but upon persistent questioning conceded that it was not aware of any such document or information at this time. *Id.*

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

10

Instead, Defendant represented that Defendant noticed the subpoenas such that the date for Dovel & Luner's deposition would precede the deposition for Mr. Krivoshey. *Id.* ¶¶ 40-41. According to Defendant, the depositions were noticed in such a manner so that if it came out in Dovel & Luner's deposition that they may not contain some documents or information that they believe is possessed by Smith Krivoshey, Defendant would then be able to obtain this missing information from Smith Krivoshey at the purportedly subsequently scheduled deposition. *Id*. This justification is false.

As seen in the January 29, 2026 Notice of Subpoenas, Defendant scheduled the time of compliance and dates of depositions in the following order:

February 10, 2026: deposition of Yeremey Krivoshey[2]

February 11, 2026: deposition of Bursor & Fisher

February 12, 2026: deposition of Dovel & Luner

February 20, 2026: deposition of Ahdoot and Wolfson, PC[3]

Exhibits 1-4 to Krivoshey Decl. Ex. A. In other words, Defendant intentionally scheduled the depositions such that former counsel – Yeremey Krivoshey and Bursor & Fisher – would be deposed *first*, prior to active counsel representing a party in the case.

The subpoena served on February 4, 2026 on Smith Krivoshey's registered agent lists the date of compliance and deposition for February 18, 2026. *See* Exhibit B to Krivoshey Decl. The meet and confer call regarding this motion occurred on February 9, 2026. Later that same day, Mr. Krivoshey learned from Dovel & Luner that the Dovel & Luner deposition had already been rescheduled for February 19, 2026 *prior to* the meet and confer call on this motion. Krivoshey Decl. ¶ 40. So, Defendant knew that Dovel & Luner was set to be deposed after the noticed date for Mr. Krivoshey's deposition, but misrepresented to counsel that Dovel & Luner's deposition would precede Mr. Krivoshey's deposition. *Id.* Defendant not only fabricated the justification for the

---

[2] This refers to the initial subpoena Defendant attempted to serve on Mr. Krivoshey at his residence in Louisville, KY.

[3] Ahdoot and Wolfson, PC is the new law firm of Jeff Westerman, previously of Westerman Law Corp (one of the original firms/attorneys representing the Plaintiffs in 2019). Mr. Westerman, now of Ahdoot and Wolfson, PC, remains counsel of record for the Plaintiff in the litigation.

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

11

deposition, but also misrepresented the sequence of deposition scheduling to mislead Mr. Krivoshey and Smith Krivoshey, PC. *Id.*

### F.    Defendant Does Not Provide Notice Of The Subpoena To The Parties In The Litigation

When Smith Krivoshey contacted all parties to schedule a meet and confer regarding this motion, counsel for Plaintiffs (Dovel & Luner) stated that they had not received notice from Defendant concerning the subpoena to Smith Krivoshey, but had only received notice of a subpoena to Mr. Krivoshey personally. *See id.* ¶ 24, Ex. C. Counsel for all parties were copied on these emails. It appears that Defendant did not respond to Dovel & Luner's concerns via email. *Id.*

On the meet and confer call regarding this motion on February 9, 2026, Smith Krivoshey's attorneys asked whether Defendant had provided notice of the February 4, 2026 subpoena served on Smith Krivoshey, PC to Dovel & Luner. *Id.* ¶ 25. As discussed above, the initial subpoena that Defendant attempted to serve in Louisville, KY scheduled the deposition for February 10, 2026. Dovel & Luner received notice of that subpoena. The February 4, 2026 subpoena served on Smith Krivoshey, PC scheduled the deposition for February 18, 2026. On the meet and confer call, Defendant's counsel stated that they did not serve this new subpoena on Dovel & Luner. *Id.* ¶¶ 25-26. According to Defendant, the two subpoenas were in effect the same subpoena but with modified dates, and Defendant was not under an obligation to notify Dovel & Luner of the new date for the February 18, 2026 deposition because it previously provided Dovel & Luner with notice of the February 10, 2026 deposition. *Id.*

The two subpoenas are *not* the same. The subpoena that Defendant attempted to serve in Louisville, KY (of which Dovel & Luner received notice) defined "You" as Yeremey Krivoshey personally. The February 4, 2026 subpoena served on Smith Krivoshey's registered agent defined "You" as Smith Krivoshey, PC, and had a different date for the deposition: February 18 instead of February 10. To this date, it does not appear that Defendant has given the parties in the litigation formal notice of the February 4, 2026 subpoena served on Smith Krivoshey, PC. *Id.* ¶ 26.

---

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

### G.      The Subpoena Does Not Provide Sufficient Time To Comply

The noticed deposition date was exactly 14 days after the date of service, February 18, 2026, at Davis Wright Tremaine's San Francisco office. Defendant's counsel knows and has worked with lawyers at Smith Krivoshey for many years and knows that Mr. Krivoshey does not live in California. Krivoshey Decl. ¶ 27. Indeed, Defendant simultaneously tried to serve Mr. Krivoshey at his residence in Louisville, KY. Defendant's counsel did not contact Mr. Krivoshey or anyone else at the law firm to discuss the subject of the subpoena, its timing, whether it was permissible under the case schedule, or whether Mr. Krivoshey or the law firm had any information that was not already available from the Plaintiffs or their counsel. *Id.* at ¶ 28. During the meet and confer, Defendant's counsel acknowledged that they had never contacted Plaintiff's counsel about coordinating the deposition.

In 2024, Defendant's counsel was admonished by another District Court for engaging in similar conduct. *See Effinger v. Ancient Organics LLC*, 2024 WL 3643395 at *1 (N.D. Cal. Aug. 2, 2024) ("Defendant's attempted service appears aimed at avoiding effective notice given that Defense counsel avoided making service by electronic means….Worse still, Defendant did not coordinate with Plaintiffs' counsel prior to issuing the deposition notices, and Defense counsel did not contact Plaintiffs' counsel about the missed depositions until the week after they were supposed to take place. None of this conduct reveals a meaningful effort to schedule and complete depositions, and it falls short of the effective notice required by Rule 5").

### H.      Defendant Did Not Pay Required Fees

Rule 45(b)(1) requires that if a subpoena requires a person's attendance, the process server shall tender "the fees for 1 day's attendance and the mileage allowed by law." 28 U.S.C. § 1821(b) specifies that attendance fees shall be $40 "per day for each day's attendance." According to Smith Krivoshey's registered agent, Defendant did not tender fees at the time of service. Krivoshey Decl. ¶ 29. Neither Smith Krivoshey nor Yeremey Krivoshey have otherwise received or been served with the required fees. *Id*.

### I.     The Subpoena Is Unduly Burdensome

Smith Krivoshey and Dovel Luner have engaged as cocounsel or been involved in wholly several completely unrelated matters since at least March 2024, almost immediately after the launch of Smith Krivoshey. Krivoshey Decl. ¶ 30. Some of these matters have closed, while at least one other remains pending. *Id*. A preliminary search shows there are many hundreds of emails between attorneys and staff at the two law firms concerning the matters. *Id*. ¶ 31. It would be unduly burdensome for Smith Krivoshey (or Yeremey Krivoshey) to review, log, and search through these hundreds of communications to weed out potentially responsive documents related solely to the present litigation. *Id*. There is also no justification for the burden given that Dovel & Luner by definition also possesses the same communications and documents, and remains active in the ongoing litigation.

### III.     Argument

A court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). "[M]ore generally, the court can quash the subpoena if it is invalid or procedurally defective." *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 5469257, at \*1 (E.D. Cal. Sept. 29, 2016). As discussed below, there are numerous independent reasons to quash this subpoena.

### A.     The Subpoena Is Procedurally Defective

#### 1.     The Subpoena Was Never Served On Mr. Krivoshey

Though the language of the subpoena is ambiguous, Defendant stated during the parties meet and confer call that the subpoena is directed at Yeremey Krivoshey individually, and not Smith Krivoshey, PC, the law firm. Krivoshey Decl. ¶ 20. However, it is undisputed that Mr. Krivoshey has never been served. The subpoena should be quashed on this basis alone.

Rule 45(b)(1) provides, in relevant part, that "[s]erving a subpoena requires delivering a copy to the named person[.]" "The majority of courts understand 'delivering' to require personal service

---

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

14

of the subpoena." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). "Thus, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness and unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice." *Id.* (cleaned up, quotations omitted). While a "minority" of courts may allow substitute service, none was requested or obtained in this litigation. *See id.*; Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("However, courts that do permit alternative forms of service, notably those in the Second Circuit, typically require that the alternative service be authorized by a court prior to service").

As discussed above, Mr. Krivoshey was never served personally. Though Defendant apparently sent a process server to Mr. Krivoshey's personal residence in Louisville, KY, service was never completed. Defendant then pivoted and served the registered agent of Smith Krivoshey, PC in California, which is not the subject of the subpoena according to Defendant.

Service under Rule 45 is far stricter than service under Rule 4 and Rule 5, which allows for alternative service in a broad range of contexts. *See Fujikura Ltd.*, 2015 WL 5782351, at *5 (discussing service pursuant to Rule 45); *Produce v. Cal. Harvest Healthy Foods Ranch Market*, 2012 WL 259575, at *2-4 (N.D. Cal. Jan. 27, 2012) (discussing when a summons may be served by alternative means under Cal. Civ. Proc. Code § 415.20(b) and Rule 4(e)(1)); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) (discussing that service is more strict under Rule 45 than Rule 4). Unlike Rule 4, which may permit service at an individual's workplace under some circumstances, Rule 45 explicitly requires that the individual being subpoenaed receive service *personally*. *See gen. Fujikura Ltd.*, 2015 WL 5782351, at *6 (stating that Rule 4 caselaw for alternative service does not apply to Rule 45 subpoenas because Rule 45 requirements are more strict).

It appears that Defendant believes it is proper to serve Mr. Krivoshey personally through the registered agent for his law firm, Smith Krivoshey, PC. But Smith Krivoshey, PC is not Mr. Krivoshey's alter ego. *See, e.g., j2 Global, Inc. v. Fax87.Com*, 2014 WL 462832, at *3 (C.D. Cal. Feb. 5, 2014) ("Service on a defendant's alter ego may constitute service on defendant himself. However, in the instant Complaint, j2 has not made sufficient factual allegations to support an alter

ego theory.") (citation omitted). The mere fact that Mr. Krivoshey is a co-founder of Smith Krivoshey, PC does not mean that the firm is his alter ego or that service is proper through the law firm's agent. *See id*. at *4 ("Here, j2 has alleged no relevant facts in support of its alter ego theory. Indeed, although the Complaint asserts that Fani and MJF are alter egos, the only supporting factual allegations are that 'Defendant Farjad Fani is the sole officer of Matt Johnson Finance, Inc. and purports to be the founder ofFax87.com.' These allegations are insufficient to plausibly support a finding that MJF and Fani are alter egos. Nor do they suggest that there is as-yet-undiscovered evidence that would support such a finding.") (citation omitted).

Courts have been clear that service of an agent or a representative of a corporation does not satisfy service on an owner of that corporation in their individual capacity. *See, e.g., D'Amico v. N & D Restaurants, LLC*, 2025 WL 3158124, at *2-3 (C.D. Cal. Sept. 24, 2025) (noting that while service of subpoena on an employee at a business called 7-Eleven Corporation, An Mehboob Corporation, which was owned by Amad Mehboob, may be proper service as to the corporation, it is not proper service under Rule 45 as to Mr. Mehboob in his individual capacity); *Fujikura Ltd*., 2015 WL 5782351, at *5-7 (holding that under Rule 45, service of subsidiary not effective as service on the parent corporation, even where the subsidiary may be considered the parent's "general manager" and service under Rule 4 would be proper).

Nor is the fact that Mr. Krivoshey represented by Smith Krivoshey, PC for the purposes of this motion suggest that notice is effective by service on his attorneys. *Pochiro v. Prudential Ins. Co. of Am*., 827 F.2d 1246, 1248–49 (9th Cir.1987) (service on attorney under Rule 4 is insufficient unless attorney had actual authority from client to accept service on client's behalf).

### 2.    Defendant Never Tendered Fees

Defendant never tender fees required by Rule 45(b)(1). Krivoshey Decl., ¶ 29. "A failure to tender fees at the time of service invalidates the subpoena and the deposition testimony will not be compelled." *Wallis v. Centennial Ins. Co*., 2013 WL 434441, at *4 (E.D. Cal. Feb. 1, 2013) (quashing deposition subpoena where plaintiff failed to tender requisite witness fees until after service (citation omitted); *see also CF & I Steel Corp v. Mitsui & Co*., 713 F.2d 494, 495 (9th Cir. 1983) (finding tender of fees 34 days after service and one week after notice of deficiency could not

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

16

cure defect); *Mirana v. Battery TaiShing Corp.*, No. C 08-80142 MISC. JF (RS), 2009 WL 290459, at *1 (N.D. Cal. Feb. 5, 2009) (quashing subpoena for failure to tender witness fees upon service).

### 3.    Defendant Did Not Provide Notice To The Parties

"Rule 45 requires that a subpoena calling for the production of documents be served on each party before it is served on the third party." *Fujikura Ltd.*, 2015 WL 5782351, at *4. As discussed above, there is evidence that Defendant did not provide notice of the February 4, 2026 subpoena served on Smith Krivoshey, PC's registered agent to current counsel for Plaintiffs.

### 4.    The Subpoena Violates The Court's Scheduling Order

A scheduling order "is the heart of case management," and once it is entered, it "controls the course of the action unless the court modifies it." *Jenkins v. City of Los Angeles*, 2025 WL 2019789, at *2 (C.D. Cal. Jan. 6, 2025) (internal quotation and citations omitted). A scheduling order "may be modified only for good cause," and the "good cause" standard "'primarily considers the diligence of the party seeking the amendment.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A noticed motion is required to alter a case schedule. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion"); *Handel v. Rhoe*, 2015 WL 6127271 at *3 (S.D. Cal. Oct. 16, 2015) (failure to move to amend the scheduling order is "adequate grounds" to deny relief from that order).

Here, as shown in Section II.B, Defendant acknowledges that discovery is "limited discovery as to the newly added named Plaintiffs," and it never sought leave from the Court to expand those limitations to third party subpoenas. Nor can Defendant legitimately argue that there is "good cause" for an exception here, and in any event, such an argument for altering the case schedule must be made to the court in *Patel*.

### 5.    The Subpoena Fails To Specify The Witness And Identifies No Topics For Examination

The subpoena form requires the serving party to identify "the name of [the] person two whom this subpoena is directed." *See* Exhibit 1 to Krivoshey Decl. Failure to clearly identify the recipient of a discovery request renders such a request unenforceable. *See Scott v. Keller*, 2010 WL 1267772 at *1-2 (E.D. Cal. March 31, 2010) (denying motion to compel because "it

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

was unclear to whom these requests were directed"). Here, it is unclear whether the subpoena purports to be directed at Mr. Krivoshey or his law firm, because both are identified in the "To" line. And while Defendant's counsel represented orally that the intent was to serve Mr. Krivoshey, that does not cure the defect. Defendant may change its position and argue that the subpoena is really directed at the law firm as a way to solve the fact that it failed to personally serve Mr. Krivoshey.

Further, if the intention was to serve the law firm, Rule 30(b)(6) states that in a "notice *or subpoena*," a party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The subpoena form AO 88A includes a field where topics should be identified when a party seeks to depose a corporation, or parties may alternatively include them in an attachment. *See* Exhibit 1 at 1. Defendant's subpoena includes no topics of examination. *See id.*

### B.      Defendant Does Not Meet The Standard For Allowing Depositions Of Current Or Former Opposing Counsel

Numerous courts in this District have held that "depositions of an opposing party's attorney of record are generally disfavored and should be permitted only in limited circumstances." *E.g.*, *LA Printex Indus., Inc. v. VF Corp.*, 2014 WL 12587037, at *3 (C.D. Cal. Jan. 14, 2014) (internal quotation omitted).[4] This rule applies equally when—as here—a party seeks to depose "the former counsel of the opposing party." *See Monster Energy Co v. Vital Pharm, Inc.*, 2020 WL 2405295 at *7 (C.D. Cal. Mar. 10, 2020) (quashing subpoena directed at former counsel). Discovery from counsel is disfavored due to "its potential disruptive effect on the attorney-client relationship and the adversarial process." *Id.* at *6. "'A client's fear that counsel may be deposed could chill a client's candor with counsel. Similarly, attorneys who fear they might eventually be deposed about their knowledge of documents or facts connected with a case 'may lead attorneys to shield themselves from relevant facts, thereby resulting in less effective representation.'" *Id.* (quoting *Am. Fed. Of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 479 (S.D. Fla. 2011)).

---

[4] *See also*, *e.g.*, *LionHead Glob. No 2, LLC v. Todd Reed, Inc.*, 2020 WL 10692515, at *1 (C.D. Cal. Dec. 14, 2020) (citing and following *LA Printex*); *Friends of Riverside Airport, LLC v. Dep't of the Army*, 2021 WL 401209, at *3 (C.D. Cal. Jan. 14, 2021) ("depositions of 'opposing counsel' are disfavored…").

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

18

Courts in this District apply one of two different tests for determining whether a party may depose an opposing party's counsel, although "[p]ractically speaking, the two approaches are only slightly different." *Id.* at *8 (internal quotation omitted). Under the *Shelton* standard, "the party seeking to depose opposing counsel must show that: "'(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Id.* at *7 (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Alternatively, the *Friedman* test "considers all the relevant facts and circumstances, including the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.* (cleaned up; explaining *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003)). Both standards support the motion to quash here.

Defendant cannot satisfy a single prong under the *Shelton* test, (1) there are other means to obtain the information other than deposing Mr. Krivoshey (or his law firm), (2) the information sought is privileged, and (3) the information is not crucial to the preparation of the case. As discussed above, all available documents and information, to the extent relevant at all, are also in the possession of Dovel & Luner and Plaintiffs in the pending litigation. *See*, *e.g.*, *Friends of Riverside Airport*, 2021 WL 401209, at *4 (granting motion to quash deposition subpoena of attorney because "other means exist to obtain the information sought"). Defendant was not able to identify a single document or any information that may be in the possession of Mr. Krivoshey or Smith Krivoshey, PC that is not available or in possession of Dovel & Luner.

The information is clearly privileged – it seeks all communications amongst litigation counsel, including communications while both sets of counsel were counsel of record and for communications whereby Smith Krivoshey, PC transferred the case file to Dovel & Luner upon their withdrawal. The only agreements between Dovel & Luner and Smith Krivoshey have already been produced. After withdrawal, Smith Krivoshey, PC was not involved in the litigation, and Defendant has presented no evidence that it was.

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

19

The information also is not crucial to the preparation of the case. If it were, Defendant would not have waited to seek it until weeks before the close of the fact discovery deadline, and would have sought leave to open discovery beyond the named Plaintiffs. *See LA Printex*, 2014 WL 12587037 at *3 (faulting Defendant for waiting until the "imminent close of discovery" to seek an attorney's deposition). Indeed, in 2024, Defendant's counsel told Mr. Krivoshey that he does not believe that Mr. Krivoshey would just "walk away" from this case, and that he suspected that Mr. Krivoshey would remain in this case behind the scenes. Krivoshey Decl., ¶ 32. The suspicion was never founded, but Defendant has had a year and a half to explore that issue.

Defendant also cannot satisfy the *Friedman* test. Smith Krivoshey has not been involved in the litigation in any capacity after their withdrawal beyond transferring the case file to Dovel & Luner and assisting with the transition. The operative JPA between Smith Krivoshey and Dovel & Luner is explicit that Dovel & Luner is sole lead counsel, that Smith Krivoshey has no role, and that all future costs are to be borne solely by Dovel & Luner. Defendant's speculation of Smith Krivoshey's involvement behind the scenes after their withdrawal, or some secret "side deal" between the firms is just that: pure speculation. *See Duong v. Groundhog Enters., Inc.*, 2020 WL 2041939, at *10 (C.D. Cal. Feb. 28, 2020) (sanctions where subpoena was based on "nothing more than speculation"). Further, Defendant does not have leave to pursue this subpoena as discovery is closed (other than the named Plaintiffs' depositions). And, the potential for encountering privilege and work product issues is extreme – every document and all information sought through the subpoena are privileged and subject to work product protection.

To the extent Defendant seeks additional non-privileged information not available from Plaintiffs or their counsel, Defendant has not disclosed what the nature of that information is in the subpoena, and Mr. Krivoshey and Smith Krivoshey, PC are not aware of any. Putting aside the failure to comply with Rule 30(b)(6), Defendant cannot meet its burden of showing that any other information it may be seeking is "crucial to the preparation of the case" when it fails to disclose what that information is. *See Monster Energy*, 2020 WL 2405295 at *13 (granting motion to quash because the subpoenaing party failed to show the information sought was crucial).

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

20

**IV.    Conclusion**

The Court should quash this subpoena. Given Defendant's egregious abuse of the discovery process, gamesmanship, misrepresentations during the meet and confer process, and utter lack of professionalism, Mr. Krivoshey and Smith Krivoshey, PC also asks that the Court admonish Defendant and their counsel. Mr. Krivoshey and Smith Krivoshey, PC will also seek fees and/or other sanctions via separate motion.

Dated:  February 11, 2026                          Respectfully submitted,

                                                                    /s/    Yeremey Krivoshey

                                                                   **SMITH KRIVOSHEY, PC**
                                                                   Yeremey O. Krivoshey
                                                                   (State Bar No. 295032)
                                                                   28 Geary Street Suite 650 #1507
                                                                   San Francisco, CA 94108
                                                                   Phone: 415-839-7000
                                                                   E-Mail:  yeremey@skclassactions.com

                                                                   **SMITH KRIVOSHEY, PC**
                                                                   Joel D. Smith (State Bar No. 244902)
                                                                   867 Boylston Street, 5th Floor, Ste. 1520
                                                                   Boston, MA 02116
                                                                   Phone: 617-377-7404
                                                                   E-Mail:  joel@skclassactions.com

                                                                   *Attorneys for Non-Parties Yeremey O.*

                                                                    *Krivoshey and Smith Krivoshey, PC*

NON-PARTY MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

21