**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*Attorneys for Non-Parties Yeremey O.*
*Krivoshey and Smith Krivoshey, PC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and all Others Similarly Situated,<br><br>                                    Plaintiffs,<br>        v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>                                    Defendant. | Misc Case No.<br><br>(Case No. 2:19-cv-10920-FMO-GJS Pending in the Central District of California)<br><br>**DECLARATION OF YEREMEY KRIVOSHEY IN SUPPORT OF MOTION OF NON-PARTIES YEREMEY O. KRIVOSHEY AND SMITH KRIVOSHEY, P.C. TO QUASH DEPOSITION SUBPOENA**<br><br>Date:<br>Time:<br>Courtroom:<br><br>Judge: |

KRIVOSHEY DECL. ISO NON-PARTY MOTION TO QUASH SUBPOENA

I, Yeremey O. Krivoshey, declare as follows:

1.    I am member of the bar of this Court, and a partner at Smith Krivoshey, PC.  I have personal knowledge of the matters set forth herein, and if called upon to do so, would and could testify competently thereto.  I offer this declaration in support of the Motion of Non-Parties Yeremey O. Krivoshey and Smith Krivoshey, P.C. to Quash Deposition Subpoena.

### After Withdrawing from this Case, Smith Krivoshey Has Had No Role In Managing Or Directing The Litigation On Behalf Of Plaintiffs In Patel

2.    When the *Patel* matter was filed, Smith Krivoshey's founding partners –Joel Smith and I– were partners at Bursor & Fisher, P.A. I represented former Plaintiffs Sharpe, DiGennaro, Leder, Weiler in the *Patel* case while I was a partner at Bursor & Fisher.

3.    In late February 2024, Mr. Smith and I left Bursor & Fisher to start our own firm. I filed a notice of change of firm affiliation and remained an attorney of record in the case for approximately five months more.

4.    Four months after my move to Smith Krivoshey, the Court issued its class certification order in June 2024. Dkt. 129. Immediately following the Court's class certification ruling, Plaintiffs Sharpe, DiGennaro, Leder, and Weiler began searching for additional or substitute counsel to address the Court's concerns. Less than a month after the Court's class certification ruling, Plaintiffs Sharpe, DiGennaro, Leder, and Weiler retained counsel at Dovel & Luner LLP, who promptly appeared on the docket on July 18, 2024.

5.    Two days before Dovel & Luner LLP filed their notices of appearance, on July 16, 2024, Smith Krivoshey executed a written agreement with Dovel & Luner that: (a) superseded an earlier Joint Prosecution Agreement dated July 9, 2024; (b) memorialized that Dovel & Luner would be responsible for all aspects of the litigation in this matter and act as lead counsel, with the Zimmerman firm remaining as counsel of record; (c) provided that Smith Krivoshey and Bursor & Fisher would withdraw from the litigation and transfer all necessary case files to Dovel & Luner for continued litigation, (d) provided that any future costs would be borne and paid solely by Dovel & Luner, and (e) provided that in the event of a class recovery, Smith Krivoshey could seek court approval for fees for the law firm's time working on the matter, and only in an amount

to be determined by the Court. The agreement had no "clear sailing" agreement or any other agreement between Smith Krivoshey and Dovel & Luner concerning fees.

6.    I have been informed and believe that the July 9, 2024 and July 16, 2024 agreements between Smith Krivoshey and Dovel & Luner were produced in this matter by Dovel & Luner.

7.    On August 6, 2024, Bursor & Fisher and Smith Krivoshey withdrew from the matter and were replaced by the law firm of Dovel & Luner. *See* Dkts. 130-31, 134, 136-37, 139-40. The Court approved the substitution of counsel on August 7, 2024. ECF Nos. 141-144.

8.    After withdrawing from this matter in August 2024, nobody at Smith Krivoshey, including myself, has been involved in managing or consulting on the litigation in this matter, either publicly or behind the scenes. I have not reviewed or had any insight concerning draft briefs, participated in or had any insight concerning potential resolution or settlement, or participated in any decision making, and I have no reason to believe that anyone else at Smith Krivoshey has either.

9.    As required by the July 16, 2024 JPA and the ethical rules, I have had no role in the litigation aside from transferring the case files to Dovel & Luner and assisting with the transition of new counsel.

10.    There are no secret "side deals" between me or my law firm and Dovel & Luner regarding this matter.

### *Facts Concerning Non-Service Of The Subpoena*

11.    Between February 2, 2026 and February 4, 2026, Defendant sent a process server to my home in Louisville, Kentucky.

12.    I was never aware that the process server was at my house while the process server was there. The process server did not leave the subpoena at my residence, or otherwise provide the subpoena to any other person that then delivered the subpoena to me.

13.    During the meet and confer call regarding this motion, counsel for Defendant explained that this was an attempt to serve me with a subpoena in a personal capacity, and confirmed that service was never completed. However, Defendant's counsel refused to provide a

copy of the subpoena that was attempted to be served, refused to say whether the subpoena has been withdrawn, refused to specify the listed date for compliance, and refused to say whether Defendant was still in the process of trying to serve the subpoena.

14.    Defendant's counsel instructed me to contact Dovel & Luner if I wanted to see the subpoena. Dovel & Luner then emailed the subpoena to me on February 9, 2024, which is the first time I had ever seen it. I did not accept service via email.

15.    Attached as **Exhibit A** is the January 29, 2029 Defendant GT's Living Foods, LLC's Notice of Subpoenas to Testify at Depositions in the *Patel* matter. Attached to Exhibit A are four noticed subpoenas. **Exhibit 1** to Exhibit A appears to be the subpoena Defendant served on Dovel and Luner LLP. **Exhibit 2** to Exhibit A appears to be a subpoena Defendant tried (but failed) to serve on me personally in Louisville, KY. **Exhibit 3** to Exhibit A appears to be the subpoena served on Bursor & Fisher, P.A. **Exhibit 4** to Exhibit A appears to be the subpoena served on Ahdoot and Wolfson, PC.

16.    Exhibit 2 to Exhibit A is what I understand to be a true and correct copy of the subpoena that Defendant tried to serve on me in Louisville, Kentucky. It is made out "To: Yeremey Krivoshey Smith Krivoshey, PC 28 Geary Street, Suite 650 # 1507, San Francisco, CA 94108." The listed date of compliance was February 10, 2026. There are no listed topics for the deposition. The subpoena also has a request for production of documents, which defines "You" as "Yeremey O. Krivoshey." Defendant has never told me or Smith Krivoshey, PC whether the listed February 10, 2026 deposition occurred, or was cancelled, despite repeated requests during the meet and confer on this motion.

17.    On February 4, 2026, it appears that Defendant also tried to serve me personally through Smith Krivoshey, PC's registered agent of process in California. Smith Krivoshey, PC's registered agent, Northwest Registered Agent, Inc., located in Sacramento, California, was served with a subpoena on February 4, 2026. Smith Krivoshey's only registered business address in California is 28 Geary Street, Suite 650 # 1507, San Francisco, CA 94108.

18.    Attached as **Exhibit B** is a true and correct copy of the subpoena served on Smith Krivoshey, PC's registered agent on February 4, 2026. It states it is directed "To: Yeremey O.

Krivoshey Smith Krivoshey, PC 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108." The words "Smith Krivoshey, PC" are highlighted, but I do not know whether the highlighting is original, or was applied there by Smith Krivoshey, PC's registered agent. This subpoena is word for word identical to the subpoena Defendant attempted to serve on me in Louisville, Kentucky, as discussed above.

19.    The subpoena attached as Exhibit B again identifies no topics of examination, as required for corporate deposition subpoenas. However, unlike the subpoena Defendant attempted to serve at my personal residence, the subpoena served on Smith Krivoshey's registered agent defines "You" in the attached requests for production as "Smith Krivoshey, PC."

20.    During the meet and confer on this motion, Defendant's counsel explicitly clarified that the subpoena attached as Exhibit B is intended for me, as an individual, and not for Smith Krivoshey, PC, the law firm.

21.    In response, I immediately instructed Defendant's counsel that I do not accept service through Smith Krivoshey, PC's California registered agent, and that I have not been personally served. Defendant's counsel, however, reiterated its position that service on me in my individual capacity is effective through service on Smith Krivoshey, PC's California registered agent.

22.    Although I am licensed to practice law in California, I live and work full time on a remote basis in Louisville, Kentucky. I do not vote in California and do not own, rent, or lease any property in California. I have not resided in California since 2022. The 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108 address is a virtual address Smith Krivoshey uses to accept and process mail and litigation documents. I have never personally been to 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108, or to the location Smith Krivoshey, PC's agent for service of process was served.

23.    Smith Krivoshey, PC is not my alter ego. Smith Krivoshey, PC observes all required corporate formalities. Smith Krivoshey, PC is jointly owned by Joel Smith and Yeremey Krivoshey. All litigation files, including any files regarding this litigation, are strictly held within Smith Krivoshey, PC's files. I do not keep any litigation files concerning this litigation in my

KRIVOSHEY DECL. ISO NON-PARTY MOTION TO QUASH SUBPOENA

4

personal capacity outside of Smith Krivoshey, PC's files. All email correspondence concerning this litigation has always been conducted solely through Smith Krivoshey, PC's email account, and not my personal email account.

### *Other Defects Concerning The Subpoena*

24.     After Smith Krivoshey received the subpoena attached as Exhibit B, Joel Smith contacted counsel for Defendant to request a meet and confer regarding the subpoena, and cc'd counsel for Plaintiffs. Counsel for Plaintiffs (Dovel & Luner) stated that they had not received notice from Defendant concerning the subpoena to Smith Krivoshey, but had only received notice of a subpoena to Mr. Krivoshey personally. As far as I am aware, Defendant did not respond to Dovel & Luner's concerns via email. A true and correct copy of the email from Dovel & Luner concerning this issue is attached as **Exhibit C**.

25.     On the meet and confer call regarding this motion on February 9, 2026, Mr. Smith asked whether Defendant had provided notice of the February 4, 2026 subpoena served on Smith Krivoshey, PC to Dovel & Luner. Defendant's counsel stated that they did not serve this new subpoena on Dovel & Luner. According to Defendant's counsel, the two subpoenas were in effect the same subpoena but with modified dates, and Defendant was not under an obligation to notify Dovel & Luner of the new date for the February 18, 2026 deposition because it previously provided Dovel & Luner with notice of the February 10, 2026 deposition.

26.     As of the date of this declaration, I am unaware of any information that Defendant served formal notice on Plaintiffs concerning the February 18, 2026, deposition date.

27.     Defendant's counsel knows and has worked with me and other lawyers at Smith Krivoshey for many years and knows that I do not live in California.

28.     Prior to attempting to serve the subpoena at my home and later sending the subpoena to the law firm's agent for service of process, Defendant's counsel did not contact me or anyone else at the law firm to discuss the subject of the subpoena, its timing, whether it was permissible under the case schedule, or whether I or anyone else at the law firm had any information that was not already available from the Plaintiffs or their counsel.

29.     On February 11, 2026, Joel Smith informed me that he contacted the law firm's

KRIVOSHEY DECL. ISO NON-PARTY MOTION TO QUASH SUBPOENA

5

registered agent to see if fees had been tendered with the subpoena that the agent had received. Our agent confirmed on that day that no fees had been tendered with the subpoena.

30.     Smith Krivoshey and Dovel Luner have engaged as cocounsel or been involved in several completely unrelated matters since at least March 2024, almost immediately after the launch of Smith Krivoshey. Some of these matters have closed, while at least one other remains pending.

31.     A preliminary search shows there are many hundreds of emails between attorneys and staff at the two law firms concerning the matters. *Id*. It would be unduly burdensome for Smith Krivoshey (or me) to review, log, and search through these hundreds of communications to weed out potentially responsive documents related solely to the present litigation.

32.     In 2024, Defendant's counsel told me that they do not believe that I would just "walk away" from this case, and that they suspected that I would remain in this case behind the scenes.

### The Meet and Confer Concerning The Subpoena

33.     The meet and confer that preceded this motion occurred on February 9, 2026, at 2 pm ET. The call lasted approximately 24 minutes.

34.     I attended the call with Joel D. Smith.

35.     Joseph Elie-Myers attended the call on behalf of the Defendant.

36.     The parties discussed numerous issues during the call, including service of the subpoena, whether fact discovery remained open when the subpoena was served, the timing of the subpoena, the nature of the information sought and whether that information could be obtained from the parties in this matter, whether Dovel & Luner has already provided some or all of the requested information and documents, why counsel did not contact us to discuss the need for the subpoena or the time or place of the subpoena before serving it, whether Defendant served more than one subpoena on Mr. Krivoshey, and potential sanctions arising from the subpoena.

37.     My understanding after the conclusion of the call was that Defendant would not

withdraw the subpoena and would not modify the noticed subpoena date of February 18, 2026.

38. The following information concerning what transpired during meet and confer was written down on February 9, 2026, during and shortly after the meet and confer call described in the section above.

39. During the call, Mr. Smith asked Mr. Elie-Myers when fact discovery closed in the case, which is obviously relevant to whether the subpoena is timely or was otherwise properly served. Mr. Elie-Myers responded March 5, 2026. Mr. Smith then pressed Mr. Elie-Myers "whether there was anything else he wanted to say about that date?" Mr. Elie-Myers responded "no." Later in the call, Mr. Smith asked Mr. Elie-Myers why he had not disclosed that fact discovery is limited to newly added Plaintiffs when Mr. Smith had previously asked him about the close of fact discovery. Mr. Elie-Myers responded that he considered that fact to be "not relevant," but did not explain the basis for that position.

40. During the call, Mr. Smith asked Mr. Elie-Myers whether Mr. Krivoshey's deposition was scheduled to occur before or after the deposition of Plaintiffs' counsel. After Mr. Elie-Myers objected that this information was irrelevant, Mr. Smith explained that it was relevant to whether the information Defendant is seeking from me or my firm could be obtained from Plaintiffs or their counsel. Mr. Elie-Myers responded that he needed to check his records and was quiet for approximately 60 seconds. He then responded that Dovel & Luner's deposition was noticed first and set to proceed prior to the noticed date for my deposition. About a half hour after the call, I learned that this answer was false, because Dovel & Luner's deposition had already been rescheduled to a date *after* the date of the subpoena I and my firm had received.

41. During the call, I *repeatedly* asked Mr. Elie-Myers what documents Defendant believed I or my firm have that Plaintiffs or their counsel do not have. Mr. Elie-Myers either could not or would not identify any specific document. After the call, counsel for Dovel & Luner provided a copy of the subpoena Defendant had served on that law firm (specifically, I was provided with Exhibit A, above), which shows that Defendant is seeking the same documents from Plaintiffs' counsel that it is seeking from me and my firm. *See* Exhibit A, at

Exs. 1-4. Mr. Elie-Myers also stated that because Dovel & Luner's deposition was set to proceed before my deposition, Defendant would be in a better position to know what information, if any, I may possess that Dovel & Luner does not possess. As discussed above, however, that justification is false, as Dovel & Luner's deposition is scheduled to occur *after* my deposition.

42.    The subpoena purports to require the production of any agreements between my firm and Dovel & Luner concerning this matter. During the call, Mr. Smith asked if Defendant had already received any responsive agreements from Dovel & Luner, such that production of the agreements in response to Defendant's subpoena would be unnecessary. Mr. Elie-Myers stated that he declined to answer that question.

43.    During the call, Mr. Elie-Myers stated that Defendant had first tried to serve the subpoena on me at my home in Louisville, Kentucky, and then served a new subpoena with a new date at my law firm's agent for service of process. Mr. Smith asked if Defendant believed that the original subpoena was still operative, such that Defendant purported to serve two depositions notices for two different dates. I also asked the date of the original subpoena. Mr. Elie-Myers stated that he declined to answer those questions.

44.    During the call, Mr. Smith asked Mr. Elie-Myers if Defendant believed that Mr. Krivoshey continued to work on this matter behind the scenes, or whether there was an undisclosed agreement between Smith Krivoshey and Dovel & Luner concerning this matter. This question was relevant to the standard for deposing current and former counsel because it pertains to whether the information sought is crucial to the case. Mr. Elie-Myers stated that he declined to answer that question.

45.    During the call, Mr. Smith also asked Mr. Elie-Myers why the subpoena had not been served earlier in the case. Mr. Elie-Myers stated that he declined to answer that question.

46.    During the call, Mr. Smith asked Mr. Elie-Myers why counsel for Defendant had not called or emailed me to discuss the need for the subpoena or the time or place of the subpoena. Mr. Elie-Myers stated that he declined to answer that question.

47.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed in Louisville, Kentucky, on February 11,

KRIVOSHEY DECL. ISO NON-PARTY MOTION TO QUASH SUBPOENA

8

2026.

_____
Yeremey O. Krivoshey