DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
  *josepheliemeyers@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

GT'S LIVING FOODS, LLC,

Defendant.

) Case. No. 3:26-mc-80036-TSH
)
) (Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)
)
) **DECLARATION OF JOSEPH ELIE-MEYERS IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS**
)
) *[Opposition; Motion to Consider Whether Another Party's Material Should Be Sealed; Declarations of Jacob Harper and Joseph Elie-Meyers; and [Proposed] Order Filed Concurrently]*

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

## DECLARATION OF JOSEPH ELIE-MEYERS

I, Joseph Elie-Meyers, declare as follows:

1. I am an associate with the law firm of Davis Wright Tremaine LLP, counsel for GT's Living Foods, LLC (GT's) in the matter of *Patel et al. v. GT's Living Foods, LLC,* Case No. 2:19-cv-10920-FMO-DSR (C.D. Cal.) (*Patel*). I make this declaration in support of Non-Parties Davis Wright Tremaine LLP, Jacob M. Harper, and Joseph Elie-Meyers' Opposition to Motion for Sanctions. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2. In December 2025, newly added plaintiffs Amit Patel, Lauren Schmidt, and Christopher Nunez (the new plaintiffs) in *Patel* produced in discovery copies of joint prosecution agreements between these plaintiffs' current and former counsel, including Yeremey Krivoshey. Those documents, which included a fee-sharing agreement between current and former counsel, gave rise to the concern that Mr. Krivoshey and other withdrawn counsel were playing an ongoing role, and had an ongoing financial interest, in the *Patel* litigation. True and correct copies of those joint prosecution agreements are attached hereto as **Exhibit 1**.

3. In subsequent depositions of the new plaintiffs, GT's was unable to elicit information from these plaintiffs sufficient to address its concerns regarding the ongoing involvement and financial interest of former counsel in the *Patel* litigation. A true and correct copy of relevant portions of the new plaintiff Amit Patel's deposition transcript is attached hereto as **Exhibit 2**. A true and correct copy of relevant portions of the new plaintiff Christopher Nunez's deposition transcript is attached hereto as **Exhibit 3**. A true and correct copy of relevant portions of the new plaintiff Lauren Schmidt's deposition transcript is attached hereto as **Exhibit 4**.

4. On January 29, 2026, GT's served the new plaintiffs with notices of subpoenas for deposition and documents to be served on Dovel & Luner (Dovel), Mr. Krivoshey, Bursor & Fisher PA (Bursor), and Adhoot & Wolfson, PC. A true and correct copy of the notice of subpoena is available on the docket at ECF No. 9-2, and a true and correct copy of the subpoena addressed to Mr. Krivoshey attached to the notice of subpoena is available at ECF No. 9-2 at Exhibit 2.

1

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

5. After serving the new plaintiffs with notice, GT's made numerous attempts to serve Mr. Krivoshey with a deposition and document subpoena.

6. I am informed that on January 29, 2026, GT's attempted service on Mr. Krivoshey at 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108. This address was a mailing center, not a law office, and would not accept service on behalf of Mr. Krivoshey.

7. GT's Notice of Withdrawal, ECF No. 6, contained a typographical error regarding GT's first attempted service on Mr. Krivoshey, which incorrectly stated that the first attempt to serve Mr. Krivoshey at the Geary Street address was made on January 19. In fact, it was made on the afternoon of January 29, after service of notice on *Patel* plaintiffs. Attached as **Exhibit 5** is a true and correct copy of correspondence with GT's process server confirming service was attempted at 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108 on January 29, 2026.

8. After service at the Geary Street address failed, GT's subsequently prepared a materially identical subpoena for service on Mr. Krivoshey at his home address. I am informed that three service attempts were made between February 2 and February 4, 2026, though none was successful.

9. GT's then prepared another subpoena for service on Mr. Krivoshey through the registered agent of Mr. Krivoshey's law firm, Smith Krivoshey, PC. This subpoena was materially identical to the prior subpoena, except it provided for a unilaterally extended deposition date to provide reasonable time for compliance to February 18, 2026. I later learned that, due to a miscommunication with my colleague in the course of preparing the new subpoena, "You" in Attachment A to the subpoena was defined in error as "Smith Krivoshey PC, and where appropriate in the context, all representatives, managers, attorneys, employees, and agents acting on its behalf." A true and correct copy of the subpoena (the Subpoena) served on Mr. Krivoshey's through his law firm's registered agent is available on the docket at ECF No. 9-3.

10. As I stated to Mr. Krivoshey on February 9, 2026 meet and confer call, GT's considered the later-served Subpoena with the February 18 date as the operative subpoena. Service

2

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

of the Subpoena on the registered agent was accomplished on February 4, 2026. A true and correct copy of the proof of service of the Subpoena is attached hereto as **Exhibit 6**.

11.     On February 9, 2026, I met and conferred with Mr. Krivoshey and Joel Smith regarding the subject Subpoena. From the outset of the call I was taken aback by Mr. Krivoshey and Mr. Smith's aggressive tone, unprofessional demeanor, and unwillingness to negotiate the scope or timing of subpoena compliance. Early in the call, Mr. Krivoshey and Mr. Smith informed me that if the subpoena was not withdrawn, they intended to move to quash and for sanctions. During the call I repeatedly informed Mr. Smith and Mr. Krivoshey that I believed their approach to the conferral was unprofessional and did not appear to be aimed at reaching a reasonable compromise.

12.     During the conferral, I repeatedly offered to discuss limiting the scope of the Subpoena, or to extend the time for compliance to allow additional time to negotiate the scope of the Subpoena. Mr. Krivoshey and Mr. Smith declined to discuss limiting the scope of the Subpoena or modifying the date for compliance in furtherance of such negotiations. Instead, they stated that they intended to move to quash and for sanctions if the Subpoena was not withdrawn. Their all-or-nothing approach to the negotiation set the stage for an unproductive call and, in my view at the time and now, made open-handed and candid negotiation all but futile. Nevertheless, throughout the call I repeatedly informed them that I remained willing to negotiate the scope and timing of the Subpoena to alleviate any undue burden.

13.     When Mr. Smith and Mr. Krivoshey inquired about the close of discovery, I accurately stated that discovery closed on March 5, 2026. When they asked me, in substance, if there was anything I would like to add regarding the close of discovery date, I replied that there was not. It was apparent from the tone and content of their questioning that Mr. Krivoshey and Mr. Smith were attempting to manufacture a situation from which they could impute to me a lack of candor. This was, in my view, confirmed when, immediately after asking me if I had anything to add, they asked me if I had intended to inform them of what they characterized as the limited

3

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

scope of reopened discovery. At the time, as now, I believed that the subpoena sought information within the boundaries of the reopened discovery period.

14.     During the conferral, Mr. Smith and Mr. Krivoshey inquired as to the order of depositions, specifically the date for which Dovel's deposition had been noticed. I was not sure of the date offhand, and to confirm, referred to the notice of subpoenas issued to Dovel. Based on the notice of subpoena, I accurately told Mr. Smith and Mr. Krivoshey that Dovel's deposition had been noticed before the February 18 compliance date on Mr. Krivoshey's Subpoena. I neglected to mention that Dovel's noticed deposition date had subsequently been rescheduled as a result of meet-and-confer efforts, though I did not think this was relevant to the propriety of the subpoena at issue. I informed counsel that, in our view, the order of depositions was irrelevant to the propriety of Mr. Krivoshey's subpoena. Later, after Mr. Krivoshey and Mr. Smith had repeatedly and aggressively asked me which documents might be in their possession that were not in the possession of Dovel, I responded that we could not definitively know the answer to that question until after Dovel's deposition. I do not recall affirmatively representing that Mr. Krivoshey would actually be deposed before the Dovel was deposed, and do not believe I would have made that representation given that at the time the compliance date for all subpoenaed parties were in flux due to ongoing compliance negotiations.

15.     On February 10, 2026, Mr. Smith emailed to ask whether GT's would agree to vacate the compliance date pending a ruling on the motion to quash. In response, I offered to extend the Subpoena's compliance deadline to allow Mr. Krivoshey to move to quash, subject to the *Patel* plaintiffs' current counsel's agreement to extend the approaching March 5 discovery deadline. The intent of this offer was to accommodate Mr. Smith's request while also preserving GT's ability to seek third-party discovery from Mr. Krivoshey by extending the discovery deadline.  A true and correct copy of the February 10 correspondence is available on the docket at ECF No. 9-5.

16.     On February 17, 2026, I emailed Mr. Krivoshey and Mr. Smith, informing them that the Subpoena was withdrawn in light of Mr. Krivoshey's sworn declaration submitted in

4

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

support of the pending Motion to Quash, which set out largely the same information that GT's sought to obtain by way of subpoena. The email also advised Mr. Krivoshey and Mr. Smith of GT's intent to file with the Court its notice of withdrawal of the Subpoena. I also advised Mr. Krivoshey and Mr. Smith that other non-parties agreed in pre-motion conferrals to provide substantially similar declarations in lieu of depositions or documents. GT's withdrew its subpoenas to these other non-parties. A true and correct copy of the February 17, 2026 email is attached hereto as **Exhibit 7**.

17. As explained above, Mr. Krivoshey rebuffed GT's conferral efforts, insisting from the outset that he would not negotiate compliance and intended to move to quash and for sanctions. In the meantime, I met and conferred with Bursor on February 9 and 17, 2026, and Dovel on February 4 and 13. During these conferrals, I agreed to reschedule deposition dates to continue negotiations.

18. As result of continued discussions with the other subpoenaed counsel, Dovel and Bursor agreed, after extensive conferral regarding compliance with similar subpoenas, to provide sworn declarations describing the nature of their relationship with former counsel in the *Patel* litigation in lieu of deposition testimony or document production. GT's withdrew its subpoenas to Dovel and Bursor after they agreed to provide sworn declarations.

19. A true and correct copy of the district court order denying class certification in *Patel*, ECF No. 129, is attached hereto as **Exhibit 8**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of March 2026, at Los Angeles, California.

*/s/ Joseph Elie-Meyers*
Joseph Elie-Meyers

5

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

# EXHIBIT 1

## (filed under seal)

# EXHIBIT 2

## (filed under seal)

# EXHIBIT 3

## (filed under seal)

# EXHIBIT 4

## (filed under seal)

# EXHIBIT 5

## Goitia, Nichele

| | |
|---|---|
| **From:** | status@apex.legal |
| **Sent:** | Thursday, January 29, 2026 3:36 PM |
| **To:** | Goitia, Nichele |
| **Subject:** | Process diligence report for Apex Process control number is: 64093 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**[EXTERNAL]**

Apex control number: **64093**
Your file number is: 123411-2
Case Name: AMIT PATEL, LAUREN SCHMIDT vs GT'S LIVING FOODS, LLC

Re Servee:
**Yeremey O. Krivoshey Smith Krivoshey, PC,**

The diligence is as follows:

Date: 1/29/2026
Time: 2:50 PM
Address Attempted: 28 Geary Street, Ste. 650 No. 1507, , San Francisco, CA 94108
1/29 2:50 PM this address is a mailbox center, not a private office. Mailbox center worker said they are not authorized to accept service and refused to take the papers. PLEASE ADVICE


Thank you,

**Apex Legal Services - 213.488.1500. - Email: Service@apex.legal**

1

# EXHIBIT 6

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Jacob M. Harper<br>Davis Wright Tremaine LLP<br>350 S. Grand Ave – 27th Floor<br>Los Angeles, CA 90071 | E-MAIL ADDRESS (Optional): | |
| TELEPHONE No.: (213) 633-6800        FAX No. (Optional): (213) 633-6899 | | |
| Attorney for: Defendant | Ref No. or File No.:<br>123411-2 | |

**Insert name of Court, and Judicial District and Branch Court:**
UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA

*Plaintiff:* AMIT PATEL, LAUREN SCHMIDT

*Defendant:* GT'S LIVING FOODS, LLC

| **PROOF OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:19-cv-10920-FMO-DSR |
|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

PARTY SERVED:  **Smith Krivoshey, PC / Yeremey O. Krivoshey**

PERSON SERVED:  **Ahsley Dawn - Authorized to Accept**

DATE & TIME OF DELIVERY:  **2/4/2026
2:33 PM**

ADDRESS, CITY, AND STATE:  **Northwest Registered Agent, Inc.,
2108 N. St. # N,
SACRAMENTO, CA 95816**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Fee for Service: $ .00
    County:  Sacramento
    Registration No.:  2025-070
    Apex Legal Services
    611 Wilshire Boulevard, Ste 700
    Los Angeles, CA 90017
    (213) 488-1500
    Ref: 123411-2

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  February 6, 2026.

Signature: _T.Ayers_
Trevor Ayers

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                                                                   Order#: 64356/General

# EXHIBIT 7

## Feliciano, Katelyn

| | |
|---|---|
| **From:** | Elie-Meyers, Joseph |
| **Sent:** | Tuesday, February 17, 2026 10:05 PM |
| **To:** | Yeremey Krivoshey; Joel Smith |
| **Cc:** | Harper, Jacob; Canner, Heather; Murphet, Felix; Yu, Jennifer; Goitia, Nichele |
| **Subject:** | Notice of Withdrawal of Subpoena, Patel, et al. v. GT's Living Foods, LLC; Misc. Case No. 3:26-mc-80036 |

Mr. Krivoshey and Mr. Smith,

This email is notice of GT Living Foods, LLC's withdraw of the subpoena served on you through Northwest Registered Agent on February 4, 2026 in the matter of *Patel et al. v. GT's Living Foods, LLC*, C.D. Cal. Case No. 2:19-cv-10920-FMO-GJS. In the Declaration of Yeremy Krivoshey that you filed in support of your pending motion to quash, *Patel v. GT's Living Foods LLC*, No. 26-mc-80036-TSH Dkt. 1-1 (N.D. Cal. Feb. 11, 2026), Mr. Krivoshey provided sworn statements describing the history of his involvement in the *Patel* litigation and the nature of his relationship with current *Patel* counsel at Dovel & Luner LLP. *Id.*, paras. 2-10. Because that declaration set out, in sum and substance, the information GT's sought to obtain through the subpoena, and similar to what other subpoenaed parties have agreed in pre-motion conferrals to provide in lieu of deposition testimony or document productions, we are withdrawing GT's subpoena here.

We intend to file notice of withdrawal of the subpoena with the Court tomorrow. Please advise whether you intend to provide notice of withdrawal of your pending motion to quash, which is mooted by the withdrawal of the deposition subpoena. *See Bryant v. Shaeffer*, No. 1:11-CV-00444-AWI, 2015 WL 545934, at *3 (E.D. Cal. Feb. 10, 2015) (withdrawal of the Subpoena renders Movant's motion to quash moot as "there is nothing left to quash");  *Lau v. Mayorkas*, No. 21-CV-04756-TLT, 2024 WL 5700970, at *2 (N.D. Cal. Sept. 11, 2024) (withdrawal of subpoenas moots pending motion to quash); *Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Found. Inc.*, No. CV 20-1115-PA (ASX), 2020 WL 13248961, at *2 (C.D. Cal. May 19, 2020).

Thank you,

Joseph



**Joseph Elie-Meyers**    He/Him/His
**Associate |** Davis Wright Tremaine LLP

**P** 213.655.9611  **E** josepheliemeyers@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

**DWT.COM**   in

# EXHIBIT 8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):

None Present

Attorney Present for Defendant(s):

None Present

**Proceedings:**       **(In Chambers) Order Re: Motion for Class Certification [99]**

Having reviewed all the briefing filed with respect to plaintiffs' Motion for Class Certification (Dkt. 99, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]  Although the Court's Order Re: Class Certification Motions required each issue or sub-issue raised by a party to be immediately followed by the opposing party's response, and that all evidentiary objections be made in the joint brief, (see Dkt. 26, Court's Order of March 20, 2020, at 1-3), the parties' papers did not fully comply with these requirements. (See, e.g., Dkt. 113, Joint Brief on Plaintiffs' Motion for Class Certification ("Jt. Br.") at 13-17) (addressing all Rule 23(a) requirements in one fell swoop); (Dkt. 103, Plaintiffs' Supplemental Memorandum in Support of Motion for Class Certification ("Plf. Supp. Br.") at 1-7) (challenging qualifications and reliability of defendant's experts in Supplemental Brief); (Dkt. 104, GT's Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification 2-6) (challenging plaintiffs' expert's qualifications).  Also, the Motion was filed in August, 2021, (see Dkt. 99, Motion), and since then, the Ninth Circuit has issued several class certification decisions, including Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC, 31 F.4th 651 (9th Cir. 2022) (en banc), that bear on the issues in this case.  Finally, this court has addressed class certification in the consumer food, beverages, and supplements context.  See Capaci v. Sports Research Corp., 2022 WL 1133818 (C.D. Cal. 2022); Lytle v. Nutramax Laboratories, Inc., 2022 WL 1600047 (C.D. Cal. 2022).  Under the circumstances, the court will deny the Motion without prejudice to plaintiffs filing a renewed motion.

In considering whether to file a renewed motion, plaintiffs should note that, in light of Retta v. Millennium Products, Inc.,[2] Case No. CV 15-1801 PSG ("Retta Action"), the court has concerns

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

[2] Defendant GT's Living Foods, LLC was named Millennium Products between 1995 and 2017.  (See Dkt. 113, Jt. Br. at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, <u>et</u> <u>al.</u> v. GT's Living Foods, LLC** | | |

regarding the named plaintiffs'[3] and proposed class counsel, Bursor & Fisher, P.A.'s ("Bursor") ability to adequately represent the class in this case. The <u>Retta</u> Action involved the same allegations regarding the alcohol and sugar levels in defendant's kombucha,[4] asserted the same claims for relief under California and New York law, and was filed by the same attorneys as in this action, <u>i.e.</u>, Bursor & Fisher, including Yeremey Krivoshey. (See <u>Retta</u> Action, Dkt. 68, Fifth Amended Complaint ("<u>Retta</u> 5AC") ¶¶ 5, 86-149, 159-171).[5]

On August 22, 2017, Judge Gutierrez granted final approval of the settlement in the <u>Retta</u> Action. See <u>Retta</u>, 2017 WL 5479637, at *1 & *19. In addition to monetary relief, the <u>Retta</u> settlement provided for injunctive relief which, among other things, required defendant to: (1) "[a]dd a warning label that 'the products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs[,]'" <u>id.</u>, at *2; (<u>Retta</u> Action, Dkt. 103-3, Exh. 1, Stipulation of Class Action Settlement ("<u>Retta</u> Settlement Agreement") at ¶ 47(b)); (2) "regularly test samples from every [s]ubject [p]roduct line (at the time of bottling and the time of expiration) using a third-party laboratory[,]" (<u>Retta</u> Action, Dkt. 103-3, Exh. 1, <u>Retta</u> Settlement Agreement at ¶ 47(c)); <u>Retta</u>, 2017 WL 5479637, at *2; (3) "test the sugar content of multiple product samples, drawn from every [s]ubject [p]roduct line, using a third-party laboratory" every three months, (<u>Retta</u> Action, Dkt. 103-3, Exh. 1, <u>Retta</u> Settlement Agreement at ¶ 47(e)); <u>Retta</u>, 2017 WL 5479637, at *2; and (4) "adopt any new industry wide methodology for testing the alcohol content of kombucha, should one be developed." <u>Retta</u>, 2017 WL 5479637, at *2; (<u>Retta</u> Action, Dkt. 103-3, Exh. 1, <u>Retta</u> Settlement Agreement at ¶ 47(d)).

In seeking approval of the settlement, plaintiffs made several representations to the <u>Retta</u> Court that not only appear to undermine the instant action but also call into question the ability of Bursor to "fairly and adequately represent the interests of the class[,]" <u>see</u> Fed. R. Civ. P. 23(g)(B), <u>i.e.</u>, to vigorously and effectively litigate the present action. For example, in <u>Retta</u>, Bursor touted the settlement's "expansive injunctive relief," which included "a warning on its labels that 'the

---

[3] Although the named plaintiffs, who were class members in the <u>Retta</u> Action, (<u>see</u> Dkt. 113, Jt. Br. at 16) (citing responses to interrogatories); <u>Retta v. Millennium Products, Inc.</u> 2017 WL 5479637, *3 (C.D. Cal. 2017) (The class period in <u>Retta</u> was March 11, 2011 to February 26, 2017), appear to be inadequate class representatives, as they would be subject to unique defenses, the majority of the court's concerns relate to counsel. Thus, the court's reference to "plaintiffs" throughout this Order is generally intended to refer to class counsel, specifically Bursor.

[4] This action and <u>Retta</u> involved defendant's Enlightened and Synergy line of kombucha. (<u>See</u> Dkt. 29, First Amended Complaint ("FAC") at ¶ 1 n. 1); (<u>Retta</u> Action, Dkt. 68, 5AC at ¶ 2 n. 1). For ease, the court will refer to the products simply as kombucha or defendant's kombucha.

[5] The <u>Retta</u> 5AC asserted an additional claim for negligent misrepresentation. (<u>See</u> <u>Retta</u> Action, Dkt. 68, 5AC at ¶¶ 150-58).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs[.]'" (Retta Action, Dkt. 103-1, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement at 2); (id. at 23) (stating that the settlement "provides precisely the injunctive relief sought in the Complaint" which consists of "the addition of an alcohol warning on the labels of [] Enlightened kombucha products"); Retta, 2017 WL 5479637, at *2. Indeed, a copy of the alcohol warning label that is the subject of this lawsuit was submitted as part of the settlement approval process in the Retta Action. (See Retta Action, Dkt. 136-1, Declaration of George Thomas Dave at ¶ 3 & Exh. 1) (Enlightened Kombucha Label). Yet, in this case, plaintiffs claim that this alcohol warning label is inadequate. (See Dkt. 29, FAC at ¶¶ 1, 5, 8, 11, 14, 25, 32). As defendant notes, plaintiffs "are collaterally attacking the injunctive relief from a class settlement that their counsel negotiated and obtained on their behalf." (Dkt. 113, Jt. Br. at 15) (emphasis omitted). In other words, plaintiffs are challenging the alcohol warning label they negotiated in Retta.

In seeking to challenge the Retta alcohol warning label in this action, plaintiffs contend that they have "put forth evidence that neither they, nor any reasonable consumers, would have purchased Enlightened Kombucha had they known that doing so exposed them to criminality, and if they knew that they could not rely on Defendant's marketing and labeling of the products as non-alcoholic beverages." (Dkt. 113, Jt. Br. at 29) (citing Ex. B at ¶¶ 32, 58-59). According to plaintiffs, "[t]he unwitting consumption of alcoholic beverages is . . . obviously inherently dangerous, and can cause, inter alia, birth defects, accidents, and health complications." (Id.). But it is difficult to give much credence to such contentions since it was Bursor that negotiated and, indeed, advocated for the subject alcohol warning label during the settlement process in the Retta Action. Significantly, an objector to the Retta settlement questioned whether the settlement was fair to minors, and whether it "provide[d] adequate protections to minors going forward" because "Defendant's failure to properly label and advertise its products caused minors to purchase and consume Defendant's alcoholic beverages." (Retta Action, Dkt. 135-1, Declaration of Yeremey Krivoshey in Support of Plaintiffs' Response to Objections to Settlement ("Krivoshey Retta Decl."), Exh. 2 (Objection to Proposed Class Action Settlement ("Retta Obj.") at 2-3). In response to the objection, Bursor argued that the objector "overlooked entirely that the Settlement provides injunctive relief with respect to the alcohol claims[,]" and relied on the warning label – i.e., that "the products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs" – it negotiated as part of the settlement and that would be included on defendant's kombucha going forward. (See Retta Action, Dkt. 135, Plaintiffs' Response to Objections to Settlement ("Retta Response") at 8). In overruling the objection, the Retta Court accepted Bursor's representations, stating that "all class members, including minors, stand to receive their fair share of the settlement and the injunctive relief will adequately ensure that consumers are informed about the alcohol content in" defendant's kombucha. Retta, 2017 WL 5479637, at *8.

Moreover, despite the allegations in Retta that defendant's kombucha continues to ferment and produce alcohol after bottling, (see, e.g., Retta Action, Dkt. 68, 5AC at ¶ 29) ("[T]he

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, et al. v. GT's Living Foods, LLC** | | |

Enlightened line is a 'raw' and 'unpasteurized' kombucha, necessarily meaning that the beverages continue to ferment and increase in alcohol over time, especially if left unrefrigerated for even short periods of time.  Whatever changes Millennium made to its Enlightened line, if any, are ineffective at curbing the accumulation of alcohol in the products past 0.5 percent alcohol by volume through the normal and expected use of the products."), there is nothing in the Retta settlement, (see, generally, Retta Action, Dkt. 103-3, Retta Settlement Agreement), that required defendant to conduct alcohol tests at the point of sale.  Instead, Bursor accepted the testing regime (and alcohol disclosure label) that it now challenges in this action.

Finally, with respect to plaintiffs' damages model, Bursor acknowledged in plaintiffs' motion for final approval that a full-refund model is "typically foreclosed" at class certification, in part because beverages provide "benefits in the form of calories, hydration, vitamins, and minerals," (Retta Action, Dkt. 117-1, Motion for Final Approval at 11) (citing In re POM Wonderful LLC, 2014 WL 1225184, *2-3 (C.D. Cal. 2014)), and conceded that defendant's kombucha "contain[s] multiple vitamins, enzymes and probiotics, and provide[s] hydration and calories." (Id.).  Notwithstanding that concession, plaintiffs advance a full-refund damages model here. (See Dkt. 113, Jt. Br. at 29-36).

Plaintiffs' responses to defendant's contentions regarding the impact of the Retta Action, (see Dkt. 103, Plf. Supp. at 8-10), are largely unsatisfactory.  First, whether the statements made in Retta are admissible is beside the point in addressing the adequacy of counsel.  See Fed. R. Civ. P. 23(g)(1)(B) (providing that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class").  Second, plaintiffs' argument that it "never agreed that the label disclosure would be sufficient if [defendant] decided to continue selling booze to children,"[6] (Dkt. 103, Plf. Supp. at 10), is non-responsive to the issue here because the record indicates that plaintiffs agreed that the alcohol warning label they negotiated in the Retta Action would be adequate to address claims regarding the sale of defendant's kombucha to minors.  As noted above, in addressing an objection that the Retta settlement failed to "provide[] adequate protections to minors going forward[,]" (Retta Action, Dkt. 135-1, Krivoshey Retta Decl, Exh. 2 (Retta Obj.) at 3), Bursor directed the court to the injunctive relief language relating to the "alcohol claims" and set out verbatim the negotiated alcohol warning language.[7]

---

[6] As noted earlier, the Retta settlement provided monetary relief by which class members could elect to receive a cash payment or a product voucher redeemable for free Enlightened Kombucha.  (See Retta Action, Dkt. 103-3, Exh. 1, Retta Settlement Agreement at ¶ 45).  But nothing in the Retta Settlement Agreement limited the voucher option to class members 21 years of age and over.  (See, generally, id. at ¶ 45(b)); (see also id. at Exh. C, Claim Form).

[7] Bursor's reliance on Slusher v. Big Lots Stores, Inc., 2018 WL 10164064 (N.D. Cal. 2018) is misplaced.  In that case, the defendant argued that the doctrine of claim splitting barred a subsequently filed class action. See id. at *1-2. Significantly, Slusher involved simultaneous class actions, see id. at *1, rather than the situation here, i.e., where class counsel negotiated label

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10920 FMO (GJSx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Delaney Sharpe, et al. v. GT's Living Foods, LLC | | |

(Retta Action, Dkt. 135, Retta Response at 8).

Third, plaintiffs contend that they had "hoped that the new formulation" of using kiwi juice instead of cane sugar in defendant's kombucha coupled with the requirement for future testing "would have led to corrective behavior." (See Dkt. 103, Plf. Supp. at 9). Plaintiffs also contend that "no claims in Retta (of either Plaintiffs or Class Members) are being re-litigated here" because "[t]he class period in Retta ended on February 26, 2017." (Id.). Plaintiffs' contentions are unpersuasive.

As an initial matter, plaintiffs' contentions regarding the temporal scope of the class and the claims that are (or are not) being litigated in this action may be accurate as to plaintiffs' damages claims, but it does not apply to the injunctive relief issued by the Retta Court.[8] Indeed, plaintiffs acknowledge that "[t]he Retta settlement had no requirement for how long [defendant] needed to use the proposed labeling[.]" (Id. at 9). In other words, the injunctive relief issued by the Retta Court was permanent. Putting aside the fact that the alcohol warning label Bursor negotiated has been used by defendant since the Retta settlement, it appears that plaintiffs simply aren't satisfied with the injunctive relief they negotiated and had approved by the Retta Court. But when a court issues permanent injunctive relief that a party believes is insufficient or needs to be modified (i.e., if the new formulation of defendant's kombucha turned out to be insufficient or inadequate), the remedy isn't to file a new action – before a different judge – seeking to challenge the injunctive relief. Rather, the remedy is to seek to modify or challenge the injunctive relief through a proper motion filed with the judge who issued the injunctive relief,[9] cf., e.g., Flores v. Lynch, 828 F.3d 898, 905 (9th Cir. 2016) (noting use of motion to enforce settlement), or, seek to have the case transferred as a related case to the judge who issued the injunctive relief.

---

language in a prior action that it subsequently contends is inadequate in a subsequent action.

[8] The court is not persuaded by plaintiffs' contention that "the main benefits of the Retta settlement was the $8.25 million cash consideration." (Dkt. 103, Plt. Supp. at 9). A review of the final approval order and the underlying settlement documents in the Retta Action indicate that the injunctive relief was a significant part of the Retta settlement and, indeed, some of the injunctive relief was intended to address claims in a related class action. See Retta, 2017 WL 5479637, at *2 & n. 1 (setting forth injunctive relief provisions and noting that one provision is intended to address claim from related class action).

[9] This procedure, arguably, would not apply to a non-party or non-class member to the Retta case. However, a case filed by a non-party or non-class member would still be subject to transfer, as a related case, to the Retta Court which issued the subject injunctive relief. See L.R. 83-1.3.1 (providing that a notice of related case shall be filed "whenever two or more civil cases filed in this District[] . . . arise from the same or a closely related transaction, happening, or event" or "call for determination of the same or substantially related or similar questions of law and fact[.]").

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-10920 FMO (GJSx)** | Date | **June 21, 2024** |
|---|---|---|---|
| Title | **Delaney Sharpe, <u>et</u> <u>al.</u> v. GT's Living Foods, LLC** | | |

The issues and concerns raised in this Order perhaps could have been avoided if Bursor had simply filed a Notice of Related Case pursuant to Local Rule 83-1.3 as to the <u>Retta</u> Action at the time it filed this action. Instead, Bursor filed a Local Rule 83-1.3 Notice of Related Case (Dkt. 8), as to the then-pending action, <u>Tortilla Factory, LLC v. GT's Living Foods, LLC</u>, Case No. CV 17-7539 FMO, contending that this case contained largely the same allegations as in <u>Tortilla Factory</u>. (<u>Id.</u> at 1). While Bursor acknowledged that <u>Tortilla Factory</u> was a competitor case, it claimed that discovery and motion practice would cover many overlapping issues, and that it "would be far more efficient for the two cases to be heard by the same judge." (<u>Id.</u> at 2). However, given that the <u>Retta</u> Court approved the alcohol warning label that is being challenged here, <u>see</u> <u>Retta</u>, 2017 WL 5479637, at *19, and that Court "retain[ed] exclusive jurisdiction over Defendant[] and the Settlement Class Members for all matters relating to this litigation, including the . . . interpretation, effectuation, or enforcement of the Settlement Agreement and th[e] Order[,]" <u>id.</u>, counsel should have filed a notice of related case as to the <u>Retta</u> Action which, like the instant case, was a consumer case. Though <u>Retta</u> was closed at the time the notice of related case was filed, nothing in the applicable Local Rule prohibits the filing of a notice of related case with respect to a closed case. <u>See</u>, <u>generally</u>, L.R. 83-1.3.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Class Certification **(Document No. 99)** is **denied without prejudice**.

2. No later than **August 22, 2024**, plaintiffs shall file a renewed motion for class certification.

3. With respect to any renewed motion, the parties shall: (1) apply updated applicable case law; (2) strictly comply with the Court's Order Re: Motions for Class Certification (Dkt. 26); (3) address whether plaintiffs and class counsel, including Bursor & Fisher, are adequate representatives and class counsel; (4) address whether res judicata and/or judicial estoppel apply and at what stage, <u>i.e.</u>, the class certification or the merits stage of the litigation; and (5) address whether a full refund damages model is viable in light of the court's rulings in other cases, given that this case does not involve the sale of pills or supplements and, if such a model is not available, whether this is an issue for the class certification or the merits stage of litigation.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2700, 350 South Grand Avenue, Los Angeles, California 90071.

On March 6, 2026, I served the foregoing document(s) described as: **DECLARATION OF JOSEPH ELIE-MEYERS IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS** by placing a true copy of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Simon Carlo Franzini
Gabriel Zachiah Doble
Richard E Lyon, III
Dovel and Luner LLP
201 Santa Monica Boulevard Suite 600
Santa Monica, CA 90401
Email: simon@dovel.com
Email: gabe@dovel.com
Email: rick@dovel.com

__X__ (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

__X__ (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address **annajimenez@dwt.com**, at Floor 27, 350 South Grand Avenue, Los Angeles, California.

Executed on March 6, 2026, at Los Angeles, California.

☐ State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

X  Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
                                    Anna Jimenez

1

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899