UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMIT PATEL, et al.,

          Plaintiffs,

    v.

GT'S LIVING FOODS, LLC,

          Defendant.

Case No.  26-mc-80036-TSH

**ORDER RE:  ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 11

## I.    INTRODUCTION

This matter arises out of non-parties Yeremey O. Krivoshey and Smith Krivoshey, P.C.'s (collectively, the "Non-Parties") motion to quash deposition subpoena issued by Defendant GT's Living Foods, LLC ("GT").[1]  ECF No. 1.  The Non-Parties have moved for sanctions against GT. ECF No. 9.  Pending before the Court is GT's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 11.  GT filed its Administrative Motion in connection with its Opposition to the Non-Parties' Motion for Sanctions (ECF No. 10).  For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** the motion.

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

---

[1] GT issued the subpoena in *Patel et al. v. GT's Living Foods, LLC,* No. 2:19-cv-10920-FMO-DSR (C.D. Cal.) (the "*Patel* Action").  ECF No. 9 at 1.

U.S. 589, 597, n.7 (1978)).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point."  *Id.* (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180.

Here, the documents at issue in GT's Administrative Motion (ECF No. 11) were filed in connection with its Opposition to the Non-Parties' Motion for Sanctions (ECF No. 10).  Motions for non-dispositive case sanctions, along with their attached documents, are only tangentially related to the merits of a case.  *See, e.g., WhatsApp Inc. v. NSO Grp. Techs. Ltd*., No. 19-cv-07123-PJH, 2025 WL 885598, at *6 (N.D. Cal. Mar. 21, 2025) ("[T]he 'good cause' sealing standard is applicable to materials filed in connection with plaintiffs' sanctions motion."); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C-17-05659-WHA, 2019 WL 11868520, at *1 (N.D. Cal. May 22, 2019) ("Since Juniper's motion for sanctions bore no relation to the merits, however, only 'good cause' is required to justify sealing.").  Accordingly, the good cause standard applies to GT's Administrative Motion.

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).  Where a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party"), the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Civ. L.R. 79-5(f).  This motion must identify each document or portions thereof for which sealing is sought.  *Id.*  "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons

United States District Court
Northern District of California

for keeping a document under seal." *Id.* at 79-5(c)(1), (f).  That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. *Id.* at 79-5(c)(1).  A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

Under Civil Local Rule 79-5, a motion to seal a party's own document must include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of . . . why a less restrictive alternative to sealing is not sufficient." *Id.* (emphasis in original).  The motion must also include "a proposed order that is narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).  "A party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." *Id.* at 79-5(a).  "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C-18-02300-WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L.R. 79-5(c).

### III.    DISCUSSION

On March 6, 2026, GT filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, pursuant to Civil Local Rule 79-5, in connection with its Opposition to the Non-Parties' Motion for Sanctions.  ECF Nos. 10, 11.  GT moves to file four documents under seal:  Declaration of Joseph Elie-Meyers ("Elie-Meyers Decl.") (ECF No. 10-2), Ex. 1 (ECF No. 11 at 3); Elie-Meyers Decl., Ex. 2 (ECF No. 11 at 13); Elie-Meyers Decl., Ex. 3 (ECF No. 11 at 20); Elie-Meyers Decl., Ex. 4 (ECF No. 11 at 26).  ECF No. 11.  These documents were designated as "Highly Confidential" by the Plaintiffs in the *Patel* Action ("Plaintiffs"). *Id.*

On March 12, 2026, Plaintiffs responded to GT's Administrative Motion requesting

United States District Court
Northern District of California

sealing of Exhibit 1 to the Elie-Meyers Declaration.[2]  ECF No. 12.  In support of their request, Plaintiffs submit a statement from their counsel, Martin Brenner and Simon Franzini, setting forth the bases for sealing the document.  *Id.*  Plaintiffs do not request sealing of Exhibits 2, 3, and 4 to the Elie-Meyers Declaration.  *Id.*

Plaintiffs argue that Exhibit 1 requires sealing because it contains confidential business information that would result in a competitive disadvantage if disclosed.  *Id.*  Specifically, Exhibit 1 "contains the sensitive, non-public business information of the law firms who signed the agreements concerning the financial and operational agreements between the *Patel* Plaintiffs' current and former counsel."  *Id.*  Plaintiffs assert that the court in the *Patel* Action "recently found good cause to seal these agreements when they were filed in connection with a discovery dispute in that case."  *Id.* (citing *Patel* Action, Dkt. No. 194).

The Court has reviewed the documents to be sealed and agrees that good cause exists to seal them.  *See Regis Metro Associates, Inc. v. NBR Co.*, *LLC*, No. 20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022) (granting motion to seal because "[a]ll of the documents contain sensitive business information or may be subject to confidentiality agreements"); *In re Apple Inc. Device Performance Litigation*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product specific financial information, customer information, internal reports, and other such materials that would harm a party's competitive standing").

Accordingly, the Court **GRANTS** GT's Administrative Motion to seal Exhibit 1 to the Elie-Meyers Declaration (ECF No. 11 at 3).

The Court **DENIES** GT's Administrative Motion to seal Elie-Meyers Decl., Ex. 2 (ECF No. 11 at 13); Elie-Meyers Decl., Ex. 3 (ECF No. 11 at 20); and Elie-Meyers Decl., Ex. 4 (ECF No. 11 at 26).  GT is hereby **DIRECTED** to file unredacted versions of those documents in the public record within three days.

---

[2] On March 13, 2026, GT filed a response to Plaintiffs' response.  ECF No. 14.  GT does not object to Plaintiffs' request to seal Exhibit 1.  *See generally id.*

**IV.   CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** GT's Administrative Motion.

**IT IS SO ORDERED.**

Dated: March 20, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5