ROSING POTT & STROHBEHN
Heather Rosing (SBN 183986)
    *hrosing@rosinglaw.com*
Wener Vieux (SBN 348047)
*Pending admission in the Northern District*
    *wvieux@rosinglaw.com*
770 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 231-0303

*Attorneys for Jacob M. Harper and*
*Joseph Elie-Meyers*

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
    *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
    *heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
    *peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>                    Defendant. | Case No. 3:26-mc-80036-TSH<br><br>(Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>*[Declarations of Jacob M. Harper and Joseph Elie-Meyers; and [Proposed] Order Filed Concurrently]* |

MOT. FOR RELIEF FROM ORDER OF M.J.

## TABLE OF CONTENTS

**Page**

I. OBJECTIONS & REQUESTS (L.R. 72-2(b)(1)-(b)(2)). ..........................................................1

II. STATEMENT OF REASONS AND AUTHORITY (L.R. 72-2(b)(3)). ...............................1

    A. Set Aside Entire Order as At Odds With Procedural History.......................................3

    B. Set Aside Portions re: Improper Purpose and No Substantial Justification..................4

    C. Set Aside Portions re: Undue Burden Finding.............................................................5

    D. Set Aside Portions re: Sanctions Findings...................................................................5

i

MOT. FOR RELIEF FROM ORDER OF M.J.

Attorneys Jacob Harper and Joseph Elie-Meyers (Counsel), pursuant to Local Rule 72-2, FRCP 72(a), and 28 U.S.C. § 636(b)(1)(A), file this Motion for Relief from the Nondispositive Order of June 18, 2026 by Magistrate Judge Thomas Hixson imposing sanctions against Counsel under FRCP 45 and 26 for serving a third-party subpoena.  (Dkt. 21; JH Decl. Ex. 40).[1]

## I.    OBJECTIONS & REQUESTS (L.R. 72-2(B)(1)-(B)(2)).

Counsel respectfully request the U.S. District Judge on duty review the order under FRCP 72, which provides the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Counsel respectfully request the Court set aside: (A) The entire order based on a clearly erroneous recitation of facts; and/or those portions of the order holding that (B) Counsel acted with improper purpose and without substantial justification (Order 17:22-18:15); (C) the subpoenas imposed undue burden and were contrary to law (*id*. 14:10-17:21); and (D) Counsel shall be subject to sanctions (*id*. 14:5-9, 18:16-18, 19:18-23:12).  Counsel also objects to the lack of hearing, which prevented challenges to the Reply.

## II.    STATEMENT OF REASONS AND AUTHORITY (L.R. 72-2(b)(3)).

***Introduction.***  Counsel served subpoenas in connection with *Patel* [formerly *Sharpe*] *v. GT's Living Foods, LLC*, No. 2:19-cv-10920 (C.D. Cal.), a putative class action pending before U.S. District Judge Fernando Olguin.  In denying class certification in 2024, Judge Olguin raised concerns that class counsel Yeremey Krivoshey had a conflict of interest that prevented him from adequately representing the class under FRCP 23(a)(4).  JH Decl. ¶ 9, Ex. 1.  Krivoshey withdrew as counsel, but discovery revealed two partially-executed agreements among Krivoshey and replacement class counsel suggesting his continuing financial interest, despite Judge Olguin's finding that his prior settlement with GT's was in direct conflict with his litigation positions in *Patel*.  *Id.* ¶¶ 12, 26-28, Exs. 22, 23.  That threatened to infect replacement counsel with the same conflicts undermining adequacy.  GT's tried to confirm that Krivoshey had no continuing role through document requests and depositions, but in depositions plaintiffs professed ignorance.  *Id.* ¶¶ 29-35, Exs. 24-26.  Counsel served a subpoena seeking Krivoshey's deposition as a last resort.

---

[1] "JH Decl." means the Harper Declaration. "JEM Decl." means the Elie-Meyers Declaration.

*Id.* ¶¶ 35-36.  They did so pursuant to Judge Olguin's order directing the parties to address the adequacy of class counsel in the next motion for class certification.

\*        \*        \*

***Judge Olguin's Order Denying Class Cert Identified Counsel Adequacy Issues.***  Judge Olguin's June 21, 2024 order denying plaintiffs' motion for class certification identified "concerns" that then-class counsel—Krivoshey (with Bursor & Fisher before he left for Smith Krivoshey)—was inadequate to represent the class due to apparent conflicts of interest.  Ex. 1 at 1-6.  Judge Olguin ordered that, if plaintiffs file a renewed motion for class certification, "the parties shall . . . address whether plaintiffs and class counsel, including Bursor & Fisher [Krivoshey's firm], are adequate representatives and class counsel."  *Id.* at 6.  Judge Olguin noted the term "plaintiffs" in the litigation—contrary to the positions taken by the Court and Krivoshey—"is generally intended to refer to class counsel, specifically Bursor [Krivoshey's firm] . . . .". *Id.* at 2 n.3.  (The sanctions order is inconsistent with Judge Olguin's Order on this point.)

***Discovery of Adequacy for Renewed Motion.***  After Krivoshey withdrew and new plaintiffs joined, the Court ordered limited discovery to address issues relating to the new plaintiffs.  JH Decl. ¶¶ 11-17, Ex. 10.  Plaintiffs agree that this discovery encompassed newly added class counsel's adequacy.  *Id.* ¶¶ 11, 22-23, 25.  Counsel then sought discovery from plaintiffs regarding the adequacy issues Judge Olguin had raised, including whether those issues continued to taint replacement counsel through former counsel's continued involvement or financial interests.  *Id.* ¶¶ 19-21, Exs. 12-14.  Plaintiffs produced two Joint Prosecution Agreements (JPAs), which were not fully executed by plaintiffs, but they otherwise would not or could not provide other discovery GT's had sought on this topic, including through written discovery and plaintiff depositions.  *Id.* ¶¶ 22-23, 26-35, Exs. 15-20, 22-26.

***Subpoenas Issued to Obtain Needed Discovery.***  To address the issues in Judge Olguin's Order, Counsel issued subpoenas to former and replacement counsel.  *Id.* ¶¶ 36-39, Exs. 27A, 27B; JEM Decl. ¶¶ 6-12. The subpoenas achieved their purpose without judicial intervention.  Two firms voluntarily provided declarations in lieu of compliance, after good-faith negotiations, resolving the subpoenas.  JEM Decl. ¶¶ 17, 21; JH Decl. ¶ 42, Exs. 30.  Krivoshey, on the other

MOT. FOR RELIEF FROM ORDER OF M.J.          2

hand, refused to engage in any negotiations, demanding that GT's immediately withdraw its subpoena and then filing a motion to quash.  JEM Decl. ¶ 15; JH Decl. ¶ 41.  Because his declaration in support of quashing contained the information sought, GT's withdrew the subpoena. JH Decl. ¶¶ 44-45, Exs. 32-33. Krivoshey moved for sanctions the next day.  *Id.* ¶ 46, Ex. 34.

*Sanctions Order.*  New to this case—and without acknowledging Judge Olguin's concerns about adequacy or holding a hearing—the Magistrate Judge granted sanctions, ruling subpoenas to Krivoshey were served for an "improper purpose" and without "substantial justification," were "inconsistent with existing law," and posed "undue burden"—clear error and contrary to law.

**A.     Set Aside Entire Order as At Odds With Procedural History.**

The sanctions order is clearly erroneous because it ignores the key events that are the basis for discovery here.  *E.g.*, *Laatz v. Zazzle, Inc.*, 2024 WL 4487355, at *3 (N.D. Cal. 2024) (granting 72(a) relief where magistrate's factual findings failed to account for record evidence supporting requested discovery).  The Order imposed sanctions based on findings that Counsel failed to first seek discovery from plaintiffs and had no valid basis to seek discovery regarding Krivoshey's involvement and financial interest in *Patel*.  But the Court ignored that: **(A)** Judge Olguin's June 21, 2024 Order raised concerns that counsel (including Krivoshey) was inadequate under Rule 23 and ***specifically ordered the parties to address such adequacy in any "renewed" class certification motion*** (JH Decl. ¶ 9, Ex. 1 at 1-6 (emphasis added)); this contradicts the Sanctions Order's finding that Counsel had no purpose tied to litigation.  **(B)** Judge Olguin defined "plaintiffs" to include both plaintiffs and class counsel's adequacy issues (*id.* Ex. 1 at 2 n.3); this contradicts the suggestion discovery was limited to party plaintiffs.  **(C)** Krivoshey withdrew from *Patel* only after the Court flagged adequacy issues (*id.* ¶¶ 9-12); this also contradicts the improper purpose finding.  **(D)** The JPAs suggest former counsel *did* retain rights to fees in the action, and were unexecuted by plaintiffs; and when GT's asked about the subject at deposition, plaintiffs gave conflicting and incomplete testimony, requiring GT's to seek further discovery from replacement counsel and former counsel (*id.* ¶¶ 26-36, Exs. 22-26); this is inconsistent with the Order.  **(E)** GT's *did* (contrary to the Order) attempt to negotiate the scope of Krivoshey's subpoena and tried to extend the compliance date, but he refused to engage (JEM Decl. ¶¶ 15-22).

MOT. FOR RELIEF FROM ORDER OF M.J.          3

**B.      Set Aside Portions re: Improper Purpose and No Substantial Justification.**

The Court found improper purpose and a lack of substantial justification because it found GT's was not entitled to discovery about former counsel's involvement and financial interests in *Patel*.  This was both clearly erroneous and contrary to law for several reasons.

*First*, the Order found Counsel was required to accept the JPAs at face value and accept Krivoshey's withdrawal as a conclusive representation he had no further involvement (Order 17:27-18:35); but that is contrary to law, as a party is not required "to take [responding party's] representations at face value and is entitled to test its veracity [through] discovery." *Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 2018 WL 10561907, at *1 (C.D. Cal. 2018).  The JPAs were not fully executed and *did* appear to retain financial interests for Krivoshey; and plaintiffs would not or could not produce more discovery on them.  JH Decl. ¶¶ 22-23, 26-28, Exs. 15-20, 22-26.

*Second*, the Order erroneously relied on "undisputed" facts that are plainly disputed (and contrary to the record), including findings: **(a)** the Second JPA does not permit Krivoshey to obtain attorneys' fees, Order 18:3–5, but it plainly states he *can* seek fees out of any *Patel* class recovery, JH Decl. ¶¶ 26-28, Exs. 22-23; and **(b)** the lack of plaintiffs' testimony about former counsel foreclosed the possibility that they remained involved, Order 18:3-5, but plaintiffs' testimony reflected they did not know whether Krivoshey remained involved.  JH Decl. ¶¶ 29-35, Exs. 24-26.

*Third*, the Court identifies no "improper purpose" for which Counsel sought the discovery, like harassment, which is contrary to law.  *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (improper purpose found where purpose was harassment not "for the purpose of getting information").  Yet, the Order acknowledged Counsel sought this discovery to investigate adequacy issues (Order 17-18), *which Judge Olguin directed the parties to be prepared to address in connection with class certification*.  JH Decl. ¶¶ 9, 19, Ex. 1.

*Fourth*, the Order reflects disagreement with the reasons for seeking the subpoenaed discovery, but as a matter of law this is not improper purpose.  *E.g.*, *U.S. v. Rico*, 619 F. App'x 595, 601-02 (9th Cir. 2015); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).

*Fifth*, the Order incorrectly states Counsel did "not respond to" the "request for monetary sanctions under Rule 26."  Order at 22.  But the opposition expressly addressed Rule 26(g),

MOT. FOR RELIEF FROM ORDER OF M.J.          4

explaining that Rule 45(d)(1) "encapsulates the discovery principles stated in Rule 26(g)," then addressed the factors (which overlap with Rule 45(d)(1)). JH Decl. Ex. 35 (Opp.) at 10.

### C. Set Aside Portions re: Undue Burden Finding.

The Order's findings that Counsel imposed an undue burden because it should have obtained information from plaintiffs first, and refused to narrow the subpoena's scope or extend the date of compliance, Order 15:11-17:21, are both clearly erroneous.

*First*, GT's did seek the discovery from plaintiffs first. JH Decl. ¶¶ 19-23, 26-38, Exs. 12-20, 22-26. The contrary findings are clearly erroneous.

*Second*, the Order erroneously found it was undisputed that Counsel refused to narrow the scope of the subpoena or extend the time for compliance. Order 15:24-17:21. Not so. Counsel averred in detail how it *did* make those offers, but Krivoshey refused to negotiate, demanded Counsel withdraw the subpoena, and threatened sanctions. JEM Decl. ¶¶ 15-17; Opp. 15:10-22.

*Third*, it misstates Counsel "did not dispute" that it did not disclose the scope of discovery. Order 17:5. But Counsel believed the subpoenas were within that scope. JEM Decl. ¶¶ 18-22.

*Fourth*, the Order finds responsive records were in the "case file" in plaintiffs' possession, so Counsel could not subpoena non-parties. Order 16:7-9. But this overlooks that GT's (a) did seek this information from plaintiffs first, which they would not or could not provide, and (b) sought deposition testimony on matters for which plaintiffs lacked knowledge. JH Decl. ¶¶ 29-37.

### D. Set Aside Portions re: Sanctions Findings.

Stripped of factually and legally erroneous findings, the Order rests on purported procedural defects that cannot support sanctions. Order 14:10-15:23. **(A)** The "defects" regarding notice, personal service, and recipient ambiguity are not clearly "inconsistent with the law," as the Court found, or are disputed by the record. Opp. 19:6-17 (subject of subpoena), 19:18-8 (service), 20:9-16 (notice). **(B)** The Order is contrary to the weight of authority that procedural defects alone do not justify sanctions absent aggravating factors not present. Order 15:11–19; Opp. 18:9-20 (citing cases). **(C)** Awarding fees incurred for motions is contrary to law; these are costs of advocacy, not "compl[iance]." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427, 429 (9th Cir. 2012).

MOT. FOR RELIEF FROM ORDER OF M.J.        5

DATED: July 2, 2026

ROSING POTT & STROHBEHN LLP

By: */s/ Heather L. Rosing*
  *Heather L. Rosing, Attorneys for Jacob M. Harper and Joseph Elie-Meyers*

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
  *Jacob M. Harper, Attorneys for GT's Living Foods LLC*

MOT. FOR RELIEF FROM ORDER OF M.J.  6

**FILER'S ATTESTATION**

I hereby attest that, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), the concurrence to the filing of this document has been obtained from each signatory hereto.

Date: July 2, 2026                                          By: */s/ Jacob M. Harper*
                                                                            Jacob M. Harper

MOT. FOR RELIEF FROM ORDER OF M.J.          1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2700, 350 South Grand Avenue, Los Angeles, California 90071.

On July 2, 2026, I served the foregoing document(s) described as: MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE by placing a true copy of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Smaith Krivoshey, PC
Yeremey O. Krivoshey
166 Geary Street, Suite 1500-1507
San Francisco, CA  94180

Smith Krivoshey, PC
Joel D. Smith
667 Boylston Street, 5th Floor, Suite 1520
Boston, MA  21116

 X    (VIA MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

 X    (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address **linapearmain@dwt.com**, at Floor 27, 350 South Grand Avenue, Los Angeles, California.

Executed on July 2, 2026, at Los Angeles, California.

☐    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

X    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_/s/ Lina Pearmain_____
Lina Pearmain

MOT. FOR RELIEF FROM ORDER OF M.J.          2