ROSING POTT & STROHBEHN
Heather Rosing (SBN 183986)
  *hrosing@rosinglaw.com*
Wener Vieux (SBN 348047)
*Pending admission to the Northern District*
  *wvieux@rosinglaw.com*
770 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 231-0303

*Attorneys for Jacob M. Harper and*
*Joseph Elie-Meyers*

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GT'S LIVING FOODS, LLC,<br><br>Defendant. | Case. No. 3:26-mc-80036-TSH<br><br>(Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)<br><br>**DECLARATION OF JOSEPH ELIE-MEYERS IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>*[Motion for Relief From Nondispositive Pretrial Order; Declaration of Jacob M. Harper; and [Proposed] Order Filed Concurrently]* |

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

## DECLARATION OF JOSEPH ELIE-MEYERS

I, Joseph Elie-Meyers, declare and state as follows:

1.      I am a member in good standing of the bar of the state of California and was formerly an attorney at the law firm of Davis Wright Tremaine LLP until June 2026, when I departed to accept an in-house position.  I represented Defendant GT's Living Foods, LLC (GT's) in the above-referenced matter and was counsel of record in *Patel v. GT's Living Foods, LLC*, No. 2:19-cv-10920-FMO-DSR (C.D. Cal.) (formerly captioned *Sharpe v. GT's Living Foods, LLC*) (this Action) from August 7, 2024 through June 18, 2026.  I make this declaration in support of the concurrently-filed Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Motion for Relief), which sets forth the erroneous findings and holdings contrary to law made in the June 18, 2026 Order.

2.      On December 17, 2024, plaintiffs filed a second amended complaint that added Amit Patel, Lauren Schmidt and Christopher Nunez (collectively, the newly-added plaintiffs) as plaintiffs to the Action.  On October 23, 2025, the *Patel* court reopened discovery as the newly-added plaintiffs.  GT's served written discovery in November 2025 seeking records regarding newly-added plaintiffs; their counsel's adequacy and conflicts of interest; documents regarding newly-added plaintiffs' agreements with counsel; and agreements among current counsel Dovel & Luner, LLP and former counsel Yeremey Krivoshey, Bursor & Fisher P.A., and Smith Krivoshey (collectively, current and former counsel), among other discovery.  In response, in December 2025, newly-added plaintiffs produced joint prosecution agreements suggesting former counsel's ongoing involvement in the action, and reflecting former counsel's ongoing fee-sharing arrangements between current and former class counsel, including Mr. Krivoshey.  Newly-added plaintiffs also represented they would produce responsive records regarding their and their counsel's adequacy and conflicts of interest.  GT's written discovery request and newly-added plaintiffs' responses are detailed further in the concurrently-filed Declaration of Jacob M. Harper (Harper Decl.).

3.      GT's then deposed the three newly-added plaintiffs in an effort to determine, among other questions, the nature and extent of withdrawn counsel's continuing involvement and

1

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

financial interests in the *Patel* litigation. Newly-added plaintiffs provided conflicting testimony regarding the agreements and were unable to answer questions about withdrawn counsel's involvement and current financial interests in the litigation. Newly-added plaintiffs' testimony is also detailed in, and appended as an exhibit to, the concurrently-filed Declaration of Jacob M. Harper.

4. Newly-added plaintiffs' deposition testimony, together with their written discovery responses and document productions, did not provide conclusive answers regarding former counsel's ongoing role in the litigation, the operation of the joint prosecution agreements, or former counsel's continuing financial interests in the litigation.

5. Before GT's defense team determined it was necessary to serve deposition subpoenas on withdrawn plaintiffs' counsel, including Mr. Krivoshey, counsel for GT's, including myself, reviewed the newly-added plaintiffs' written discovery responses, their document productions, and their deposition testimony. GT's defense team concluded that those discovery avenues had not and could not provide definitive answers regarding withdrawn counsel's continuing involvement in the litigation or their continuing financial stake in the litigation. In the view of the GT's defense team, subpoenas were necessary to determine whether withdrawn counsel had a significant financial stake in the outcome of the litigation or were playing a role in the litigation behind the scenes, which would have raised significant concerns about the adequacy of *current* class counsel.

6. On January 29, 2026, notices of subpoenas for deposition and documents were served on Dovel & Luner, LLP (Dovel), Mr. Krivoshey, Bursor & Fisher PA (Bursor), and Ahdoot & Wolfson, PC (Ahdoot).

7. After service of notice of the subpoenas, those subpoenas were served on Dovel, Bursor, and Ahdoot (on January 29, 2026 for Dovel and Bursor at each respective business office, and on January 31, 2026 upon Jeff Westermann of Ahdoot at his residence).

8. After serving the newly-added plaintiffs with notice, numerous attempts were made to serve Mr. Krivoshey with a deposition and document subpoena.

9. I am informed that on January 29, 2026, service was attempted on Mr. Krivoshey

2

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

at 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108.  This address was a mailing center, not a law office, and would not accept service on behalf of Mr. Krivoshey.

10.    GT's Notice of Withdrawal, Declaration of Joseph Elie-Meyers, Dkt. 6-1, contained a typographical error regarding GT's first attempted service on Mr. Krivoshey, which incorrectly stated that the first attempt to serve Mr. Krivoshey at the Geary Street address was made on January 19.  In fact, it was made on the afternoon of January 29, after service of notice on *Patel* plaintiffs.

11.    After service at the Geary Street address failed, a materially identical subpoena was prepared for service on Mr. Krivoshey at his home address.  I am informed that three service attempts were made between February 2 and February 4, 2026, though none was successful.

12.    Another subpoena was prepared for service on Mr. Krivoshey through the registered agent of Mr. Krivoshey's law firm, Smith Krivoshey, PC.  This subpoena was materially identical to the prior subpoena, except it provided for a unilaterally extended deposition date to provide reasonable time for compliance to February 18, 2026.  I later learned that, due to a miscommunication with my colleague in the course of preparing the new subpoena, "You" in Attachment A to the subpoena was defined in error as "Smith Krivoshey PC, and where appropriate in the context, all representatives, managers, attorneys, employees, and agents acting on its behalf," instead of being defined as Mr. Krivoshey, as it had been in the prior, unserved subpoenas.

13.    As I stated to Mr. Krivoshey on the February 9, 2026 meet and confer call, we considered the later-served Subpoena with the February 18 date as the operative subpoena.  Service of the Subpoena on the registered agent was accomplished on February 4, 2026.

14.    I previously submitted a declaration in support of the Opposition to the Motion for Sanctions, a true and correct copy of which is attached hereto (without exhibits) as **Exhibit 41**.  I previously detailed the attempts to serve Mr. Krivoshey described above, as well as my meet and confer efforts with Mr. Krivoshey regarding the subpoena in that Declaration.  Below I address the Court's findings regarding the conferral efforts, which appear to ignore significant parts of my declaration, or misstate my testimony.

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

15. On February 9, 2026, I had a conferral call with Mr. Krivoshey and his colleague Joel Smith, regarding the subpoena. The Court found that I made "a general averment" that I "offered to discuss limiting the scope of the subpoena or to extend the time for compliance to allow additional time to negotiate," but "do[] not dispute that" I "refused to continue Krivoshey's deposition after Krivoshey pointed out the facial deficiencies with the Subpoena[.]" (Order at 16–17.) That is contrary to my declaration and the facts. As I explained in my declaration, during the call, I repeatedly offered to extend the compliance date of the subpoena to continue negotiations, but was repeatedly rebuffed by Mr. Krivoshey and Mr. Smith's demands that we simply withdraw the subpoena. (Exhibit 41 ¶ 12.) Mr. Krivoshey and Mr. Smith refused to engage in any conferral at all about the scope of the subpoena, rejected my attempts to initiate such conferral from the outset, and instead repeatedly demanded that GT's withdraw the subpoena in its entirety. Early in the call, they threatened that if GT's failed to do so, they would force GT's to oppose a motion to quash and a motion for sanctions against GT's and its counsel. This description of our conferral is unrefuted by Mr. Smith and Mr. Krivoshey.

16. The Court also states that "GT refused to continue the compliance date [of the subpoena] unless the *Patel* Plaintiffs agreed to extend discovery," citing a February 10 email to Mr. Smith and Mr. Krivoshey. (Order 17; *see id.* at 8–9.) However, that February 10 email was sent *after* the conferral had concluded and the parties had reached an impasse because Mr. Krivoshey refused to negotiate narrowing the subpoena at all. The email reflects GT's determination that it could not extend compliance time to allow Mr. Krivoshey's Motion to Quash without an extension of the discovery deadline, because otherwise the subpoena compliance deadline would have been moved past the discovery cutoff and GT's would be left without remedy. (Exhibit 41 ¶ 15.) For that reason, the email states that GT's would agree to extend the subpoena's compliance date to allow a normally noticed motion if the discovery deadline in the *Patel* litigation were likewise extended. Because of the March 5 discovery deadline, GT's could not accommodate Mr. Krivoshey's desire to resolve the motion to quash under the regular noticed motion schedule.

17. In contrast, GT's (through counsel) had previously agreed to multiple extensions of

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the compliance deadlines for the subpoenas served on Bursor and Dovel to allow for continued, good-faith negotiations, which both firms engaged in from the outset. In both cases, those continued negotiations (and GT's agreements to extend the compliance deadlines) resulted in negotiated resolutions of the Bursor and Dovel subpoenas without either depositions or motion practice.

18. The Court also found that I "relayed incorrect information" to Mr. Krivoshey and Mr. Smith during the February 9, 2026 conferral call. That is false. As I explained in my previous declaration (Exhibit 41 ¶ 14), I accurately told Mr. Krivoshey the date for which Dovel & Luner LLP's deposition had been noticed, though I inadvertently did not mention that in the course of negotiations with Dovel we had subsequently moved the compliance date originally noticed in the Dovel subpoena.

19. The Court also found that on the February 9 call, I "did not disclose that fact discovery was limited to the new *Patel* Plaintiffs" when I responded to Mr. Smith and Mr. Krivoshey's question about the date that discovery closed. I was not intentionally withholding relevant information about the scope of discovery when I accurately responded to Mr. Smith and Mr. Krivoshey's question about the date discovery closed by providing them with the exact information they had requested. As detailed in my prior declaration (Exhibit 41 ¶ 13), the Opposition to Motion for Sanctions (Dkt. 10), and my colleague Jacob Harper's declaration in support of the current Motion for Relief, the GT's litigation team and I understood that the Court's order reopening discovery for the newly-added plaintiffs also reopened discovery into the adequacy of newly-added plaintiffs' *counsel* and potential conflicts, which were issues Judge Olguin had specifically identified in denying class certification and ordered the parties to address in the renewed motion for class certification—and which Mr. Krivoshey would have known, as he was still counsel of record when Judge Olguin issued that order denying class certification. Indeed, Plaintiffs' counsel from Dovel also appears to have shared GT's understanding that the scope of the discovery order included discovery into counsel's adequacy and conflict, as plaintiffs did not object to GT's written discovery requests seeking information about withdrawn counsel's involvement and agreements as outside the scope of written discovery, and indeed provided

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

written discovery and document productions responsive to GT's discovery requests on those topics.

20. The Court also stated I "refused to provide a copy of the First Subpoena or answer questions about that Subpoena" during the February 9 call. (Order at 16–17.) That is not quite correct. During the February 9 meet-and-confer, Mr. Krivoshey and Mr. Smith did request a copy of the earlier version of the subpoena that GT's had initially attempted, but failed, to serve. I explained during the call that the subpoena ultimately served on Mr. Krivoshey's registered agent was substantively the same subpoena and that the earlier version had simply been revised after GT's encountered difficulties effecting personal service. I further explained that GT's considered the subpoena served on the registered agent to be the operative subpoena, as we had not served and so could not seek to enforce the earlier, unserved subpoena. At the time, I understood that explanation to resolve their inquiry regarding the subpoena, and that there was no legal basis for them to demand a copy of an unserved subpoena.

21. I met and conferred with both Dovel and Bursor regarding their respective subpoenas prior to my conferral with Mr. Krivoshey, and during each of those conferrals offered to negotiate the scope of the subpoenas and to extend their compliance deadlines to allow for negotiation, as I did during the conferral regarding Mr. Krivoshey's subpoena. Bursor and Dovel engaged, in good-faith in negotiations to attempt to narrow the scope of the subpoena and avoid depositions of counsel. Throughout the course of those conferrals, I agreed to extend the compliance dates of their subpoenas, once for Bursor and twice for Dovel. As a result of these ongoing, good-faith negotiations, in each case we were ultimately able to agree that Dovel and Bursor could satisfy the subpoenas with sworn declarations providing the information GT's required, i.e., regarding former counsel's financial interests and continued involvement in the Action, in lieu of document productions or deposition testimony.

22. At all times during my involvement in these matters, my objective was to obtain discovery relevant to the issues remaining in the Patel litigation while minimizing unnecessary burden on third parties. My communications during the meet-and-confer process reflected that objective, including my repeated efforts to discuss narrowing the subpoena and my willingness to

6

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

withdraw the subpoena once GT obtained the information it sought through other means.

I declare under penalty of perjury that the foregoing is true and correct.

Executed Friday, July 2, 2026, at Los Angeles, California.

Signed by:

Joseph Elie-Meyers

Joseph Elie-Meyers

ELIE-MEYERS DECL. ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 41

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
 *jharper@dwt.com*
Heather F. Canner (SBN 292837)
 *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
 *josepheliemeyers@dwt.com*
Peter K. Bae (SBN 329158)
 *peterbae@dwt.com*
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*GT's Living Foods, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>Defendant. | Case. No. 3:26-mc-80036-TSH<br><br>(Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)<br><br>**DECLARATION OF JOSEPH ELIE-MEYERS IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS**<br><br>*[Opposition; Motion to Consider Whether Another Party's Material Should Be Sealed; Declarations of Jacob Harper and Joseph Elie-Meyers; and [Proposed] Order Filed Concurrently]* |

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

## <u>DECLARATION OF JOSEPH ELIE-MEYERS</u>

I, Joseph Elie-Meyers, declare as follows:

1.     I am an associate with the law firm of Davis Wright Tremaine LLP, counsel for GT's Living Foods, LLC (GT's) in the matter of *Patel et al. v. GT's Living Foods, LLC,* Case No. 2:19-cv-10920-FMO-DSR (C.D. Cal.) (*Patel*). I make this declaration in support of Non-Parties Davis Wright Tremaine LLP, Jacob M. Harper, and Joseph Elie-Meyers' Opposition to Motion for Sanctions. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2.     In December 2025, newly added plaintiffs Amit Patel, Lauren Schmidt, and Christopher Nunez (the new plaintiffs) in *Patel* produced in discovery copies of joint prosecution agreements between these plaintiffs' current and former counsel, including Yeremey Krivoshey. Those documents, which included a fee-sharing agreement between current and former counsel, gave rise to the concern that Mr. Krivoshey and other withdrawn counsel were playing an ongoing role, and had an ongoing financial interest, in the *Patel* litigation. True and correct copies of those joint prosecution agreements are attached hereto as **Exhibit 1**.

3.     In subsequent depositions of the new plaintiffs, GT's was unable to elicit information from these plaintiffs sufficient to address its concerns regarding the ongoing involvement and financial interest of former counsel in the *Patel* litigation. A true and correct copy of relevant portions of the new plaintiff Amit Patel's deposition transcript is attached hereto as **Exhibit 2**. A true and correct copy of relevant portions of the new plaintiff Christopher Nunez's deposition transcript is attached hereto as **Exhibit 3**. A true and correct copy of relevant portions of the new plaintiff Lauren Schmidt's deposition transcript is attached hereto as **Exhibit 4**.

4.     On January 29, 2026, GT's served the new plaintiffs with notices of subpoenas for deposition and documents to be served on Dovel & Luner (Dovel), Mr. Krivoshey, Bursor & Fisher PA (Bursor), and Adhoot & Wolfson, PC. A true and correct copy of the notice of subpoena is available on the docket at ECF No. 9-2, and a true and correct copy of the subpoena addressed to Mr. Krivoshey attached to the notice of subpoena is available at ECF No. 9-2 at Exhibit 2.

1

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

5. After serving the new plaintiffs with notice, GT's made numerous attempts to serve Mr. Krivoshey with a deposition and document subpoena.

6. I am informed that on January 29, 2026, GT's attempted service on Mr. Krivoshey at 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108. This address was a mailing center, not a law office, and would not accept service on behalf of Mr. Krivoshey.

7. GT's Notice of Withdrawal, ECF No. 6, contained a typographical error regarding GT's first attempted service on Mr. Krivoshey, which incorrectly stated that the first attempt to serve Mr. Krivoshey at the Geary Street address was made on January 19. In fact, it was made on the afternoon of January 29, after service of notice on *Patel* plaintiffs. Attached as **Exhibit 5** is a true and correct copy of correspondence with GT's process server confirming service was attempted at 28 Geary Street, Ste. 650 No. 1507, San Francisco, CA 94108 on January 29, 2026.

8. After service at the Geary Street address failed, GT's subsequently prepared a materially identical subpoena for service on Mr. Krivoshey at his home address. I am informed that three service attempts were made between February 2 and February 4, 2026, though none was successful.

9. GT's then prepared another subpoena for service on Mr. Krivoshey through the registered agent of Mr. Krivoshey's law firm, Smith Krivoshey, PC. This subpoena was materially identical to the prior subpoena, except it provided for a unilaterally extended deposition date to provide reasonable time for compliance to February 18, 2026. I later learned that, due to a miscommunication with my colleague in the course of preparing the new subpoena, "You" in Attachment A to the subpoena was defined in error as "Smith Krivoshey PC, and where appropriate in the context, all representatives, managers, attorneys, employees, and agents acting on its behalf." A true and correct copy of the subpoena (the Subpoena) served on Mr. Krivoshey's through his law firm's registered agent is available on the docket at ECF No. 9-3.

10. As I stated to Mr. Krivoshey on February 9, 2026 meet and confer call, GT's considered the later-served Subpoena with the February 18 date as the operative subpoena. Service

2

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

of the Subpoena on the registered agent was accomplished on February 4, 2026. A true and correct copy of the proof of service of the Subpoena is attached hereto as **Exhibit 6**.

11. On February 9, 2026, I met and conferred with Mr. Krivoshey and Joel Smith regarding the subject Subpoena. From the outset of the call I was taken aback by Mr. Krivoshey and Mr. Smith's aggressive tone, unprofessional demeanor, and unwillingness to negotiate the scope or timing of subpoena compliance. Early in the call, Mr. Krivoshey and Mr. Smith informed me that if the subpoena was not withdrawn, they intended to move to quash and for sanctions. During the call I repeatedly informed Mr. Smith and Mr. Krivoshey that I believed their approach to the conferral was unprofessional and did not appear to be aimed at reaching a reasonable compromise.

12. During the conferral, I repeatedly offered to discuss limiting the scope of the Subpoena, or to extend the time for compliance to allow additional time to negotiate the scope of the Subpoena. Mr. Krivoshey and Mr. Smith declined to discuss limiting the scope of the Subpoena or modifying the date for compliance in furtherance of such negotiations. Instead, they stated that they intended to move to quash and for sanctions if the Subpoena was not withdrawn. Their all-or-nothing approach to the negotiation set the stage for an unproductive call and, in my view at the time and now, made open-handed and candid negotiation all but futile. Nevertheless, throughout the call I repeatedly informed them that I remained willing to negotiate the scope and timing of the Subpoena to alleviate any undue burden.

13. When Mr. Smith and Mr. Krivoshey inquired about the close of discovery, I accurately stated that discovery closed on March 5, 2026. When they asked me, in substance, if there was anything I would like to add regarding the close of discovery date, I replied that there was not. It was apparent from the tone and content of their questioning that Mr. Krivoshey and Mr. Smith were attempting to manufacture a situation from which they could impute to me a lack of candor. This was, in my view, confirmed when, immediately after asking me if I had anything to add, they asked me if I had intended to inform them of what they characterized as the limited

3

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

scope of reopened discovery. At the time, as now, I believed that the subpoena sought information within the boundaries of the reopened discovery period.

14. During the conferral, Mr. Smith and Mr. Krivoshey inquired as to the order of depositions, specifically the date for which Dovel's deposition had been noticed. I was not sure of the date offhand, and to confirm, referred to the notice of subpoenas issued to Dovel. Based on the notice of subpoena, I accurately told Mr. Smith and Mr. Krivoshey that Dovel's deposition had been noticed before the February 18 compliance date on Mr. Krivoshey's Subpoena. I neglected to mention that Dovel's noticed deposition date had subsequently been rescheduled as a result of meet-and-confer efforts, though I did not think this was relevant to the propriety of the subpoena at issue. I informed counsel that, in our view, the order of depositions was irrelevant to the propriety of Mr. Krivoshey's subpoena. Later, after Mr. Krivoshey and Mr. Smith had repeatedly and aggressively asked me which documents might be in their possession that were not in the possession of Dovel, I responded that we could not definitively know the answer to that question until after Dovel's deposition. I do not recall affirmatively representing that Mr. Krivoshey would actually be deposed before the Dovel was deposed, and do not believe I would have made that representation given that at the time the compliance date for all subpoenaed parties were in flux due to ongoing compliance negotiations.

15. On February 10, 2026, Mr. Smith emailed to ask whether GT's would agree to vacate the compliance date pending a ruling on the motion to quash. In response, I offered to extend the Subpoena's compliance deadline to allow Mr. Krivoshey to move to quash, subject to the *Patel* plaintiffs' current counsel's agreement to extend the approaching March 5 discovery deadline. The intent of this offer was to accommodate Mr. Smith's request while also preserving GT's ability to seek third-party discovery from Mr. Krivoshey by extending the discovery deadline. A true and correct copy of the February 10 correspondence is available on the docket at ECF No. 9-5.

16. On February 17, 2026, I emailed Mr. Krivoshey and Mr. Smith, informing them that the Subpoena was withdrawn in light of Mr. Krivoshey's sworn declaration submitted in

4

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS

support of the pending Motion to Quash, which set out largely the same information that GT's sought to obtain by way of subpoena. The email also advised Mr. Krivoshey and Mr. Smith of GT's intent to file with the Court its notice of withdrawal of the Subpoena. I also advised Mr. Krivoshey and Mr. Smith that other non-parties agreed in pre-motion conferrals to provide substantially similar declarations in lieu of depositions or documents. GT's withdrew its subpoenas to these other non-parties. A true and correct copy of the February 17, 2026 email is attached hereto as **Exhibit 7**.

17. As explained above, Mr. Krivoshey rebuffed GT's conferral efforts, insisting from the outset that he would not negotiate compliance and intended to move to quash and for sanctions. In the meantime, I met and conferred with Bursor on February 9 and 17, 2026, and Dovel on February 4 and 13. During these conferrals, I agreed to reschedule deposition dates to continue negotiations.

18. As result of continued discussions with the other subpoenaed counsel, Dovel and Bursor agreed, after extensive conferral regarding compliance with similar subpoenas, to provide sworn declarations describing the nature of their relationship with former counsel in the *Patel* litigation in lieu of deposition testimony or document production. GT's withdrew its subpoenas to Dovel and Bursor after they agreed to provide sworn declarations.

19. A true and correct copy of the district court order denying class certification in *Patel*, ECF No. 129, is attached hereto as **Exhibit 8**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of March 2026, at Los Angeles, California.

          */s/ Joseph Elie-Meyers*
              Joseph Elie-Meyers

5

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

ELIE-MEYERS DECLARATION IN SUPPORT OF
OPPOSTION TO MOTION FOR SANCTIONS