Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for the* Patel *Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,

*Plaintiffs*,

v.

GT'S LIVING FOODS, LLC,

*Defendant*.

Case No. 3:26-mc-80036-TSH

**AMIT PATEL, LAUREN SCHMIDT, AND CHRISTOPHER NUNEZ'S STATEMENT IN SUPPORT OF JACOB HARPER AND JOSEPH ELIE-MEYERS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Pursuant to Civil Local Rules 7-11 and 79-5, Amit Patel, Lauren Schmidt, and Christopher Nunez (the "*Patel* Plaintiffs") hereby submit this statement in support of Jacob Harper and Joseph Elie-Meyers' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Motion") (Dkt. 24), and request that the Court issue an Order sealing Exhibits 22 and 23 to the Declaration of Jacob M. Harper in support of Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Harper Declaration") (Dkt. 23-1) and portions of paragraphs 26 through 28 of the Harper Declaration. As set forth below, there is good cause to seal these documents because they contain sensitive, non-public business information. Indeed, this Court and another court recently found good cause to seal these same documents under the same standard that applies here. Jacob Harper and Joseph Elie-Meyers do not take a position on whether these materials should be sealed. Dkt. 24 at p. 1.

## I. Background.

The Motion provisionally seals Exhibits 22 and 23 to the Harper Declaration, and portions of paragraphs 26 through 28 in the Harper Declaration that contain excerpts from those two exhibits. Exhibits 22 and 23 are two agreements produced by the *Patel* Plaintiffs in *Patel et al. v. GT's Living Foods, LLC*, Case No. 2:19-cv-10920-FMO-DSR (the "Central District Matter"), pending in the United States District Court for the Central District of California. This Court previously granted a motion to seal these documents, which were filed in this action as Exhibit 1 to the Declaration of Joseph Elie-Meyers in Support of Opposition to Motion for Sanctions (Dkt. 10-2, Dkt. 18). *See* Dkt. 17 (granting motion to seal these documents). The magistrate judge overseeing discovery disputes in the Central District Matter also previously granted a motion to seal these documents. *See* Central District Matter, Dkt. 194 (granting application to seal these same two agreements).

## II. Applicable Law.

Although courts generally recognize a presumption of the public's right to access court records, this right is not absolute. The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "sealed discovery document[s attached] to a non-dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and quotes omitted). When dealing with such documents—which are often "unrelated, or only tangentially related, to the underlying

cause of action"—"the usual presumption of the public's right of access is rebutted." *Id.* "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Id.* at 1180. Requests to seal in connection with non-dispositive sanctions motions unrelated to the merits of the case, like the Motion here, are subject to the "good cause" standard. Dkt. 17 at p. 2 (applying good cause standard when sealing documents filed with the underlying motion for sanctions here); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (explaining that the good cause standard applied to "a sealed discovery document to a nondispositive sanctions motion filed with the court"). Courts regularly find good cause to seal documents containing confidential business information. *E.g.*, *Perfect Event Inc. v. Bosworth*, 2015 U.S. Dist. LEXIS 192798, at *9 (C.D. Cal. Sept. 17, 2015) (collecting cases).

## III. Argument.

Exhibits 22 and 23, which the *Patel* Plaintiffs seek to remain sealed, consist of agreements between the *Patel* Plaintiffs' current counsel and the *Patel* Plaintiffs' former counsel relating to the litigation of the Central District Matter. These documents contain confidential business information, including (1) how casework and responsibility would be distributed between firms; (2) how costs would be borne and paid between firms; (3) how cost reimbursement and attorneys' fees would be distributed between firms, and what factors affect the distribution of cost reimbursement and fees; and (4) how the firms would resolve disputes regarding the agreements. Both agreements contain a confidentiality clause whereby the law firms agreed to keep the terms of the agreements confidential to the fullest extent possible under the law. Paragraphs 26 through 28 of the Harper Declaration contain excerpts of these two agreements, including excerpts that contain the same confidential business information identified above.

The good cause standard applies to this sealing application. Exhibits 22 and 23 and paragraphs 26 through 28 of the Harper Declaration were filed in connection with a nondispositive motion for relief from a nondispositive sanctions motion to which the good cause standard applies. Dkt. 17 at p. 2; *Ctr. for Auto Safety*, 809 F.3d at 1097.

Exhibits 22 and 23 and the excerpts therefrom in paragraphs 26 through 28 of the Harper

Declaration satisfy the good cause standard and should remain under seal because they contain the sensitive, non-public business information of the law firms who signed the agreements concerning the financial and operational agreements between the *Patel* Plaintiffs' current and former counsel. Courts in the Ninth Circuit regularly find good cause to seal confidential business information when disclosure would create a competitive disadvantage. *E.g.*, *Lane v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 82065, at *9-10 (N.D. Cal. June 11, 2013) (granting motion to seal document containing financial information when disclosure could place party at competitive disadvantage); *see also Moussouris v. Microsoft Corp.*, 2018 U.S. Dist. LEXIS 78456, at *5 (W.D. Wash. Apr. 25, 2018) (granting application to seal retainer agreements between law firm and clients because those agreements contained confidential business information of a non-party). Here, public disclosure would reveal the firms' strategic and economic arrangements in class action litigation and in negotiating joint prosecution and related agreements. If these documents were publicly disclosed, competitors could leverage this information in future negotiations, undermining the firms' bargaining position and impairing their ability to secure favorable terms—placing them at a competitive disadvantage. *Tessera, Inc. v. Motorola, Inc.*, 2012 U.S. Dist. LEXIS 113121, at *5-6 (N.D. Cal. Aug. 10, 2012) (granting motion to seal when disclosure of contract terms would place party at "competitive disadvantage in entering into future" agreements "by providing others in the market with 'information that they would otherwise not have about [party's] licensing terms and practices that would provide'" them with "'a strategic negotiation advantage'"). These agreements have not been publicly disclosed, and remain confidential. Indeed, both this Court and the court in the Central District Matter recently found good cause to seal these agreements for these reasons. *See* Dkt. 17 at p. 4; Central District Matter, Dkt. 194. Because the disclosure of these documents would risk concrete competitive harm, good cause exists to keep Exhibits 22 and 23, and the portions of paragraphs 26 through 28 of the Harper Declaration that excerpts Exhibits 22 and 23, sealed.

The *Patel* Plaintiffs' sealing request is narrowly tailored in that it seeks to seal only the agreements and excerpts from the agreements, where disclosure of these materials would subject the parties of those agreements to the harms identified above.

Dated: July 6, 2026

Respectfully submitted,

By: _/s/ Martin Brenner_

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for the* Patel *Plaintiffs*