**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and all Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>          Defendant. | MIS. Case No.  26-mc-80036-TSH<br><br>(CASE NO. 2:19-cv-10920-FMO-GJS Pending in the Central District of California)<br><br>**NON-PARTIES' SUPPLEMENTAL BRIEF ON THE REASONABLENESS OF ATTORNEY'S FEES PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS (ECF NO. 21)** |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     THE REQUESTED FEES ARE REASONABLE AND SUPPORTED BY
        THE RECORD ....................................................................................................2

        A.      Smith Krivoshey's Rates Are Reasonable.................................................3

        B.      Smith Krivoshey's Time Expended Is Reasonable ...................................5

        C.      Defendant's Anticipated Arguments Lack Merit .......................................7

                1.      The Matter Was Staffed As Needed To Respond To Exigent
                        Circumstances That Defendant Created ..........................................7

                2.      The Time Entries Are Sufficiently Detailed....................................7

                3.      The Comparisons With Defendants' Counsels' Billing Rates
                        And Time Are Appropriate ...............................................................8

                4.      No Discretionary Reduction In Fees Is Warranted...........................8

III.    CONCLUSION ....................................................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blackwell v. Foley*,
724 F. Supp. 2d 1068 (N.D. Cal. 2010) ....................................................................................5

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008)....................................................................................................3

*Carehouse Convalescent Hosp. v. Super. Ct.*,
143 Cal. App. 4th 1558 (2006)..................................................................................................1

*Fisher v. SJB-P.D., Inc.*,
214 F.3d 1115 (9th Cir. 2000)...............................................................................................5, 7

*Full Tilt Boogie LLC v. Kep Fortune LLC*,
2021 WL 7285992 (C.D. Cal. Dec. 28, 2021) .........................................................................5

*Garcia v. Resurgent Capital Servs., LP*,
2012 WL 3778852 (N.D. Cal. Aug. 30, 2012)..........................................................................5

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ..................................................................................................................8

*Hernandez v. WM Wholesale, LLC*,
2026 WL 1770696 (C.D. Cal. May 12, 2026) ...............................................................3, 4, 5

*In re Animation Workers Antitrust Litig.*,
2016 WL 6663005 (N.D. Cal. Nov. 11, 2016).........................................................................4

*Koeppen v. Carvana, LLC*,
2024 WL 3925703 (N.D. Cal. Aug. 22, 2024)..........................................................................3

*Koji Ip, LLC v. Renesas Elec. Am., Inc.*,
2026 WL 788358 (N.D. Cal. Mar. 20, 2026)............................................................................2

*LA Int'l Corp. v. Prestige Brands Holdings, Inc.*,
168 F.4th 608 (9th Cir. 2026)...............................................................................................3, 8

*LA Printex Indus. Inc. v. VF Corp.*,
2014 WL 12587037 (C.D. Cal. Jan. 14, 2014) ........................................................................9

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004)....................................................................................................8

*Mogan v. Sacks, Ricketts & Case LLP*,
2022 WL 1458518 (N.D. Cal. May 9, 2022) ................................................................................ 2

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ...................................................................................................... 5

*Patagonia, Inc. v. 18A Chrons. LLC*,
2023 WL 5505805 (C.D. Cal. July 11, 2023) .............................................................................. 7

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986) ..................................................................................................................... 3

*Rios v. City of Los Angeles*,
2023 WL 3432164 (C.D. Cal. Mar. 2, 2023) ............................................................................... 3

*Shin v. ICON Foundation*,
2025 WL 672936 (N.D. Cal. Mar. 3, 2025) ................................................................................ 3

*State of California v. The Kroger Co.*,
2024 WL 4453267 (C.D. Cal. Oct. 9, 2024) ............................................................................... 1

*Thompson v. Gomez*,
45 F.3d 1365 (9th Cir. 1995) ....................................................................................................... 6

*Zhang v. Ehang Holdings Ltd.*,
2026 WL 516241 (C.D. Cal. Jan. 12, 2026) ............................................................................... 3

## I.    Introduction

After the Court granted the Non-Parties Yeremey Krivoshey and Smith Krivoshey P.C.'s motion for sanctions and ordered supplemental briefing on fees, additional court records surfaced that further show that what transpired here had nothing to do with the discovery needs of the underlying case, but instead was the latest episode in a history of problem behavior. Around the same time that Defendant sent process servers to Mr. Krivoshey's and other attorneys' homes seeking to depose all of them about the underlying case, its counsel Mr. Harper also served two state government attorneys with subpoenas at their homes in another matter captioned, the *State of California v. The Kroger Co*. The Superior Court granted the state attorneys' motion for a protective order, explaining that "[d]epositions of opposing counsel are presumptively improper…" and that—like here—Mr. Harper was seeking to depose opposing counsel about information that was available from fact witnesses. Ex. 5 at 8-9 (internal quotation omitted).

These facts are relevant to the fee request because Defendants' counsel will ask the Court to exercise its discretion to reduce the requested fees. As the state court in the *State of California* matter explained, "attorney depositions may serve as a potent tool to harass an opponent,"[1] and the record here shows that Mr. Harper abuses this tool—having served at least six different subpoenas on opposing counsel in the space of a month and in two different matters (*i.e.*, four here and two against government attorneys in *State of California*). History also shows that if the Court does not take sufficient corrective action, this behavior will continue. Indeed, in *State of California*, the court initially denied sanctions concerning the attorney subpoenas, but then less than two months later, issued sanctions when Mr. Harper's discovery misconduct continued. *See* Ex. 6. And it was the second time he had been sanctioned in that case. *See State of California v. The Kroger Co.*, 2024 WL 4453267 at *3 (C.D. Cal. Oct. 9, 2024).

As to the amount of fees requested, the Non-Parties previously submitted time records with their opening brief and reply brief in support of sanctions, which are being resubmitted without change here. *See* Exs. 1-2 to Smith Decl. ISO Supplemental Brief ("Smith Decl."); *see also* ECF

---

[1] Ex. 5 at 8 (quoting *Carehouse Convalescent Hosp. v. Super. Ct.*, 143 Cal. App. 4th 1558, 1563 (2006)).

Nos. 9-8 and 13-3. Subject to the outcome of further proceedings here, the Non-Parties currently seek fees only for the time that has already been submitted.[2] Excluding time spent on this supplemental brief and other post-filing work that was not already included in the previously filed time records simplifies the request and further supports the reasonableness of the fees. The Non-Parties therefore seek a total of $100,280, which covers all tasks that this Court held were compensable in the sanction order: "responding to the Second Subpoena, moving to quash and shorten time for the Second Subpoena, and moving for sanctions and replying to GT's Opposition to the motion for sanctions." June 18, 2026 Order, at 21:26-27. Mr. Harper and Mr. Elie-Meyers are jointly and severally liable for these fees. *See, e.g.*, *Koji Ip, LLC v. Renesas Elec. Am., Inc.*, 2026 WL 788358 at *9 (N.D. Cal. Mar. 20, 2026) (holding sanctioned attorneys "jointly and severally liable" for fees).

***Reasonable Rates.*** First, the Non-Parties' requested rates are reasonable and fall well within market rates for similarly qualified complex class action litigators in major markets like San Francisco and Los Angeles. The Non-Parties' rates are comparable to those of their peers and to Defendant's counsel's standard rates. After Smith Krivoshey was founded in 2024, several courts have approved the firm's fees, and no court has ever reduced the fees requested or suggested they were unreasonable.

***Reasonable Time.*** The amount billed is reasonable in light of the multiple filings in response to Defendant's defective subpoena; the need to marshal and explain extensive evidence spanning several years; and the numerous legal issues raised in the briefing. The sanction order itself was twenty-three pages long, and it reflects the extensive record that was created in connection with the motion. Time records that were contemporaneously generated at each step of the process disclose that the Non-Parties efficiently completed a substantial amount of work under tight deadlines.

## II.    The Requested Fees Are Reasonable And Supported By The Record

"Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged." *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 1458518,

---

[2] The Non-Parties reserve their right to seek additional fees generated in connection with the pending motion for review (ECF No. 23), any appeals, or other subsequent events to the extent such fees would be recoverable.

at *2 (N.D. Cal. May 9, 2022) (Hixson, J.) (internal quotation omitted). "There is a 'strong presumption' that the lodestar represents a 'reasonable' fee." *Rios v. City of Los Angeles*, 2023 WL 3432164, at *2 (C.D. Cal. Mar. 2, 2023) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

### A.    Smith Krivoshey's Rates Are Reasonable

The Ninth Circuit issued its most recent decision on fees a few months ago. *See LA Int'l Corp. v. Prestige Brands Holdings, Inc*., 168 F.4th 608 (9th Cir. 2026) ("*Prestige Brands*"). Under *Prestige Brands*, so long as the rates meet the required criteria, a small four-person law firm like Smith Krivoshey is entitled to the same fees as a "Big Law" firm like Davis Wright Tremaine. *See id.* at 626 (holding lower court erred when it found it "unreasonable to award 'big law' rates to a four-person firm" because "[a] firm's size does not directly bear on the factors we must consider when awarding fees."). "The hourly rates a district court uses in its fee calculation must be in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 624 (internal quotation omitted; cleaned up). "A fee applicant may satisfy its burden of showing that the proposed hourly rate is reasonable by submitting affidavits of counsel or case law addressing attorney rates for comparable work in the community." *Hernandez v. WM Wholesale, LLC*, 2026 WL 1770696 at *6 (C.D. Cal. May 12, 2026) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)).

Here, every attorney who billed this matter practices almost exclusively in class action litigation, and primarily in major markets like San Francisco, Los Angeles, Boston, Chicago, and Manhattan. Smith Decl. ¶ 2; *see also* Ex. 3 (Firm Resume). The attorney rates range between $850 - $1,125, the paralegal rate is $350, and their combined blended rate in this matter is approximately $991. *Id.* ¶ 3-4; *see also* Exs 1-2. These metrics fall well within the local market's range of reasonableness for complex litigation, and they are consistent with fee awards in other cases litigated in San Francisco and other major markets. *See, e.g., Koeppen v. Carvana, LLC,* 2024 WL 3925703, at *12-13 (N.D. Cal. Aug. 22, 2024) (Hixson, J.) (finding, in 2024, that rates ranging from $575 to $1,495 per hour were reasonable); *Shin v. ICON Foundation*, 2025 WL 672936 at *4 (N.D. Cal. Mar. 3, 2025) (finding that 2024 rates between $975 and $1,485 were reasonable); *Zhang v. Ehang*

*Holdings Ltd.*, 2026 WL 516241, at *14 (C.D. Cal. Jan. 12, 2026) (finding "applied hourly rates of $1,100-1,400 for partners, $975 for counsel, $500-675 for associates, and $250 for paralegals" to be "in line with prevailing rates in this district" for complex class action practitioners in Los Angeles).

More specifically, since Smith Krivoshey was founded in 2024, several courts have approved the firm's rates, and none held that the rates were unreasonable.[3] The most recent decision awarding fees was issued on May 12, 2026, in a class action matter that had been pending in the Central District of California. *See Hernandez*, 2026 WL 1770696 at *6. There, Judge Klausner approved the same rates Smith Krivoshey is seeking here after evaluating rates typically approved in the Central and Northern Districts of California. *See id.* at *9 (*citing*, *e.g.*, *In re Animation Workers Antitrust Litig.*, 2016 WL 6663005, at *6 (N.D. Cal. Nov. 11, 2016)).

Finally, there can be no legitimate dispute about the reasonableness of the rates because Smith Krivoshey's current 2026 rates are comparable to the standard rates that Defendant's counsel charged in 2025:

| Non-Party Attorneys (2026 Rates) | | Defendant's Counsel (2025 Rates) | |
|---|---|---|---|
| Attorney (years in practice) | Hourly Rate | Attorney (years in practice) | Hourly Rate |
| Joel Smith (19) | $1,125 | Jacob Harper (16) | $990 |
| Yeremey Krivoshey (13) | $950 | Joseph Elie-Meyers (6) | $800 |
| Brittany Scott (6) | $850 | | |

Smith Decl., ¶ 7; *see also* ECF No. 9-10 (disclosing Defendant's counsel's 2025 rates). Last year, when seeking fees in connection with another sanction motion, Defendant's counsel argued that courts "routinely award fees" where the hourly billing rate exceeded $1,000 per hour for complex

---

[3] *See Allen v. Husqvarna Professional Prods., Inc.*, 3:24-cv-00896-SCR-UMJ, ECF No. 46 (W.D.N.C. Mar. 3, 2026) (approving Smith Krivoshey's requested fees); *Niemczyk v. Pro Custom Solar*, 2:19-cv-07846-MAH, ECF No. 178 (D.N.J. Aug. 18, 2025) (same); *In re: Beyond Meat, Inc., Protein Content Mktg. & Sales Practices Lit.*, 1:23-cv-00669, ECF No. 66 (N.D. Ill. Mar. 21, 2025) (same); *George v. Jaguar Land Rover N. Am., LLC*, 2:20-cv-17561-SDA, ECF No. 93 (D.N.J. Oct. 11, 2024) (same).

litigators in major markets. *See* ECF No. 9-9 at 7:10-17 (November 2025 fee motion filed by Defendant's counsel in another pending matter).

### B.    Smith Krivoshey's Time Expended Is Reasonable

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Full Tilt Boogie LLC v. Kep Fortune LLC*, 2021 WL 7285992, at *3 (C.D. Cal. Dec. 28, 2021) (applying *Moreno* in the context of awarding fees to prevailing party on a motion to compel). "An attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (internal quotation omitted). To reduce the number of hours submitted, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Id.*

To support a fee request, a party "is not required to record in great detail how each minute of his time was expended." *Fisher v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (internal quotation omitted). A "summary of time spent on a broad category of tasks such as pleadings and pretrial motions" is sufficient. *See id.* Nonetheless, all attorneys at Smith Krivoshey maintain contemporaneous records of work they do. Smith Decl., ¶ 9. Those records include narrative descriptions of the work performed, disclose who did the work, and state the amount of time spent on each task, tracked down to the tenth of an hour. *See* Exs. 1 and 2. This is more than what the Ninth Circuit requires to support a fee request. *See Fisher*, 214 F.3d at 1121. Two months ago, Judge Klausner evaluated Smith Krivoshey's billing records and concluded they sufficiently "explain the work that was done, when it was done, and by whom," and that any block entries were "clear about the subject matter of the[] work." *Hernandez*, 2026 WL 1770696 at *7; *see also Garcia v. Resurgent Capital Servs., LP*, 2012 WL 3778852 at *8 (N.D. Cal. Aug. 30, 2012) (finding instances of block-billing were permissible where they contained enough specificity to determine whether the amount of time spent performing the tasks was reasonable).

Here, detailed time records generated in connection with the subpoena are provided. *See* Exs. 1 and 2. Although the work done on the various tasks related to the subpoena frequently overlapped, the work can be approximately broken down as follows:

| Nature of Work | Time Spent | Lodestar |
| --- | --- | --- |
| Initial work: Analyzing subpoena defects and researching options for responding, preparing objections, and meeting and conferring | 15.4 | $15,347.50 |
| Motion to Quash and Motion to Shorten Time | 35.2 | $34,067.50 |
| Motion for Sanctions | 50.6 | $50,865.00 |
| **Total** | 101.2 | $100,280 |

Smith Decl., ¶¶ 11-12. This amount does not include post-filing work that was not already included in the prior time sheets, such as finalizing briefs before they were filed, or preparing for the hearing before it was vacated. *Id.* at ¶ 14. Likewise, to simplify the fee analysis and avoid any concerns about seeking "fees on fees," the Non-Parties are not seeking fees generated preparing this supplemental brief, which would otherwise be compensable too. *See Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995).

Finally, the amount of time that Defendant's counsel has also reported spending on litigation tasks is informative, insofar as it rebuts any arguments that the amount of time spent here was excessive. The record discloses that in November 2025, when seeking sanctions in another matter, *Golikov*, Defendant's counsel reported expending 76.2 hours and nearly $58,000 preparing a 17-page motion to dismiss that raised fairly common pleading challenges, and which was substantially copied, sometimes verbatim, from two earlier briefs in similar cases. *See* ECF No. 9-9 at 3:2.[4] This is more than twice the time that was spent on the motion to quash and motion to shorten time combined, both of which were drafted from scratch. In the same case, Defendant's counsel reported 166.7 hours and $121,368 for a sanction motion and supplemental fee brief. *See* ECF No. 9-9 at 3:8-9. Here again,

---

[4] *Compare* January 10, 2025 Motion to Dismiss FAC, *Golikov v. Walmart*, C.D. Cal. Case No. 2:24-cv-08211 (ECF No. 37) *with* April 29, 2024 Motion to Dismiss Complaint, *McConnon v. The Kroger Co.*, C.D. Cal. Case No. 2:24-02601 (ECF No. 18) *and* April 29, 2024 Motion to Dismiss, *Hakins v. Walmart Inc.*, E.D. Cal. Case No. 1:24-cv-00374 (ECF No. 8).

even accounting for differences between the two cases, the fact that the Non-Parties completed their own sanction motion in less than a third of that time supports the reasonableness of the fees.

### C.    Defendant's Anticipated Arguments Lack Merit

The Non-Parties briefly respond to a few arguments they anticipate Defendant and its counsel may make in its opposition brief.

#### 1.    The Matter Was Staffed As Needed To Respond To Exigent Circumstances That Defendant Created

Defendant might second guess the staffing choices, and argue that people with lower rates should have spent more time on the matter than they did. The matter was staffed to enable the most efficient and prompt response to the subpoena. Slightly more than half of the work was done by Mr. Krivoshey (who does *not* have the firm's highest billing rate), because the motions were extremely fact-intensive, and he was most familiar with those facts. Smith Decl., ¶ 13. Mr. Smith, who has the highest billing rate, performed approximately one-third of the work, and his involvement was necessary because (a) the Non-Parties were under tight deadlines due to Defendant's refusal to vacate the subpoena compliance deadline, and (b) Local Rule 7-8 requires motions for sanctions to be filed "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." *Id.*; *see also* N.D. Cal. Local Rule 7-8(c). Ms. Scott, who has the lowest billing rate, helped to the extent she could, but assigning more work to her was not an option because she needed to work on other matters where she is lead counsel, and she was best equipped to respond to the needs of those cases while others dealt with the subpoena. *Id.*

#### 2.    The Time Entries Are Sufficiently Detailed

Defendant might argue that the time entries are not sufficiently detailed. Apart from the fact that such detail is not required (*see Fisher*, 214 F.3d at 1121), Defendant's counsel has previously asserted that "time entries *are* sufficiently detailed" if they "'specify the time spent down to the tenth of an hour and provide descriptions of the services that were performed.'" Ex. 4 at 5:5-7 (emphasis in original; quoting *Patagonia, Inc. v. 18A Chrons. LLC*, 2023 WL 5505805 at *2 (C.D. Cal. July 11, 2023)). That is the case here. Moreover, as Defendant's counsel has previously argued, "[o]nly 'minimal' description is sufficient to support fees, so long as they 'establish that the time was spent

on matters for which' the parties seek fees." *Id.* at 5:14-16 (quoting *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004)). The level of detail in Smith Krivoshey's time records is comparable to the level of detail disclosed in records provided by Defendant's counsel. *See* ECF No. 9-11 (billing records submitted by Defendant's counsel in support of a prior motion for sanctions filed in November 2025). And in any event, as long as "the *total* time spent was reasonable, broad objections to industry-standard time entries provide no reason to reduce the overall requested fees." Ex. 4 at 5:24-25 (emphasis in original) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

### 3. The Comparisons With Defendants' Counsels' Billing Rates And Time Are Appropriate

Defendant might object to the evidence cited above concerning its counsel's reported time and billing rates in the *Golikov* matter. Consideration of that evidence is consistent with *Prestige Brands*' requirement to consider rates used by lawyers of reasonably comparable skill and experience. *See Prestige Brands*, 168 F.4th at 624. Defendant's counsel relied on similar evidence concerning opposing counsel's rates when seeking sanctions in *Golikov*. *See* Ex. 4 at 4:5-14. And in any event, the Non-Parties' rates and time are reasonable regardless of whether the Court considers Defendant's counsel's reported time and billing rates.

### 4. No Discretionary Reduction In Fees Is Warranted

Defendant may ask the Court to exercise its discretion to reduce the fees, though its attorneys do not own up to any error in judgment, or suggest they would do anything different if given the chance. There are two reasons why that request should be denied. First, the Non-Parties Mr. Krivoshey and Smith Krivoshey, P.C. currently seek less fees than they are actually entitled to by not adding time preparing this supplemental fee brief to the fee request or any other time that was not already included in the prior submissions.[5] They did so to present the Court with a reasonable fee request.

Second, as discussed in the Introduction, the fact that, during approximately the same time period, Mr. Harper simultaneously served subpoenas at the homes of two government attorneys in *State of California*, Mr. Krivoshey, and all current or former opposing counsel at three other law

---

[5] This is subject to the reservation of rights stated in footnote 2.

firms in the *Patel* matter is relevant to this issue. First, it demonstrates a pattern of impulsive incivility; and second, it impeaches Mr. Harper's and Mr. Elie-Meyers' testimony that the rare step of issuing a subpoena to Mr. Krivoshey was necessitated by the unique discovery needs of this particular case. *See*, *e.g.*, *LA Printex Indus. Inc. v. VF Corp.*, 2014 WL 12587037 at *3 (C.D. Cal. Jan. 14, 2014) ("depositions of an opposing party's attorney of record are generally disfavored and should be permitted only in limited circumstances").

**III.     Conclusion**

The Court should award the current full fee request of $100,280. However, the Non-Parties Mr. Krivoshey and Smith Krivoshey P.C. reserve their right to supplement their request in the future to account for additional fees generated in connection with the pending motion for review under Local Rule 72-2 (ECF No. 23), any appeals, or any other later proceedings to the extent such fees are recoverable.

Dated:  July 9, 2026                                                    Respectfully submitted,

                                                                   /s/     Joel D. Smith

                                                                  **SMITH KRIVOSHEY, PC**
                                                                  Joel D. Smith (State Bar No. 244902)
                                                                  867 Boylston Street,
                                                                  5th Floor, Ste. 1520
                                                                  Boston, MA 02116
                                                                  Phone: 617-377-7404
                                                                  E-Mail:  joel@skclassactions.com

                                                                  **SMITH KRIVOSHEY, PC**
                                                                  Yeremey O. Krivoshey
                                                                  (State Bar No. 295032)
                                                                  28 Geary Street Suite 650 #1507
                                                                  San Francisco, CA 94108
                                                                  Phone: 415-839-7000
                                                                  E-Mail:  yeremey@skclassactions.com