**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*Attorneys for Non-Parties Yeremey O.*
*Krivoshey and Smith Krivoshey, PC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and all Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>                              Defendant. | Misc Case No. 3:26-mc-80036-TSH<br><br>(Case No. 2:19-cv-10920-FMO-GJS Pending in the Central District of California)<br><br>**DECLARATION OF JOEL D. SMITH IN SUPPORT OF NON-PARTIES' SUPPLEMENTAL BRIEF ON THE REASONABLENESS OF ATTORNEY'S FEES PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS (ECF NO. 21)** |

I, Joel D. Smith, declare as follows:

1.      I am member of the bar of this Court, and a partner at Smith Krivoshey, PC.  I have personal knowledge of the matters set forth herein, and if called upon to do so, would and could testify competently thereto.  I offer this declaration in support of the Supplemental Brief On The Reasonableness Of Attorney's Fees Pursuant To The Court's Order Granting Sanctions (ECF No. 21).

### *Reasonableness of Rates*

2.      I, Mr. Krivoshey, and Ms. Scott practice almost exclusively in class action litigation, and for the most part, practice in major markets like San Francisco, Los Angeles, Boston, Chicago, and Manhattan. A true and correct copy of the firm's resume is attached as **Exhibit 3**.

3.      The attorney rates range between $850 - $1,125, the paralegal rate is $350.

4.      By my calculation, the blended rate for work done on this matter is approximately $991.

5.      Smith Krivoshey, PC's 2026 hourly rates were most recently approved by Judge Klausner in *Hernandez v. WM Wholesale, LLC*, 2026 WL 1770696 at *6 (C.D. Cal. May 12, 2026). The rates Judge Klausner approved in *Hernandez* are the same rates billed here.

6.      Since Smith Krivoshey, PC was formed in 2024, several courts have approved the firm's rates, and to my knowledge, none have ever reduced the fees for being unreasonable. *See Allen v. Husqvarna Professional Prods., Inc*., 3:24-cv-00896-SCR-UMJ, ECF No. 46 (W.D.N.C. Mar. 3, 2026) (approving Smith Krivoshey's requested fees); *Niemczyk v. Pro Custom Solar*, 2:19-cv-07846-MAH, ECF No. 178 (D.N.J. Aug. 18, 2025) (same); *In re: Beyond Meat, Inc., Protein Content Mktg. & Sales Practices Lit*., 1:23-cv-00669, ECF No. 66 (N.D. Ill. Mar. 21, 2025) (same); *George v. Jaguar Land Rover N. Am., LLC*, 2:20-cv-17561-SDA, ECF No. 93 (D.N.J. Oct. 11, 2024) (same).

7.      I have reviewed a motion for sanctions filed in late 2025 by Defendant's counsel in *Golikov v. Walmart*, 2025 WL 3760635 (C.D. Cal. Dec. 19, 2025), which included information about Defendant's counsel's rates, as of 2025.  Based on information available in those filings-

which may be outdated if Defendant's counsel increased its fees for 2026—a comparison of my firm's 2026 standard rates and Defendant's counsel's 2025 standard rates is shown below:

| Non-Party Attorneys | | Defendant's Counsel | |
|---|---|---|---|
| Attorney (years in practice) | Hourly Rate | Attorney (years in practice) | Hourly Rate |
| Joel Smith (19) | $1,125 | Jacob Harper (16) | $990 |
| Yeremey Krivoshey (13) | $950 | Joseph Elie-Meyers (6) | $800 |
| Brittany Scott (6) | $850 | | |

### *Work Performed*

8.     Attached hereto as **Exhibits 1 and 2** are true and correct copies of itemized time/billing records generated in connection with the subpoena and subsequent motion practice. These are the same records that were submitted with the Non-Parties' opening and reply briefs in support of sanctions, and are included here for convenience. *See* ECF Nos. 9-8 and 13-3. Because they are the same records submitted before, they do not include time for work generated after Exhibit 2 was originally printed, and they do not include time spent working on the supplemental brief regarding fees.

9.     Attorneys at my firm are required to keep contemporaneous time records, and based on my experience and observations, they do so as a matter of standard practice.

10.     My understanding is that before Exhibit 1 was first filed on February 20, 2026, Mr. Krivoshey reviewed the time entries and used billing judgment to ensure that duplicative or unnecessary time has been excluded and that only time reasonably devoted to the subpoena has been included. I also conducted the same review for the entries in both Exhibit 1 and later again for Exhibit 2.

11.     Based on my review of the time disclosed in Exhibits 1 and 2, the total time spent was 101.2 hours and a total lodestar amount of $100,280.

12.     As disclosed in the exhibits, approximately $78,000 was incurred up to the point the motion for sanctions was filed, and approximately $22,000 was incurred in connection with

the reply brief.  Although the work done on the various tasks related to the subpoena frequently overlapped, based on my analysis of the billing records, the work can be approximately allocated as follows:

| Nature of Work | Time Spent | Lodestar |
|---|---|---|
| Initial work: Analyzing subpoena and options for responding, preparing objections, and meeting and conferring | 15.4 | $15,347.50 |
| Motion to Quash and Motion to Shorten Time | 35.2 | $34,067.50 |
| Motion for Sanctions | 50.6 | $50,865.00 |
| Total | 101.2 | $100,280 |

13.    In connection with this supplemental fee brief, I have also analyzed the allocation of work performed by the attorneys on this matter. By my calculations, Mr. Krivoshey did approximately 56% of the work because the issues on the motion to quash and the motion for sanctions were both extremely fact-intensive, and he was most familiar with those facts. I did approximately 35% of the work, which was necessary because (a) the Non-Parties were under tight deadlines when Defendant refused to vacate the subpoena compliance deadline, and (b) Local Rule 7-8 requires motions for sanctions to be filed "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." N.D. Cal. Local Rule 7-8(c). Ms. Scott, who has the lowest billing rate, helped to the extent she could, but assigning more work to her was not an option because she needed to work on other matters where she is lead counsel, and she was best equipped to manage those cases while Mr. Krivoshey and I dealt with the subpoena. At the time a fourth attorney, Sasha Litvinov, was at the firm but he was the firm's only employment law specialist and his time was largely consumed on employment matters or other matters where he was most familiar with issues that required attention.

14.    The time shown in Exhibits 1 and 2 and the above analysis does not include additional work done after Exhibits 1 and 2 were first printed to be used as exhibits for the original

and reply brief. That additional work primarily involved finalizing the opening and reply briefs for the motion for sanctions, and post-filing work related to planning for the hearing before it was vacated. The total amount of work not included in Exhibits 1 and 2 is roughly eight hours of attorney and paralegal time.

15.    Attached as **Exhibit 4** is a true and correct copy of Defendant Walmart's Reply Memorandum in Support of Supplemental Brief On The Reasonability Of Attorney's Fees Pursuant To The Court's Order Granting Sanctions, filed in *Golikov v. Walmart*, C.D. Cal. Case No. 2:24-cv-08211, which was signed by Defendant's counsel here. I retrieved this document from the Central District of California's Pacer system.

16.    Attached as **Exhibit 5** is a true and correct copy the March 18, 2026 Order on the plaintiffs' Motion for Protective Order in *People of the State of California v. The Kroger Co.*, Santa Barbara County Superior Court Case No. 24CV03007. I retrieved this document from the state court website using the website's "Case Records Search" feature. The document is subject to judicial notice under Fed. R. Evid. 201(b). *See Farahani v. Floria*, 2013 WL 1703384 at *1 n.1 (N.D. Cal. Apr. 19, 2013) (taking judicial notice of state court orders); *Dawson v. Mahoney,* 451 F.3d 550, 551 (9th Cir.2006) (same). Red boxes indicating relevant portions have been added.

17.    Attached as **Exhibit 6** is a true and correct copy the May 6, 2026 Order on the plaintiffs' Motion for Issue, Evidentiary, and Monetary Sanctions in *People of the State of California v. The Kroger Co.*, Santa Barbara County Superior Court Case No. 24CV03007. I retrieved this document from the state court website using the website's "Case Records Search" feature. The document is subject to judicial notice under Fed. R. Evid. 201(b). *See Farahani v. Floria*, 2013 WL 1703384 at *1 n.1 (N.D. Cal. Apr. 19, 2013) (taking judicial notice of state court orders); *Dawson v. Mahoney,* 451 F.3d 550, 551 (9th Cir.2006) (same). Red boxes indicating relevant portions have been added.

18.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed in Danielson, CT on July 9, 2026.

Joel D. Smith