**EXHIBIT 4**

JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**DEFENDANT WALMART INC.'S REPLY MEMORANDUM IN SUPPORT OF SUPPLEMENTAL BRIEF ON THE REASONABILITY OF ATTORNEY'S FEES PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS (DKT. 98)**<br><br>[*Reply Declaration of Jacob Harper filed concurrently*]<br><br>Action Filed: September 24, 2024 |

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING ATTORNEY'S FEES

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND BACKGROUND.................................................... 1

II.  WALMART REASONABLY INCURRED $745,422.75 IN FEES ............. 2

    A.   DWT's Rates Are Reasonable. ........................................................ 3

    B.   DWT's Time Expended Is Reasonable.............................................. 3

        1.   The "130 Hours" Suggestion Is Preposterous. ..........................3

        2.   Plaintiff's Counsel Identify No Duplicative Time Entries.........4

        3.   Reducing the Fee Award Serves Neither of § 1927's Goals. ...................................................................................7

        4.   No Special Circumstance Justifies Reducing the Award. ..........7

        5.   Walmart's Fees on Fees Are Reasonable Even Though the Case Is Stayed.....................................................................9

        6.   None of the Time Spent Would Have Applied in Arbitration. ................................................................... 10

        7.   Plaintiff's Counsel May Resolve Among Themselves Who Pays any Fee Award. ............................................... 10

III. CONCLUSION ..................................................................... 10

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avirgan v. Hull,*
125 F.R.D. 189 (S.D. Fla. 1989) ...........................................................................8

*Blixseth v. Yellowstone Mountain Club, LLC,*
854 F.3d 626 (9th Cir. 2017) .................................................................................7

*Haynes v. City & Cnty. of San Francisco,*
688 F.3d 984 (9th Cir. 2012) .................................................................................8

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) ...............................................................................................5

*Int'l Bhd. of Teamsters, Loc. 396 v. NASA Servs., Inc.,*
2019 WL 2998579 (C.D. Cal. Mar. 6, 2019) ........................................................5

*Lytle v. Carl,*
382 F.3d 978 (9th Cir.2004) ..................................................................................5

*Maloney v. T3Media, Inc.,*
2015 WL 3879634 (C.D. Cal. May 27, 2015)........................................................5

*McGrath v. Cty. of Nev.,*
67 F.3d 248 (9th Cir. 1995) ...................................................................................5

*Patagonia, Inc. v. 18A Chrons. LLC,*
2023 WL 5505805 (C.D. Cal. July 11, 2023) .......................................................5

*Rios v. City of Los Angeles,*
2008 WL 3432164 (C.D. Cal. Mar. 2, 2023) ....................................................2, 4

*U.S. v. $28,000.00 in U.S. Currency,*
802 F.3d 1100 (9th Cir. 2015) ......................................................................1, 2, 8

*Wilden v. Cnty. of Yuba,*
2012 WL 3730657 (E.D. Cal. Aug. 24, 2012) ......................................................8

**Rules**

Fed. R. Civ. P. 23(f).........................................................................................3, 5, 7

ii

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION AND BACKGROUND

Walmart's Supplemental Brief requested $745,422.75 in fees actually and reasonably incurred over 1,009.5 hours litigating phases of this case that resulted from Plaintiff's counsel's bad faith. Sanctions Ord. 5. These fees reflect the significant work required to undo the damage and litigation expense incurred as a result of Counsel's reckless behavior. In contrast to the robust evidence Walmart presented of the reasonableness of the fees sought, Plaintiff's Opposition models and endorses the kind of "reckless[]" corner-cutting, *id.* at 3, that caused this wasteful litigation—and led to sanctions—in the first place. The Court should award the full fees requested in the Supplemental Brief.

***Reasonable Rates.*** Walmart's requested rates are reasonable (even conservative) for comparable work in Los Angeles. Plaintiff's counsel do not dispute this, and thereby concede the rates are reasonable.

***Reasonable Time.*** Walmart submitted detailed time entries, a declaration, and extensive case law establishing it reasonably spent more than 1,009.5 hours attributable to counsel's recklessness. Plaintiff's counsel fail to show otherwise.

*First*, they blithely suggest that DWT should have litigated this case in just 130 hours—and do so with no authority or evidence, despite the settled rule that "the [opposing party]'s failure to submit evidence is not without serious consequences." *U.S. v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). Litigating a nationwide consumer class action through class certification in 130 hours amounts to reckless corner-cutting. Indeed, Plaintiff's counsel's own firm, Dovel & Luner, has repeatedly sought fee awards well within the range of Walmart's when they sought fees for *class* settlements, even praising themselves for spending over ***719 hours*** resolving a consumer class action "***relatively early***."

*Second*, Plaintiff says DWT's time entries are too general, but they provide more than enough detail and establish that DWT timekeepers assumed separate roles

1

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

on separate aspects of the ligation. In any event, Plaintiff's counsel "must identify *with particularity* the billing entries that are unreasonable," *Rios v. City of Los Angeles*, 2008 WL 3432164, at *3 (C.D. Cal. Mar. 2, 2023) (Klausner, J.), **yet they do not identify a single entry they say is duplicative or excessive**.

*Third*, Plaintiff's counsel say even a reduced award will deter future misconduct, but they doubled- and tripled-down on their false facts and, even now, show no contrition—all suggesting that deterrence requires the full award.

*Fourth*, Plaintiff's counsel ask the Court to exercise its discretion to reduce the award *even if it finds the fees reasonable*, because it will be imposed on them personally. But they do not argue (let alone show) that they cannot pay the sanctions, as did the attorneys in the cases they cite. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1105. Plus, their firm, Dovel, stands jointly and severally liable because they are partners there; Dovel likely has a carrier; and they admitted in prefiling conferral that Dovel, not just the partners, is fighting the award.

*Fifth*, Plaintiff's counsel say it was unreasonable for Walmart to incur fees after the Sanctions Motion because the case "was stayed," but Walmart incurred those fees to recover its fees, which it was entitled to do.

*Sixth*, Plaintiff's counsel say Walmart would have incurred much of its fees defending the arbitration anyway, but that is pure (and unfounded) speculation.

*Last*, Plaintiff's counsel argue "none of these fees can be awarded … against Ms. Cho" because "Ms. Cho's only involvement here was preparing the initial pleading." But it is inappropriate to relitigate the Court's Sanctions Order and Ms. Cho and Mr. Lyon can determine privately how to apportion any fee award.

## II. WALMART REASONABLY INCURRED $745,422.75 IN FEES

Walmart reasonably incurred $745,422.75 in fees over 1,009.5 hours defending Plaintiff's "frivolous" claims as they "advanced through the litigation phase without merit." Sanctions Ord. 2; *see* Harper Decl. ¶ 3 & Ex. A.

2

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**A.      DWT's Rates Are Reasonable.**

Counsel does not dispute, and so concedes, the requested rates are reasonable.

**B.      DWT's Time Expended Is Reasonable.**

DWT's time expended defending this class action is also reasonable. *See* Supp. Br. 8. DWT submitted billing records establishing that it reasonably spent at least 1,009.5 hours on seven litigation phases that resulted from Plaintiff's counsel's reckless initial filing: (1) moving to dismiss the FAC, (2) answering the FAC, (3) opposing class certification, (4) preparing a Rule 23(f) petition, (5) engaging in discovery, (6) decertifying the class, and (7) recovering its fees. *See* Supp. Br. 9–18; Harper Decl. ¶¶ 24–27 & Ex. B (fees timesheet).

Plaintiff's counsel fails to carry their burden of "offer[ing] either countervailing evidence or persuasive argument in support of its position." *28,000.00 in U.S. Currency*, 802 F.3d at 1105–06 (citation omitted). They do not dispute that the Sanctions Order entitles Walmart to recover for reasonable time spent on each of these phases of litigation. And their generalized objections—which are unsupported by evidence and do not object to any specific time entries—fail to provide evidence or authority to support reducing the requested fees. "[I]f a fee target does not dispute the market or hours reasonably expended, and poses no other valid legal reason for denying the fee request, the district court's inquiry should end after it determines whether the applicant's fee request is facially reasonable." *Id.* (noting it is not "the court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude"). The Court should grant the requested amount in full.

### 1.      The "130 Hours" Suggestion Is Preposterous.

Plaintiff says Walmart should have spent only 130 hours on all seven phases of litigation identified in the Supplemental Brief. Opp. 4 & n.1. This suggestion is preposterous for a company facing significant liability from a proposed nationwide

3

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

class action. It would be malpractice to brief a motion to dismiss a class action asserting seven claims in only 15 hours, let alone to spend just 30 hours on class discovery. *Id.*; *see* Supp. Br. 10–11 (citing authorities finding 90 or 100 hours reasonable on dispositive motions), 16 (550 hours for class discovery reasonable).

In fact, Plaintiff's counsel's argument (again) sits at odds with their duty of candor to the Court, given their own firm has sought to recover fees for many multiples more than 130 hours in comparable consumer class actions. In *Barr v. Selectblinds LLC*, **Dovel said it spent 592 hours** "**efficiently** pursuing a[n] … **early resolution**" to the case even though it was "but one of a series of cases brought by Class Counsel"—and estimated it could **reasonably spend** "**an additional 100–300 hours of future work**" on that case. No. 2:22-cv-08326 (C.D. Cal.), Dkts. 53 at 18, 20 (fees motion) & 53-1 ¶¶ 29, 33 (declaration in support of fees motion). Similarly, in *Zuccaro v. Hot Topic, Inc.*, **Dovel said it spent 719.6 hours** "**efficiently** pursuing a … **resolution relatively early**" in a class action. No. 3:23-cv-01242 (D. Or.), Dkts. 26 (fees motion) at 17–18, 19 & 26-1 (declaration) ¶ 28.

Unlike *Barr* and *Zuccaro*, this case was *not* resolved "early"—and presumably those cases did not involve one party having to unlitigate the false facts repeated by opposing counsel. This case required significant unnecessary litigation due to Plaintiff's counsel's misrepresentations. Counsel's own fee requests support Walmart's 1,009.5 total hours spent, and they cannot credibly argue otherwise.

### 2. Plaintiff's Counsel Identify No Duplicative Time Entries.

Plaintiff's counsel argue the time entries also fail to explain "largely duplicative and repetitive tasks by 15 different attorneys," Opp. 5, but they do not bother to identify a single time entry they think is redundant. This general objection is inadequate to reduce the requested fees: "once the prevailing party satisfies its burden of establishing reasonable hourly rates and time entries, opposing parties must *identify with particularity* the billing entries that are unreasonable." *Rios*, 2008

4

WALMART'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

WL 3432164, at *3. Ms. Cho and Mr. Lyon, as the parties resisting attorneys' fees, "bear[] the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. Cty. of Nev.*, 67 F.3d 248, 255 (9th Cir. 1995) (citations omitted). They fail to do so here.

Even so, the time entries *are* sufficiently detailed, as they "specify the time spent down to the tenth of an hour and provide descriptions of the services that were performed." *Patagonia, Inc. v. 18A Chrons. LLC*, 2023 WL 5505805, at *2 (C.D. Cal. July 11, 2023) (Klausner, J.). The only time entries Plaintiff's counsel identify (though they do not say which, if any, are unreasonable) reflect economical staffing: an associate "prepare[d]" the Rule 23(f) petition, an appellate specialist "revis[ed]" it, and the lead counsel provided limited "edit[ing]." Opp. 7. Walmart's other entries reflect this reasonable division of labor. *See* Harper Decl., Ex. B.

The objection that DWT's time entries are "general" because they describe work as "preparing" or "revising," Opp. 6, is without merit. Only "minimal" description is sufficient to support fees, so long as they "establish that the time was spent on matters for which" the party seeks fees. *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir.2004). Courts in this district routinely hold similar entries are sufficiently detailed. *See Int'l Bhd. of Teamsters, Loc. 396 v. NASA Servs., Inc.*, 2019 WL 2998579, at *6 (C.D. Cal. Mar. 6, 2019) ("research, drafting, and revising" sufficiently detailed); *Maloney v. T3Media, Inc.*, 2015 WL 3879634, at *8 (C.D. Cal. May 27, 2015) ("[r]esearch and drafting" sufficient).

In any case, these objections are immaterial because Plaintiff's counsel do not meaningfully argue the total time spent was unreasonable. *See* Supp. Br. 9–18. Because the *total* time spent was reasonable, broad objections to industry-standard time entries provide no reason to reduce the overall requested fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (party seeking fees "is not required to record in great detail how each minute of his time was expended"). Plus, DWT was actually

5

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

paid for this work. *See Moreno*, 534 F.3d at 1111 ("reasonable time" is time that "could reasonably have been billed to a private client").

The objection to the *number* of attorneys is also without merit. The 15 attorneys on this case largely undertook distinct roles in distinct litigation phases. *E.g.*, Harper Decl. ¶ 30 (detailing roles). This was reasonable given that Walmart was required to concurrently brief numerous issues while also seeking discovery. Plaintiff's counsel points to no case showing otherwise.

The cases Plaintiff's counsel rely on are non-binding and easily distinguished. In *Scalia v. Cnty. of Kern*, plaintiff sought fees for 357.5 hours spent on a spoliation motion. 2023 WL 3124385, at *2 (E.D. Cal. Apr. 27, 2023). This time was unreasonable because specific time entries showed the attorneys' work was "indistinguishable and duplicative," in addition to numerous other reasons not present here, including that "counsel previously briefed the[ same] issues and facts" and sought to recover for "work they would have performed regardless" of the spoliation. Here, Plaintiff's counsel points to no duplicative or indistinguishable time entries, and none of the other factors are present.[1]

*Kailikole v. Palomar Cmty. Coll. Dist.* involved 10 hours of fees incurred *on a single section of a single anti-SLAPP motion* where the legal issues "were readily resolved" because the law was "unequivocally clear." 2020 WL 6203097, at *2, *4 (S.D. Cal. Oct. 22, 2020). That is not comparable to a motion to recover fees for an entire class action lawsuit involving many more attorneys and phases of litigation.

In *Larin Corp. v. Alltrade, Inc.*, the court reduced fees where "only a few" time entries were related to plaintiff's counsel's misconduct and block billing required the court to "estimate" a reasonable amount to award. 2008 WL 2745881, at *5 (C.D. Cal. July 11, 2008), *aff'd sub nom. Larin Corp. v. Mueller*, 364 F. App'x

---

[1] In any event, the *Scalia* court *still found that 178.8 hours was reasonable for the spoliation motion*, 2023 WL 3124385. at *4—*more* than the 130 hours Plaintiff's counsel say Walmart should have spent on this entire case.

6

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

380 (9th Cir. 2010). Those factors are not present here, where Walmart already removed time not resulting from Plaintiff's counsel's misconduct. Moreover, *Larin* involved "non-complex issues" and time entries for nine attorneys "largely doing the same things." *Id.* at *6. But, here, Walmart's attorneys each took discrete roles on discrete phases of the litigation. *See* Opp. 7 (highlighting division of labor for Rule 23(f) Petition). *Laub v. Horbaczewski* is distinguishable for the same reasons: that record "indicate[d] considerable duplication of effort by the attorneys" on the spoliation motion at issue and included "block billing," which was not present here. *Id.*, 2020 WL 10817257, at *8, *9 (C.D. Cal. Nov. 23, 2020).

### 3. Reducing the Fee Award Serves Neither of § 1927's Goals.

Plaintiff's counsel argue, without evidence or authority, that "lesser sanctions are sufficient to deter any future misconduct." Opp. 3. Not so. For starters, the purpose of § 1927 is not just deterrence—it is to "fully compensate the harmed party for the wrongful conduct." *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017). The full award is necessary to compensate Walmart. Further, Plaintiff's counsel still fail to acknowledge their role in increasing costs: "rather than correcting" their false allegations, they continued to use the allegations to advance their position at Walmart's expense. Sanctions Ord. 4. Even now, they relitigate whether Ms. Cho should have been sanctioned in the first place. Opp. 9–10 (arguing "none of these fees can be awarded as a § 1927 sanction against Ms. Cho" because "Ms. Cho's only involvement here was preparing the initial pleading"). The amount sought is justified both as compensation and deterrent.

### 4. No Special Circumstance Justifies Reducing the Award.

Plaintiff's counsel says the Court should exercise its "discretion" to impose "less than the total excess costs" incurred because the sanctions are imposed directly on Ms. Cho and Mr. Lyon. Opp. 1, 2. But, as a factual matter, Walmart already seeks less than the fees actually incurred: Walmart removed clerical or other routine

7

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

time entries (even though it actually paid for them) in order to present the Court with a conservative and undisputably reasonable fee request. Supp. Br. 8 & n.3. The Opposition fails to acknowledge or address this.

Moreover, that the Court granted sanctions against individual attorneys is irrelevant absent an affirmative showing that specific circumstances make sanctions unreasonable. For instance, Plaintiff cites cases holding that a court has "discretion" to moderate a sanction "by a balancing consideration *of his ability to pay*." *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (emphasis added). But *Haynes* reasoned that it would be futile to impose sanctions "many times greater than the attorney will ever be able to pay." *Id.* at 988; *see Wilden v. Cnty. of Yuba*, 2012 WL 3730657, at *2 (E.D. Cal. Aug. 24, 2012) (cited at Opp. 1; fees reasonably incurred "exceed[ed] Plaintiff's Counsel's ability to pay").

But Plaintiff's counsel offer no argument or evidence that they cannot pay this award.[2] Nor have they even established that they would bear the full sanction individually. Their firm, Dovel, is jointly and severally liable. *See Avirgan v. Hull*, 125 F.R.D. 189, 190 (S.D. Fla. 1989) (lawyer and firm jointly liable under § 1927). Dovel also likely has a carrier. And Plaintiff's counsel admitted in the prefiling conferrals that Dovel, not just the partners, is fighting this award. Plaintiff's counsel's "failure to submit evidence" with their Opposition "is not without serious consequences." *$28,000.00 in U.S. Currency*, 802 F.3d at 1105.

Plaintiff's counsel's other cases are also distinguishable. They blatantly mischaracterize *Larin* by suggesting that court simply exercised its discretion to

_____

[2] The evidence is to the contrary. Ms. Cho says she has prevailed in or settled numerous cases, including one that, alone, won $160 million for plaintiff. Dovel & Luner, Christin Cho, available at: https://www.dovel.com/our-team/christin-cho/ (last visited Dec. 9, 2025). She also says she "has been a cryptocurrency investor since 2011." *Id.* Mr. Lyon also says he has prevailed on or settled many high value cases, including one with a $74 million verdict. Dovel & Luner, Rick Lyon, https://www.dovel.com/our-team/rick-lyon/ (last visited Dec. 9, 2025). If Ms. Cho or Mr. Lyon—both partners at Dovel—cannot pay their share of the fees they recklessly inflicted on Walmart, they needed to submit evidence to that effect.

8

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

reduce a reasonable fee award. *See* Opp. 2. In fact, the *Larin* court granted only part of the requested § 1927 sanctions, not based on exercise of discretion, but because only a small portion of the fees was due to plaintiff's counsel's multiplication of the proceedings, and further reduced that fraction of the award for inapplicable reasons. 2008 WL 2745881, at *5. But the Court here has already determined that the litigation for which Walmart seeks fees all resulted from Plaintiff's counsel's reckless "failure to verify [an] initial fact," Sanctions Ord. 4.

In *Fang v. Hechalou US LLC*, the court reduced requested § 1927 sanctions because counsel "filed a notice of errata once they discovered the false citations, apologized to the Court, opposing counsel and their client" and "took steps to remediate the situation prior to the issuance of sanctions." 2025 WL 3049873, at *3 (C.D. Cal. Sept. 12, 2025). Here, Plaintiff's counsel did the opposite—they "again unreasonably multiplied proceedings" by opposing the Motion to Compel Arbitration "rather than correcting the error" and even though it was "obvious that [Plaintiff's opposition] [was] meritless." Sanctions Ord. 4. Not once have they "apologized to the Court[ or] opposing counsel." *Fang*, 2025 WL 3049873, at *3. Indeed, the *Fang* court made clear that "[a]bsent these factors," it "would have considered far greater and additional types of sanctions." *Id.*

And in *Brown v. Baden (In re Yagman)*, the court "d[id] not appear to have determined in any way whether the sanctions award complie[d] with the reasonableness requirement." 796 F.2d 1165, 1185 (9th Cir. 1986). The *Brown* court did not say the amount awarded was unreasonable, just that it was unreasoned.

### 5. Walmart's Fees on Fees Are Reasonable Even Though the Case Is Stayed.

Plaintiff's counsel says Walmart should not have "bill[ed] $200,000 in [the] less than two months" after Walmart filed the Sanctions Motion because the "case … was stayed." Opp. 8–9. This argument is inaccurate and misleading.

9

WALMART'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF REGARDING FEES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Walmart requests $121,368.15 in fees for the Sanctions Motion, the Reply, and the Supplemental Brief, only $83,636.10 of which was incurred after the Sanctions Motion. Supp. Br. 17–18; Harper Decl., Ex. B at 33–37 (time entries for this time period). Walmart is entitled to seek fees, and the Court ordered the briefing.

**6.      None of the Time Spent Would Have Applied in Arbitration.**

Plaintiff argues Walmart would have performed "much" of the same work in arbitration. Opp. 9. Nonsense. The arbitration agreement precludes class claims. Dkt. 98 at 1–2 (Plaintiff "entered … into a binding arbitration agreement and waived class action"). Walmart would not have expended nearly as much time defending an individual arbitration, nor would Plaintiff's counsel (who "litigate … high-value contingency fee, class action, and mass tort cases"[3]) have brought such a claim. Nor have they initiated arbitration. *See* Dkt. 102 (Joint Status Rpt.) at 1.

**7.      Plaintiff's Counsel May Resolve Among Themselves Who Pays any Fee Award.**

Plaintiff's counsel attempt to re-litigate whether Ms. Cho or Mr. Lyon should bear responsibility, suggesting that they are not sufficiently culpable to be required to pay Walmart's fees. Opp. 9–10. The Court already found both Ms. Cho and Mr. Lyon acted recklessly and must pay Walmart's fees, Sanctions Ord. 5, and neither disputes that Walmart is entitled to recover for each of the litigation phases for which it seeks fees. Ms. Cho, Mr. Lyon, and Dovel may resolve among themselves how they will allocate the fees recklessly imposed on Walmart. *See* Opp. 9–10.

**III.   CONCLUSION**

Walmart respectfully requests the Court award Walmart its $745,422.75 in fees incurred defending this costly and wasteful lawsuit.

---

[3] Dovel & Luner, What We Do, available at: https://www.dovel.com/what-we-do/ (last visited Dec. 9, 2025).

10

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Dated:  December 11, 2025

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

11

WALMART'S REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF REGARDING FEES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899