ROSING POTT & STROHBEHN
Heather Rosing (SBN 183986)
    *hrosing@rosinglaw.com*
Wener Vieux (SBN 348047)
    *wvieux@rosinglaw.com*
770 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 231-0303

*Attorneys for Jacob M. Harper and*
*Joseph Elie-Meyers*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GT'S LIVING FOODS, LLC,<br><br>Defendant. | Case No. 3:26-mc-80036-TSH<br><br>(Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)<br><br>**OPPOSITION TO REQUEST FOR LEAVE TO FILE THREE-PAGE SINGLE-ISSUE REPLY BRIEF** |

**I. The Non-Parties Are Have No Right to a Reply Brief to Cure Their Own Briefing Failures**

The Court should deny the Non-Parties' Request for Leave to File Three-Page Single-Issue Reply Brief (Request) because the Non-Parties are not entitled to a reply to make arguments that they should have made in their original submission. Having elected to ignore an issue on which they bore the burden of proof, they cannot now manufacture a waiver by claiming Counsel should have anticipated and rebutted a legal theory that the Non-Parties' themselves never advanced.

**II. The Non-Parties Never Raised or Addressed the Self-Representation Fee Bar in Their Original Filings**

In their Supplemental Brief on the Reasonableness of Fees (ECF No. 28 (Brief)), the Non-Parties sought compensation for time billed by attorneys representing their own law firm rather than compensation for money paid for representation by independent counsel.  (Brief 2–9.)  The Non-Parties concede the June 18, 2026, Order made no allowance for a reply, and neither the Motion for Sanctions (ECF No. 9) nor the Supplemental Brief (ECF No. 28) acknowledged that the requested fees were barred as self-representation fees or attempted to distinguish the controlling authority prohibiting such awards.

**III. The Non-Parties, Not Counsel, Waived the Self-Representation Fee Issue by Failing to Address It Despite Bearing the Burden of Proof**

The Ninth Circuit is clear that "waiver is a relinquishment of a *known* right."  *United States v. Bolandian*, 173 F.4th 1000, 1006 (9th Cir. 2026) (emphasis added).  It is also undisputed that a fee-applicant bears the burden of submitting evidence establishing entitlement to the fees sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  Here, despite that burden, the Non-Parties affirmatively sought compensation for work performed by attorneys representing themselves while never addressing the settled prohibition on recovering such fees.  By failing to address a dispositive issue on which they bore the burden of proof, they waived any argument that the prohibition does not apply.  *Bolandian*, 173 F.4th at 1006.

1

OPPOSITION TO REQUEST FOR LEAVE
Case No. 3:26-mc-80036-TSH

The Non-Parties' argument that Counsel waived the issue misstates the law and defies logic. Counsel had no obligation to anticipate or negate a legal theory that the Non-Parties themselves never advanced. Counsel raised the issue at the first opportunity to do so after the Non-Parties sought recovery for their own time without attempting to establish that such fees were legally recoverable. The Request therefore rests on a legally and factually baseless waiver theory and is simply an attempt to obtain an unauthorized second round of briefing to cure a defect in the Non-Parties' own presentation.

The Court should accordingly deny the Request. If the Court nevertheless grants leave to file a reply, Counsel respectfully requests leave to file a sur-reply addressing any new arguments.

DATED: July 28, 2026

ROSING POTT & STROHBEHN LLP

By: */s/ Heather L. Rosing*
Heather L. Rosing, Attorneys for Jacob M. Harper and Joseph Elie-Meyers

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
Jacob M. Harper, Attorneys for GT's Living Foods LLC

2

OPPOSITION TO REQUEST FOR LEAVE
Case No. 3:26-mc-80036-TSH

DAVIS WRIGHT TREMAINE LLP

**FILER'S ATTESTATION**

I hereby attest that, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), the concurrence to the filing of this document has been obtained from each signatory hereto.

Date: July 28, 2026                                    By: */s/ Jacob M. Harper*
                                                                    Jacob M. Harper

DAVIS WRIGHT TREMAINE LLP

1

OPPOSITION TO REQUEST FOR LEAVE
Case No. 3:26-mc-80036-TSH