**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and all Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>GT'S LIVING FOODS, LLC.,<br><br>                              Defendant. | Mis. Case No.  26-mc-80036-TSH<br><br>(CASE NO. 2:19-cv-10920-FMO-GJS Pending in the Central District of California)<br><br>**NON-PARTIES' REPLY RE SUPPLEMENTAL BRIEF ON THE REASONABLENESS OF ATTORNEY'S FEES PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS (ECF NO. 21, 32)** |

NON-PARTIES' REPLY BRIEF REGARDING FEES; CASE NO. 26-MC-80036-TSH

Mr. Harper and Mr. Elie-Meyers ("Counsel") argue that Non-Parties are not entitled to *any* attorneys' fees because they appeared *pro-se*. They contend that "*Kay v. Ehrler*, 499 U.S. 432, 435 (1991), and its progeny," dictates that "attorneys and law firms that represent themselves are not entitled to recover attorneys' fees." Response, Dkt. 29, at 2. However, every case they cite applies either in statutory fee-shifting contexts, where fees are compensable only as set by statute, or inapplicable Federal Rules of Civil Procedure, such as Rules 4 and 37. *Id*. at 5-6. These cases are irrelevant. The weight of authority clearly holds that the Court *can* award attorneys' fees to *pro se* litigant law firms and attorneys as sanctions under Rule 26, Rule 45, and the Court's inherent powers.

Counsel cite *one* case, *Black v. Wrigley*, 2019 WL 2717212 (S.D. Cal. June 28, 2019), "discussing attorneys' fees under Rules 26 or 45 for self-representation." Response at 6. Counsel's brief implies that *Black* found that awarding fees under Rules 26 and 45 to *pro-se* attorney litigants was forbidden because, under *Black*, when an attorney "is representing himself pro se … it cannot be said that he actually incurred any attorney's fees." Response at 7; *Black*, 2019 WL 2717212 at *8. That is incorrect, because the quote appears in *Black's* discussion of sanctions pursuant to *Rule 37*, which focuses on whether attorneys' fees are "incurred" for purposes of that rule. *Id*.[1] The very next paragraph, one sentence after quoting *Kay,* begins, "For the following reasons, the Court finds that the restriction as to awarding sanctions to *pro se* attorneys under Rule 37 *does not* apply to those requests under Rule 45 and therefore Dain may obtain such an award here." *Black*, 2019 WL 2717212 at *9 (emphasis added). "Rule 45 provides that the court must 'impose an appropriate sanction – which *may* include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.'" *Id*. (quoting Rule 45(d)(1)) (emphasis by the court). "[S]anctions are further warranted under Rule 26 which states that '… The sanction *may* include an order to pay the reasonable

---

[1] Notably, "a member of a law firm who is represented by other attorneys in the firm 'incurs' fees." *Gilbert v. Master Washer & Stamping Co., Inc*., 87 Cal. App. 4th 212, 221 (2001). "Either the represented attorney will experience a reduced draw from the partnership (or a reduced salary from the professional corporation) to account for the amount of time his or her partners or colleagues have specifically devoted to his or her representation, or absorb a share of the reduction in other income the firm experiences because of the time spent on the case." *Id*. Accordingly, even under lines of cases considering whether *pro se* attorneys "incurred" fees, the time billed by everyone other than Mr. Krivoshey would be compensable here.

expenses, including attorney's fees, caused by the violation.'" *Id*. (quoting Rule 26(g)(3)) (emphasis by the court). The court ultimately awarded $5,000 (out of $15,025 requested) in sanctions, which accounted for the *pro-se* attorney's "time required to prepare the instant motion and the Court's knowledge of prevailing rates in the San Diego legal market." *Id*.

*Kay* and its progeny hold that *pro se* attorneys are not entitled to fees for self-representation in the context of fee-shifting statutes because "the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations" and because "[t]he statutory policy furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Kay*, 499 U.S. at 437; *see also* Response at 5 (*Kay* explained that "fee-shifting statutes are intended to encourage litigants to retain independent counsel"). These policy considerations are not applicable to sanctions under Rules 26 and 45, or even Rule 37. *See Pickholtz v. Rainbox Techs., Inc*., 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) ("Because an objective of Rule 37 is not the encouragement of litigants to retain counsel to independently represent them, *Kay* … and similar precedent applicable to fee-shifting rules having that objective are not applicable to Rule 37."). The purpose of sanctions under Rules 26 and 45 is to curb discovery abuse and avoid imposing undue burden, respectively. Fed. R. Civ. P. 26 advisory committee's note - 1983 Amendment ("Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."); Fed. R. Civ. P. 45(d)(1) (providing for sanctions "to avoid imposing undue burden or expense on a person subject to the subpoena").

In *Pickholtz*, the Federal Circuit, in an appeal from the Northern District of California, held that while a *pro se* litigant attorney cannot recover his own attorneys' fees *under Rule 37* due to discovery misconduct, the Supreme Court "permits, *indeed requires*, the court to separately consider Pickholtz's motion for attorney fees under its inherent power, which is an independent basis for assessing sanctions, one not preempted by Rule 37." *Pickholtz*, 284 F.3d at 1377 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55 (1991)) (emphasis added). The Federal Circuit had no difficulty finding that a court *can* award attorneys fees to a *pro se* litigant attorney for their own time billed. *Id*. "Failure to do so … would place a *pro se* litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct, but not be liable for attorney fees to a *pro se* party." *Id*. "[A]ttorney

fees are such a valuable and frequently used tool in the armamentarium of trial judges that we see no reason for categorically ruling them out of consideration." *Id.* "The district court therefore abused its discretion in determining that it lacked authority to award attorney fees to a *pro se* attorney." *Id.*, 284 F.3d at 1377-78. Courts within the Ninth Circuit follow *Pickholtz. See Brown v. Stroud*, 2012 WL 2709058, at *8 (N.D. Cal. July 6, 2012) (awarding attorneys' fees to *pro se* attorney litigant, citing *Pickholtz*); *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1011 (D. Az. May 4, 2011) (awarding "reasonable attorneys' fees" to a *pro se* attorney litigant "to compensate Plaintiff for the time he spent challenging the misconduct, preparing and taking the additional depositions, and bringing the instant motion.").

The Court here "is not constrained by application of the term 'incurred' which has caused courts to disallow attorneys representing themselves or their law firms in the case of sanctions under other fee shifting statutes and Rule 37." *Leverty & Assocs. Law Chtd v. Exley*, 2018 WL 6728415, at *10 (D. Nev. Nov. 5, 2018). "Instead, the court [can] impose[] sanctions under its inherent power," and Rules 26 and 45, because it already found that Counsel's conduct "was inconsistent with existing law and issued for an improper purpose," and that their conduct was knowing. *Id.*; Dkt. 21, at 14-18.

Notably, here, the Court did not reach the question of whether sanctions are warranted under the Court's inherent power. *See* Dkt. 21 at 13:10-13. If the Court believes that attorneys' fees are not awardable under Rule 45 or Rule 26, the Court is "require[d]" to consider the request under its inherent power. *Pickholtz*, 284 F.3d at 1377.

Under Rule 45, the Court has "discretion over the type and degree of sanction imposed." Dkt. 21, at 20. Awarding a fine as a sanction divorced from Non-Parties' lodestar and reasonable rates "would be arbitrary." *Leverty*, 2018 WL 6728415, at *10. The requested sanctions award here, Non-Parties' reasonable attorneys fees based on their lodestar, "accurately reflects the time that [Non-Parties] spent addressing [Counsel's] bad faith conduct." *Id.* The ultimate goal here is to encourage better behavior going forward; reducing Non-Parties' lodestar to some other arbitrary number would not serve that goal.

Dated:  July 30, 2026                                          Respectfully submitted,

                                                                          /s/     Joel D. Smith

---

NON-PARTIES' REPLY BRIEF REGARDING FEES; CASE NO. 26-mc-80036-TSH                                 3

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street,
5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey
(State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com