Heather L. Rosing, SBN 183986
Leah A. Lorenz, SBN 228008
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Tel: 619-235-6000
hrosing@rosinglaw.com
llorenz@rosinglaw.com

Attorneys for Non-Parties, Jacob M. Harper and Joseph Elie-Meyers

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AMIT PATEL, LAUREN SCHMIDT, and CHRISTOPHER NUNEZ on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

GT'S LIVING FOODS, LLC,

Defendant.

Case No. 3:26-mc-80036-TSH

(Case No. 2:19-cv-10920-FMO-DSR Pending in the Central District of California)

**[ORAL ARGUMENT REQUESTED]**

**REPLY IN SUPPORT OF CONSOLIDATED SUPPLEMENTAL MOTION CHALLENGING RULINGS OF JUNE 18, 2026 [ECF 21] AND AUGUST 18, 2026 ORDERS [ECF 35]**

**[BRIEFING ORDERED VIA ECF 36]**

Date: November 19, 2026
Time: 10:00 a.m.
Courtroom: 8 – 19th floor

Rosing Pott & Strohbehn LLP
770 1st Avenue, Suite 200
San Diego, California 92101

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 4
II. THE ORDERS ARE SUBJECT TO DE NOVO REVIEW .......... 4
A. The Dispositive Orders Were Recommendations Subject to De Novo Review. .......... 5
B. No Party Consented, and the Objection Was Not Waived. .......... 7
III. THE EVIDENCE IS PROPERLY BEFORE THE COURT .......... 7
IV. THE LEGAL THRESHOLDS TO ISSUE SANCTIONS WERE NOT MET .......... 9
A. Movants Sought Relevant Rule 23 Discovery for a Proper Purpose. .......... 9
a. The Record Does Not Support Improper Purpose. .......... 10
b. No Undue Burden Was Imposed as a Matter of Law and Fact. .......... 12
1. The Opposition Confirms No Undue Burden Exists. .......... 12
2. Non-Parties' Fact Disputes Cannot Generate the Missing Burden. 13
c. The Procedural Issues Do Not Support Sanctions. .......... 15
B. The Rule 26(g) Sanction Applies the Wrong Standard to the Wrong Conduct. .......... 15
V. THE FEE AWARD SHOULD BE VACATED OR, AT MINIMUM, REDUCED 16
A. The Fee Award Does Not Meet the But-for Causation Requirement. .......... 16
B. The Fee Order Applied the Wrong Measure for Self-Represented Attorneys. .......... 17

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

## TABLE OF AUTHORITIES

**Cases**

*Beaver County*
2016 WL 7212308, at *3 ........ 17
*Black v. Wrigley*
2019 WL 2717212, at *8-9 (S.D. Cal. June 28, 2019) ........ 19
*Brown v. Am. Airlines, Inc.*
2011 WL 13217553, at *2 (C.D. Cal. July 13, 2011) ........ 10
*CornerStone Staffing Sols., Inc. v. James*
2013 WL 12373784, at *2 (N.D. Cal. Feb. 22, 2013) ........ 9
*CPC Patent Techs. Pty Ltd. v. Apple, Inc.*
34 F.4th 801, 807 (9th Cir. 2022) ........ 6, 7
*Duong v. Groundhog Enters., Inc.*
2020 WL 2041939, at *6-9 (C.D. Cal. Feb. 28, 2020) ........ 11, 16, 17
*E.D. v. Cnty. of Contra Costa*
2022 WL 1015992, at *1-2 (N.D. Cal. Apr. 5, 2022) ........ 8
*EEOC v. Dillon Co.*
2010 WL 4134696, at *1 (D. Colo. Oct. 12, 2010) ........ 16
*Estate of Conners v. O'Connor*
6 F.3d 656 (9th Cir. 1993) ........ 6, 7
*Flam v. Flam*
788 F.3d 1043, 1046-47 (9th Cir. 2015) ........ 6, 7
*Fujikura Ltd. v. Finisar Corp.*
2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015) ........ 16, 19
*Goodyear Tire & Rubber Co. v. Haeger*
581 U.S. 101, 108 (2017) ........ 17
*Greenhow v. Secretary of Health & Human Services*
863 F.2d 633, 638 (9th Cir. 1988) ........ 8
*Hill v. Robert's Am. Gourmet Food,* LLC
2013 WL 5118943, at *4 (N.D. Cal. Sept. 13, 2013) ........ 14
*In re DMCA Subpoena to Reddit, Inc.*
441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) ........ 6, 7
*In re Mushroom Direct Purchaser Antitrust Litig.*
2012 WL 298480, at *4 (E.D. Pa. Jan. 31, 2012) ........ 15
*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*
2013 WL 1285588, at *1-2 (N.D. Cal. Mar. 28, 2013) ........ 17
*In re Shubov*
253 B.R. 540, 547 (B.A.P. 9th Cir. 2000) ........ 14
*JW Gaming Development, LLC v. James*
544 F. Supp. 3d 903, 925-26 (N.D. Cal. 2021) ........ 7
*Legal Voice v. Stormans Inc.*
738 F.3d 1178, 1185 (9th Cir. 2013) ........ 12
*Mass. Mut. Life Ins. Co. v. Cerf,*
177 F.R.D. 472, 479 (N.D. Cal. 1998) ........ 10
*Massengale v. Ray*
267 F.3d 1298, 1302-03 (11th Cir. 2001) ........ 18, 19
*Mount Hope Church v. Bash Back!*
705 F.3d 418, 427-28 (9th Cir. 2012) ........ 5, 13, 14, 17, 19

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

*NLRB v. Frazier*
966 F.2d 812, 817 (3d Cir. 1992) .......... 6
*Optrics Inc. v. Barracuda Networks Inc.*
2020 WL 1815690, at *3 (N.D. Cal. Feb. 28, 2020) .......... 7
*Perry v. Schwarzenegger*
268 F.R.D. 344, 348 (N.D. Cal. 2010) .......... 8
*Pickholtz v. Rainbow Techs., Inc.*
284 F.3d 1365, 1375 (Fed. Cir. 2002) .......... 18, 19
*Roell v. Withrow*
538 U.S. 580, 590 (2003) .......... 8
*Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*
2024 WL 5011603, at *2-3 (N.D. Cal. Dec. 6, 2024) .......... 13
*SEC v. CMKM Diamonds, Inc.*
729 F.3d 1248, 1260 (9th Cir. 2013) .......... 6, 7
*Shelton v. Am. Motors Corp.*
805 F.2d 1323, 1327 (8th Cir. 1986) .......... 10, 11
*Silva v. Haleon US Inc.*
758 F. Supp. 3d 1082, 1086 (N.D. Cal. 2024) .......... 9
*Temple v. WISAP USA in Texas*
152 F.R.D. 591, 596-97 & n.3 (D. Neb. 1993) .......... 7
*Tri-Valley CAREs v. U.S. Dep't of Energy*
671 F.3d 1113, 1131 (9th Cir. 2012) .......... 9
*United States v. Hardesty*
977 F.2d 1347 (9th Cir. 1992) .......... 8
*United States v. Howell*
231 F.3d 615, 621-22 (9th Cir. 2000) .......... 9
*United States v. Real Property*
2014 WL 325151, at *2 (N.D. Cal. Jan. 29, 2014) .......... 8
*United States v. Rivera-Guerrero*
377 F.3d 1064, 1068-69 (9th Cir. 2004) .......... 6
*Yee v. City of Escondido*
503 U.S. 519, 534 (1992) .......... 17
*Younger Mfg. Co. v. Kaenon, Inc.*
247 F.R.D. 586, 588 (C.D. Cal. 2007) .......... 10

**Statutes**

28 U.S.C. § 636 .......... 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 11 .......... 18, 19
Fed. R. Civ. P. 23 .......... 5, 10
Fed. R. Civ. P. 26 .......... 5, 13, 16, 17, 19
Fed. R. Civ. P. 37 .......... 18
Fed. R. Civ. P. 45 .......... 5, 8, 12, 13, 14, 15, 18, 19
Fed. R. Civ. P. 72 .......... 6, 8, 9
Fed. R. Civ. P. 73 .......... 8
Fed. R. Evid. 201 .......... 9

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

## I. INTRODUCTION

Two attorneys, Movants Jacob Harper and Joseph Elie-Meyers, were ordered to personally pay more than $100,000, and to complete CLE, for a subpoena seeking Rule 23 adequacy discovery. That discovery targeted the conflict concerns that Judge Fernando M. Olguin, who presides over the underlying *Patel* class action (C.D. Cal.), raised when he denied class certification. The Orders were entered without a hearing, by a magistrate judge, without consent. Context matters: the *Patel* record shows why the subpoena was issued and why it was proper. Yet Non-Parties Smith Krivoshey PC and Yeremey Krivoshey devote much of their Opposition (ECF 45) ("Opp.") to excluding that record, while relying on unrelated matters irrelevant to the subpoena.

Review is de novo, because the Orders resolved the only relief sought in this miscellaneous action and no party consented. The full record, all of it filed before the final Order issued, is properly before the Court. That record shows Movants sought the discovery for a proper purpose: to address Rule 23 adequacy in response to Judge Olguin's conflict concerns. Non-Parties' reliance on the Eighth Circuit's "heightened" standard for deposing counsel, which the Ninth Circuit has not adopted, fails, and their factual disputes, even if credited, confirm Movants served the subpoena to gather facts, which is a proper purpose as a matter of law. Non-Parties identify no compliance burden, so the Sanctions Order's undue-burden finding cannot be reconciled with *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427-28 (9th Cir. 2012). The procedural defects they cite are harmless and cannot alone support sanctions. And the more than $100,000 fee award lacks the required causal connection to any sanctionable conduct and cannot compensate self-represented attorneys under Rules 26(g)(3) and 45(d)(1). The Court should vacate both Orders.

## II. THE ORDERS ARE SUBJECT TO DE NOVO REVIEW

The Opposition (A) ignores the Ninth Circuit's functional test for determining whether an order is dispositive, relying instead on labels; and (B) concedes no party consented, arguing instead that Movants waived consent. Each argument fails.

### A. The Dispositive Orders Were Recommendations Subject to De Novo Review.

A magistrate judge may not enter a binding order on a dispositive matter without consent; absent consent, the order is a recommendation reviewed de novo. 28 U.S.C. § 636(b)-(c); Fed. R. Civ. P. 72(b)(3) Whether a matter is dispositive turns on its effect (*i.e.*, a functional test): a ruling that "effectively denies 'the ultimate relief sought'" is dispositive. *CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022) (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)); *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015). As Movants showed, the Sanction and Fee Orders resolved the only relief sought in a miscellaneous action opened to litigate a subpoena, and no party consented. Movants' Consolidated Supplemental Motion ("Mot."), 10:20-11:14. Non-Parties dispute neither the test nor the lack of consent.

Courts agree that a freestanding subpoena proceeding is its own case, so the ruling that resolves it is dispositive. *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992) (a subpoena proceeding that is "not part of a larger case before the court" is "like a motion to dismiss" because the case is over regardless of how the court rules); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020); *CPC*, 34 F.4th at 807-10.

Non-Parties ignore this and instead raise four arguments: (1) Movants referenced a "non-dispositive order" in their objections (Opp. 4:13-15); (2) sanctions are categorically nondispositive (*id.* at 4:17-19); (3) these Orders were nondispositive because they were "ancillary" to *Patel* (*id.* at 4:17-6:2); and (4) *Estate of Conners v. O'Connor*, 6 F.3d 656 (9th Cir. 1993), does not apply (*id.* at 5:3-15). None of these arguments applies the Ninth Circuit's functional test.

First, the caption on Movants' July 2 motion changes nothing. Opp. 4:11-16. Movants filed that motion within 14 days of the liability-only Sanctions Order as a protective objection, captioned nondispositive because ***the disposition was not complete until the Fee Order issued***. ECF 23. After the Fee Order completed the disposition, Movants sought de novo review. ECF 40. A caption does not set the standard of review; the order's effect does. *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (courts consider the motion's "effect," not merely the "list of excepted pretrial matters" to determine a magistrate judge's authority).

Second, Non-Parties insist sanctions are always nondispositive (Opp. 3:27-5:1), but none

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

of their authorities involves a freestanding action filed to test a subpoena, and virtually all either predate *CPC*'s "functional" test or involved no dispute over dispositive status.[1] Non-Parties dismiss *CPC*, *CMKM*, and *Flam* because none involved sanctions (Opp. 5 n.2), but those decisions do not turn on the type of motion; they supply the binding test for motions not enumerated in § 636(b)(1)(A), sanctions motions included.

Third, Non-Parties' "ancillary" argument fares no better. Movants' description of this matter as an "ancillary proceeding" (Opp. 5:22-6:1) describes its relationship to *Patel*, pending in another district, not its status before this Court. Non-Parties acknowledge that when a subpoena proceeding stands alone, "the subpoena is its own civil case" and de novo review may apply. Opp. 6 n. 3. (quoting *Reddit*, 441 F. Supp. 3d at 880). And Non-Parties' remaining authority applies the same functional test. *Federal Republic of Nigeria v. VR Advisory Services, Ltd.* distinguished *CPC* because the magistrate judge's order did not "wholly dispose of" the § 1782 proceeding. 2023 WL 2477889, at *1 (S.D.N.Y. Mar. 13, 2023). Here, the Orders did. *Optrics Inc. v. Barracuda Networks Inc.*, 2020 WL 1815690, at *3 (N.D. Cal. Feb. 28, 2020), addresses a court's ancillary jurisdiction to sanction withdrawing counsel, not whether a sanctions ruling is dispositive.

Fourth, Non-Parties' efforts to distinguish *Estate of Conners v. O'Connor*, *supra*, 6 F.3d at 658–59, fail. As in *Conners*, the Fee Order adjudicated fees after the only live dispute had been mooted; it was not a "pretrial" ruling in an ongoing case, and it completed the only relief sought in this proceeding. Non-Parties' authority does not help them. *JW Gaming Development, LLC v. James*, 544 F. Supp. 3d 903, 925-26 (N.D. Cal. 2021), held a magistrate judge could resolve post-judgment enforcement discovery under § 636(b)(3), distinguishing *Conners* as a § 636(b)(1) case involving a post-judgment fee order, yet still reviewed the order de novo "out of an abundance of caution." And *Temple v. WISAP USA in Texas*, 152 F.R.D. 591, 596-97 & n.3 (D. Neb. 1993), an out-of-circuit decision that disagreed with *Conners*, relied on the district judge's express referral under § 636(b)(3), and noted de novo review would not have changed the result. Here, there was no express referral and *Conners* binds this Court.

---

[1] In *Grimes*, *Maisonville*, and *Bhan*, the sanctions were collateral to claims in a civil action; in none was the sanctions award the only relief sought.

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

Even if the Orders together were nondispositive (they are not), the questions presented are legal ones: whether undue burden under Rule 45(d)(1) reaches costs other than compliance; whether disagreement about the value of discovery is an "improper purpose"; whether procedural defects justify sanctions; and whether self-represented attorneys may recover "attorney's fees." Such questions "are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). The Orders also clearly err on the facts. Mot. 11 n.4. Under either standard, the Orders must be set aside.

**B. No Party Consented, and the Objection Was Not Waived.**

Non-Parties' waiver argument effectively concedes that no party consented to the Magistrate Judge. No waiver can exist where there was no consent-based "referral" to withdraw: the miscellaneous case was assigned at intake under General Order 44(E)(3), with no referral order or consent or declination forms. ECF 4. Consent to magistrate jurisdiction over dispositive orders cannot be implied on such facts; implied consent requires notice of the right to refuse. *Roell v. Withrow*, 538 U.S. 580, 590 (2003); § 636(c); Fed. R. Civ. P. 73(b).

Non-Parties' cited cases are inapt. *E.D. v. Cnty. of Contra Costa*, 2022 WL 1015992, at *1-2 (N.D. Cal. Apr. 5, 2022), denied a motion to withdraw consent the plaintiff had expressly given; here, no party ever consented. *United States v. Real Property*, 2014 WL 325151, at *2 (N.D. Cal. Jan. 29, 2014), and *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992), hold only that a court may decline to consider new merits arguments on objection; neither addresses a magistrate judge's authority to enter a dispositive order. The "deemed denied" argument fails for the same reason: Civil Local Rule 72-2(d) governs only nondispositive orders, and Rule 72(a) itself provides that the district judge "must consider timely objections." Nor was the motion left unaddressed. It was referred to the general duty judge, and the Court ordered consolidated briefing on both Orders. ECF 25, 36, 42.

## III. <u>THE EVIDENCE IS PROPERLY BEFORE THE COURT</u>

Movants' evidence is properly before this Court. Non-Parties contend that the second set of Harper and Elie-Meyers' declarations (ECF 23-1, 23-2), filed on July 2 before briefing on the

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

fees, are not properly in the record. Opp. 3:1-24, 6:16-8:2, 24:17-28. Their arguments lack merit.

The July 2 declarations belong to "the record of the proceedings before the Magistrate Judge" because Movants filed them before, and cited them in, the fee briefing that preceded the final Fee Order. Civil L.R. 72-3(c); ECF 23-1, 23-2; ECF 29 at 24:24-25:1. Non-Parties forfeited any challenge by failing to object until their October 23 Opposition, and much of the substance merely repeats the original declarations. ECF 10-1, 10-2. Even if the declarations were considered new, they are properly considered on de novo review, where the Court "may . . . receive further evidence." Fed. R. Civ. P. 72 (b)(3).

Judicially noticeable public filings on the *Patel* docket require no motion to augment. Fed. R. Evid. 201 (c)(1), (d); *Silva v. Haleon US Inc.*, 758 F. Supp. 3d 1082, 1086 (N.D. Cal. 2024) (notice proper regardless of local rule formalities). Moreover, Civil Local Rule 72-3(b)'s permissive augmentation procedure does not override the Court's statutory authority to consider additional evidence submitted with objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000); Mot. 2:26-28.

Non-Parties' contrary authorities do not hold otherwise. Each addresses either nondispositive orders or judicial discretion; none imposes a bright-line bar against considering evidence without a motion to augment. *See Greenhow*, 863 F.2d at 638 (discretion to decline new arguments in objections); *CornerStone Staffing Sols., Inc. v. James*, 2013 WL 12373784, at *2 (N.D. Cal. Feb. 22, 2013) (nondispositive order); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (discretion to deny motion to supplement administrative record under local rule). Tellingly, Non-Parties embed their own request to augment the record in their Opposition rather than filing a separate motion. Opp. 8 n.4, 24:17-28.

Regardless, the very arguments and evidence Non-Parties challenge ***were*** in the original record. For example, Non-Parties say Elie-Meyers' July 2 account of the meet-and-confer is new. Opp. 10:15-18. But his July declaration repeats the conferral efforts first described in his March declaration (*compare* ECF 10-2, ¶¶ 11-12, with ECF 23-2, ¶ 15) and responds to the Magistrate Judge's findings, explaining that the Sanctions Order "appear[ed] to ignore significant parts of [his

March] declaration, or misstate [his] testimony," ECF 23-2, ¶¶ 14-20.[2]

Whatever standard applies, Non-Parties cannot claim prejudice from "new" evidence that comes from the underlying record and restates testimony and documents they had, answered, and cited before the Magistrate Judge issued the final Fee Order.

## IV. THE LEGAL THRESHOLDS TO ISSUE SANCTIONS WERE NOT MET

### A. Movants Sought Relevant Rule 23 Discovery for a Proper Purpose.

Movants explained the subpoena sought ordinary Rule 23 adequacy discovery made all the more critical by Judge Olguin's order raising Krivoshey's serious conflicts. Mot. 12:2-14:25. Movants never argued that Judge Olguin directed them to serve these specific subpoenas; rather, he explicitly ordered the parties to address class counsel's adequacy in any renewed certification motion. *See* Mot. 12:3-6, 13:21-22. Further, Movants described the circumstances of Non-Parties' withdrawal exactly as Judge Olguin and current class counsel did in their own public filings, which Non-Parties' vague footnote fails to refute. *See* Mot. 3:2-4:12; Opp. 15 n.7.

Non-Parties also claim this discovery was not "ordinary" because serving deposition subpoenas on "opposing counsel" is "subject to a 'heightened standard' to protect against abuse": a standard not raised in the sanctions briefing or addressed in the Sanctions Order. Opp. 15:20-16:15. Non-Parties' reliance on the Eighth Circuit's *Shelton* rule (*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) fails. The Ninth Circuit has not adopted it, and courts decline to apply it where a class certification motion puts counsel's adequacy "at issue." *Younger Mfg. Co. v. Kaenon, Inc.*, 247 F.R.D. 586, 588 (C.D. Cal. 2007); *Brown v. Am. Airlines, Inc.*, 2011 WL 13217553, at *2 (C.D. Cal. July 13, 2011). *Shelton* also protects current trial counsel, while Non-Parties are former counsel who claim they never represented the current *Patel* plaintiffs. *Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998); ECF 9-1 ¶ 47. At most, failing

---

[2] The July 2 declarations repeat the existing March record: (1) the JPAs are identical, *compare* ECF 23-1, ¶¶ 26-28 & Exs. 22-23, *with* ECF 10-2, ¶ 2 & Ex. 1; (2) the plaintiff deposition summaries use the same March excerpts, *compare* ECF 23-1, ¶¶ 29-35 & Exs. 24-26 *with* ECF 10-2, ¶ 3 & Exs. 2-4; (3) the explanation for serving and withdrawing the subpoenas restates the prior testimony, *compare* ECF 23-1, ¶¶ 35-36, 42-45 *with* ECF 10-1, ¶¶ 2-3 *and* 10-2, ¶¶ 3, 16-18; and (4) the adequacy concerns rely entirely on Judge Olguin's original class certification order already in the record, *compare* ECF 23-1, ¶¶ 8, 18 *with* ECF 10-1, ¶ 3 *and* ECF 10-2, ¶ 19 & Ex. 8.



ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

an unadopted standard would warrant quashing the subpoena, not sanctions. And even if *Shelton* applied, GT's would satisfy it, because the evidence of Krivoshey's ongoing financial interest was relevant and not available from Plaintiffs, who could not testify about it.

**a. The Record Does Not Support Improper Purpose.**

An "improper purpose" is one other than fact-gathering, such as harassment or delay, and neither the Sanctions Order nor Non-Parties identifies one. Mot. 15:8-17:8.

First, Non-Parties argue sanctions can be issued for a subpoena served on "speculation." Opp. 14:15-19. But the subpoena was not based on speculation; Movants issued it only after careful review of the discovery and the adequacy issues it raised. ECF 10-1, ¶¶ 2-3; ECF 10-2, ¶¶ 2-3; ECF 23-1, ¶¶ 2-4, 18-36; ECF 23-2, ¶¶ 2-5, 22. And the one case Non-Parties cite, *Duong v. Groundhog Enters., Inc.*, does not hold that a subpoena based on uncertainty about whether a non-party has relevant documents is sanctionable, and it bears no resemblance to this case. There, the court found bad faith because the plaintiff sought more than 100,000 irrelevant records without explaining their relevance and admitted the records were in a party's possession. *Duong v. Groundhog Enters., Inc.*, 2020 WL 2041939, at *6-9 (C.D. Cal. Feb. 28, 2020). Even then, the court awarded only $1,986.56. *Id.* at *10-11. Here, the narrow subpoena was relevant to class certification, and GT's served it only after confirming that Plaintiffs could not provide information about Krivoshey's ongoing financial interest under the Second JPA. Mot. 4:13-7:10; ECF 10-1, ¶¶ 2-3; ECF 10-2, ¶¶ 2-3. The Magistrate Judge concluded, based on a declaration served *after* the subpoena, that Krivoshey had nothing further showing a conflict. That is not a finding that the discovery was irrelevant, unduly burdensome, or sought for an improper purpose.

Second, Non-Parties argue Movants had no basis to suspect Krivoshey remained involved in *Patel* other than their reading of the Second JPA. Opp. 14:22-15:18. That alone would suffice, but Movants identified many other reasons to suspect Krivoshey remained involved in case management and retained financial interests, and why Plaintiffs could not provide answers. Mot. 5:1-6:24, 13:18-14:14; ECF 10 at 5:20-6:19, 12:1-13:11; ECF 10-2, ¶ 2, Ex. 1; ECF 23-2, ¶¶ 2-5; ECF 23-1, ¶¶ 21-23, 28-36. Non-Parties claim Movants argue "for the first time" that the Second

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

JPA evidences Krivoshey's continuing right to seek fees and bars current counsel from objecting, so the argument is waived. Opp. 15:11-18. But Movants made that argument in opposing the sanctions motion (ECF 10 at 12:3-5; ECF 10-2, Ex. 1), and again in the first Motion for Relief. ECF 23 at 1:19-23, 4:9-15; ECF 23-1, ¶ 28.b.iii.[3] Krivoshey himself attested that he can seek fees under the Second JPA (ECF 1-1, ¶ 5(e)), and the Sanctions Order describes the agreement the same way (ECF 21 at 4:19-20), contradicting its finding that "Non-Parties were not entitled to fees from the *Patel* action." *Id*. at 18:4-5. Non-Parties' later representation that current counsel may object to their fee request, so they would be estopped from contending otherwise. Opp. 15:13-16. Even if true, the representation came after the subpoena was withdrawn, and it says nothing about whether the subpoena was proper when served. Finally, that Elie-Meyers could not identify at conferral a specific document only Krivoshey had (Opp. 14:19-22) is beside the point: Movants sought Krivoshey's own testimony and records about his understanding of the JPAs and his role and interests, which Plaintiffs could not provide. Mot. 3:1-6:24, 13:18-14:14.

Third, Non-Parties claim the Magistrate Judge found "bad faith" based on Harper's "accus[ation]" that Krivoshey planned to manage the case from "behind the scenes," citing Krivoshey's own declaration. Opp. 15:3-10. ***But the Magistrate Judge made no bad faith finding; the Order expressly declined to reach § 1927 and inherent power, the only grounds requiring one*** (ECF 21 at 13:10-13), and cited the "behind the scenes" remark only in its improper purpose analysis. *Id*. at 17:28-18:1. Improper purpose and bad faith are distinct. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (listing "bad faith" and "improper purpose" as separate grounds for Rule 45 sanctions). Non-Parties identify nothing else in the record they contend shows bad faith, and even their own characterization of the remark, a "theory" of continued conflicts, describes an investigation, not harassment. Opp. 15:6-9. Non-Parties wield this non-existent "bad faith" finding throughout their Opposition, including to distinguish Movants' cases. Each of those arguments fails. Opp. 15:3-10, 17:13-25, 18:13-25 & n.8.

---

[3] Non-Parties claim Movants "misrepresent[ed]" that the JPAs were "incomplete" (Opp. 9 n.5), but they *were* incomplete, for the very reasons Movants identified: they required Plaintiffs' signatures but had none (ECF 10 at 12:5-7).

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

Fourth, Non-Parties' only challenge to the scope of reopened discovery is that Movants did not request leave to serve third-party discovery, and they speculate Judge Olguin would have denied it. Opp. 12:3-15. The Sanctions Order does not find improper purpose on this basis; besides, Judge Olguin permitted "[a]ny remaining discovery (related solely to the newly added named plaintiffs)" without limiting it to party discovery. ECF 9-15; ECF 21 at 3:11-13. In fact, the *Patel* parties both also engaged in further expert discovery, including depositions, pursuant to this order. *See, e.g.*, *Patel* ECF 208-2, 208-1, ¶ 5, 208-8, 208-12, 208-13.

Fifth, Non-Parties mischaracterize and inflate Harper's history in other matters (Opp. 2:9-17, 16:1-4), which is irrelevant in any event: Rules 45(d)(1) and 26(g)(3) sanction only the challenged subpoena and certification. Fed. R. Civ. P. 26(g)(3) ("certification [that] violates this rule"); 45(d)(1) ("enforce this duty"); *Mount Hope*, 705 F.3d at 427-28. And contrary to Non-Parties' claim (Opp. 2:16-17), Judge Hixson did not rely on such history. ECF 21 at 20:14-24. The "long history of sanctions" Non-Parties invoke amounts to a single personal sanction that was vacated. None of the other matters Non-Parties cite resulted in any sanction against Harper, as no other sanctions were entered against Harper. ECF 29 at 22:7-25:4, 29-2, ¶¶ 2-5. And the Order identifies none; it cites only prior criticism of "GT's counsel." ECF 21 at 20:14-24. Thus, Non-Parties' "long history" is one vacated order.

**b. No Undue Burden Was Imposed as a Matter of Law and Fact.**

Rule 45(d)(1)'s "undue burden" basis refers to the burden of compliance, and here, there was no compliance during the subpoena's two-week pendency. Mot. 17:10-19:20 (citing, *e.g.*, *Mount Hope*, 705 F.3d at 426-30; *Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*, 2024 WL 5011603, at *2-3 (N.D. Cal. Dec. 6, 2024)).

**1. The Opposition Confirms No Undue Burden Exists.**

Non-Parties, apparently acknowledging that undue burden is limited to costs of compliance and that the record shows none, sidestep the issue and suggest sanctions can be imposed for other reasons, like "bad faith" or "improper purpose." Opp. 16:17-17:25.[4] That misses the point. The

[4] Non-Parties attempt (but fail) to distinguish Movants' cases by vaguely arguing "bad faith" (there is none here, *supra* Part IV.B.a) "or other relevant factors were not present there," without



ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

Sanctions Order rested in part on "undue burden," yet the record shows no compliance burden at all. That ground cannot support sanctions.

Non-Parties also note the Sanctions Order relied on *Hill v. Robert's Am. Gourmet Food, LLC*, 2013 WL 5118943, at *4 (N.D. Cal. Sept. 13, 2013) (Opp. 16:23-28), but that only confirms the Order is contrary to law. In *Hill*, the court sanctioned a subpoena improperly served while discovery was stayed, adopting *Shubov*'s view that when a subpoena "should not have been issued, literally everything done in response to it constitutes 'undue burden or expense.'" *Id.* at *2-3 (quoting *In re Shubov*, 253 B.R. 540, 547 (B.A.P. 9th Cir. 2000)). *Hill* did not address *Mount Hope*, which acknowledged that "district courts have routinely rejected [*Shubov*'s] interpretation" and held that undue burden is "limited to harms inflicted by complying with the subpoena." 705 F.3d at 427-28. *Hill* and the Sanctions Order cannot be reconciled with *Mount Hope*.

**2. Non-Parties' Fact Disputes Cannot Generate the Missing Burden.**

The Sanctions Order found Movants failed to take reasonable steps to avoid imposing undue burden on three grounds: not seeking the materials from Plaintiffs first, not narrowing the scope of the subpoena, and not extending the compliance date. ECF 21 at 17:11-14. Each fails.

Movants did seek discovery from Plaintiffs first. Before issuing the subpoena, they served written discovery and deposed Plaintiffs about the JPAs and Krivoshey's financial interests and involvement, but Plaintiffs lacked knowledge to testify. Mot. 4:13-6:27, 17:1-18:7; ECF 10 at 1:21-2:4, 5:20-6:22; ECF 10-2, ¶¶ 2-3, Exs. 2-4. Non-Parties do not address this evidence. Instead, they contend, without authority, that Movants were required to propound written discovery asking expressly about Krivoshey's ongoing involvement, and then move to compel. Opp. 9:18-10:2. Even if that were true, Movants *did* seek such discovery, requesting records and information about Plaintiffs' and counsel's agreements governing the action. ECF 23-1, ¶¶ 21-23. Those requests were before the Magistrate Judge (ECF 9-20) and are on the *Patel* docket (*e.g.*, *Patel*, ECF 191), so Non-Parties' augmentation objection (Opp. 9:18-10:2) fails. *See supra* Part III. And Rule 45 does not require a party to move to compel before serving a subpoena; it requires only that the

---

identifying any "other factors" or why they make a difference. Opp. 16:17-17:25.



ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

court consider whether discovery is available from other sources. Fed. R. Civ. P. 45(d)(1); *In re Mushroom Direct Purchaser Antitrust Litig.*, 2012 WL 298480, at *4 (E.D. Pa. Jan. 31, 2012) (a party "is not required to compel defendants to produce potentially overlapping information before seeking any third-party discovery"). Plaintiffs could not provide most, if not all, of what the subpoena sought. Mot. 6:13-24; ECF 10-2, ¶ 3, Exs. 2-4; ECF 23-1, ¶¶ 29-35. Nor do Non-Parties cite anything requiring Movants to subpoena current counsel before former counsel (*see* Opp. 9:1-2, 10:3-12); if anything, Non-Parties' own authority suggests the opposite. *Supra* Part IV.A.[5]

Nor did Movants refuse to narrow the (already narrow) subpoena or extend the compliance date; Non-Parties refused to discuss either. Mot. 18:8-19:20. Non-Parties offer little in response beyond excerpting the Sanctions Order's "undisputed facts," which Elie-Meyers' declarations disputed. ECF 10-2, ¶¶ 9-18; ECF 23-2, ¶¶ 13-21; *see* ECF 21 at 8:4-18. Those declarations also preclude any inference that Movants "violated professional rules of conduct" on the conferral call. ECF 21 at 15:27-16:1. Non-Parties further argue Movants did not confer in good faith because they did not seek a declaration from Krivoshey (Opp. 11:9-12, 13:17-23), but Krivoshey rebuffed every effort to negotiate anything short of withdrawal. ECF 10-2, ¶¶ 11-14; ECF 23-2, ¶¶ 13-21. And Non-Parties' claim that Movants did not "explain the purpose of the subpoena" (Opp. 11:13-17, 13:17-19) is undercut by their own account: they asked Elie-Meyers whether "Defendant believed that Mr. Krivoshey continued to work on this matter behind the scenes, or whether there was an undisclosed agreement" between former and current counsel. Opp. 11:14-17 (quoting ECF 9-1, ¶ 37). That question shows they understood the subpoena's purpose.

Non-Parties' remaining arguments fare no better. They suggest the withdrawal was late because it was emailed at "1 a.m. Eastern time, on the February 18 compliance date." Opp. 13:14-16. But no compliance date existed by then: the Court had stayed the deposition on February 12

---

[5] Non-Parties also argue Movants could have simply "asked" current counsel for declarations at the outset (Opp. 9:1-10, 11:17-21), but current counsel provided no information when Movants sought party discovery and did so only *after* the subpoenas were served. ECF 23-1, ¶¶ 21-23. Nor does it matter that Movants requested declarations after Non-Parties moved to quash; Movants had already begun productively negotiating the subpoenas with other counsel before speaking with Non-Parties. ECF 10-2, ¶¶ 17-18.

Rosing Pott & Strohbehn LLP
770 1st Avenue, Suite 200
San Diego, California 92101

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

(ECF 5), and the email was sent from Los Angeles at 10:04 p.m. Pacific time, before Non-Parties' opposition was due and a month before the hearing.[6] ECF 21 at 6:16-17; ECF 9-1, ¶ 48.

Nor did Movants "violate[] the scheduling order in *Patel*" by serving subpoenas they "knew" could not be enforced. Opp. 12:2-13:7. The scheduling order permitted any discovery completed by the cutoff, and compliance was due well before it. *Patel*, ECF 180. Had a dispute arisen, Movants could have sought expedited relief or a limited extension, as Non-Parties themselves sought shortened time. And the order Non-Parties cite (ECF 13-2) addressed a later motion to compel against the *Patel* plaintiffs, decided five weeks after the subpoena issued; it says nothing about these subpoenas. Nor does it make "perjury" of Elie-Meyers' accurate statement that he could not move the compliance date past the cutoff. Opp. 13 n.6.

**c. The Procedural Issues Do Not Support Sanctions.**

The claimed procedural issues might, at most, render the subpoena unenforceable, not sanctionable. Mot. 19:21-22:5 (citing, e.g., *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015)). Non-Parties cite no contrary authority. Opp. 18:2-24. Instead, they argue the Sanctions Order relied on the defects in "combination" with its other grounds, improper purpose and undue burden. *Id.* In doing so, they concede the defects cannot support sanctions on their own. Non-Parties also ignore Movants' showing that the claimed defects, examined individually, are largely not "facial" and caused no harm (Mot. 20:18-22:5), or that no evidence supports the conclusion that Movants "knowingly" issued a defective subpoena. *Id.* And their effort to distinguish *Fujikura*, the only one of Movants' cases they address, because it found no "improper purpose" is unavailing. *Fujikura* held that similar defects could not themselves support sanctions or an inference of improper purpose. 2015 WL 5782351, at *8.

**B. The Rule 26(g) Sanction Applies the Wrong Standard to the Wrong Conduct.**

Rule 26(g) does not apply to purported post-certification events. Even if it did, the disputed conduct underlying the Rule 26(g) sanction was substantially justified. Mot. 22:6-23:9.

---

[6] Non-Parties' reliance on *Duong*, 2020 WL 2041939, at *5, fails for the reasons discussed *supra* Part IV.B.a. *EEOC v. Dillon Co.*, 2010 WL 4134696, at *1 (D. Colo. Oct. 12, 2010), involved a party that served a second improper subpoena while a sanctions motion over the same service defect was pending, and is inapposite.

Non-Parties contend these points are waived because "they were not made before Judge Hixson," relying on the Order's statement that Movants did not respond to the Rule 26 request. Opp. 19:1-4; ECF 21 at 22:26-27. But in opposing the sanctions motion, Movants argued that Rule 45(d)(1) "encapsulates the discovery principles stated in Rule 26(g)," and then showed the subpoena satisfied each of those principles. ECF 10 at 10:2-9, 10:23-26. And particularly on de novo review, Movants may refine those arguments. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("parties are not limited to the precise arguments they made below").

Non-Parties next argue that Rule 26(g)(3), which addresses "improper certification" of discovery papers, reaches conduct beyond the certification itself. Opp. 19:13-25. That conflicts with the rule's text, which sanctions only a "certification [that] violates this rule," made "[b]y signing" after a "reasonable inquiry." Fed. R. Civ. P. 26(g)(1), (3); *cf. Mount Hope*, 705 F.3d at 428 (Rule 26(g) duties do not extend to "related follow-on issues"). And the passages Non-Parties cite address Rule 45, not Rule 26(g). *See* Opp. 19:13-20 (citing *Duong*, 2020 WL 2041939, at *5; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 1285588, at *1-2 (N.D. Cal. Mar. 28, 2013); *Beaver County*, 2016 WL 7212308, at *3).

## V. THE FEE AWARD SHOULD BE VACATED OR, AT MINIMUM, REDUCED

### A. The Fee Award Does Not Meet the But-for Causation Requirement.

The Fee Award cannot stand because it imposed fees based on a deterrence rationale rather than as compensation for fees incurred as a result of the purported misconduct. Mot. 23:14-24:21. Non-Parties respond only that the argument is waived and that the fees would not have been incurred absent the subpoena.[7] Neither is correct.

Movants did not waive this argument; in the fee briefing, they argued that the proceeding was limited to a compensatory award and that "deterrence of any kind is not a basis to enhance a compensatory fee award." ECF 29 at 21:3-16, 24:16-25:4; Opp. 22:6-11. *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 108 (2017), is authority for that preserved argument, not a new one.

[7] Non-Parties assert that Movants "do not argue that Judge Hixson erred when he concluded that Non-Parties' rates or amount of time they spent on the tasks were reasonable." Opp. 21:25-26. Not so. Movants expressly "preserve[d]" those objections. Mot. 25 n.6.



ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

Nor is there merit to Non-Parties' claim that Movants "do not explain why or how" limiting the award to fees actually caused by sanctionable conduct would matter. Opp. 22:11-18. As Movants explained, "if the Court sets aside any ground on which the Sanctions Order rests, the award must be recalculated to the fees caused by whatever conduct remains sanctionable." Mot. 24:13-16. Movants also showed that Rule 45(d)(1) sanctions "serve primarily to reimburse the costs of complying with a subpoena," yet the award compensates none. Mot. 24:17-21; *SARA*, 2024 WL 5011603, at *3 ("Rule 45 sanctions are for costs to comply with a subpoena, not contest it."). And Non-Parties' own authority awards litigation fees only where the non-party could not avoid them. *Hill*, 2013 WL 5118943, at *3-4 (offer not to enforce came two hours before the motions were filed). Here, the fees for the sanctions motion were incurred after the subpoena was withdrawn.

Non-Parties also defend the CLE sanction by misstating the grounds. Opp. 20:6-21:23. They assert CLE sanctions are warranted given the "repeated judicial findings that Mr. Harper appears largely indifferent to monetary sanctions." *Id.* at 20:21-23. But the record contains *no evidence* that Harper has ever been monetarily sanctioned, let alone "repeated judicial findings," and the Sanctions Order made no such finding. It instead reasoned that "monetary sanctions alone are unlikely to deter counsel's conduct" because they are "'loose change' for a national law firm like Davis Wright Tremaine." ECF 21 at 20:24-26. That rationale is also unfounded: the Order declined to sanction the firm and sanctioned Harper and Elie-Meyers personally. *Id.* at 18 n.3. Movants have not waived their objection to the CLE sanction. ECF 23 at 1:12; Mot. 10:14-16.

**B. The Fee Order Applied the Wrong Measure for Self-Represented Attorneys.**

Movants additionally showed that Non-Parties, attorneys representing themselves, cannot receive attorneys' fees. Mot. 24:22-25:14. Non-Parties' responses are unpersuasive. Non-Parties first characterize the rule against recovering fees for self-representation as limited to fee-shifting statutes. Opp. 23:2-14. But courts apply that rule to sanctions too. Mot. 25:2-5 (citing *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002) (Rule 37); *Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (Rule 11)).

Non-Parties next argue that courts have applied this rule only to sanctions under other

Rosing Pott & Strohbehn LLP
770 1st Avenue, Suite 200
San Diego, California 92101

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

Federal Rules. Opp. 23:14-24:2 & n. 10. But the reasoning of *Pickholtz* and *Massengale* applies equally to Rules 26 and 45, which permit only compensatory monetary sanctions. Those courts barred fees for self-representation because Rules 11 and 37 limit recovery to fees actually "incurred." Rule 26(g)(3) is likewise limited to "expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). And Rule 45(d)(1) sanctions serve "primarily to reimburse a non-party's costs incurred in complying with a subpoena." *Fujikura*, 2015 WL 5782351, at *8 (citing *Mount Hope*, 705 F.3d at 427). Non-Parties offer no reason to depart from *Pickholtz* and *Massengale*: a self-represented attorney incurs no attorneys' fees. Nor does *Black v. Wrigley*, 2019 WL 2717212, at *8-9 (S.D. Cal. June 28, 2019), support the award. Although *Black* permitted a self-represented attorney to obtain a Rule 45 sanction, it recognized that "it cannot be said that he actually incurred any attorney's fees." And even though the subpoena there was facially invalid and never withdrawn, the court declined to award his billing rate ($975 per hour for 15 hours) and imposed a $5,000 lump-sum sanction because he spent no time complying with the subpoena.

Non-Parties also contend that *Pickholtz* requires the Court to consider fees under its inherent authority. Opp. 24:5-16. Even assuming *Pickholtz* announced a general rule rather than one specific to its facts, the Magistrate Judge already addressed that request: Non-Parties sought sanctions under the court's inherent authority (ECF 9 at 18:6-11), and the Magistrate Judge expressly declined to reach it. ECF 21 at 13:10-13. Moreover, inherent-power sanctions require bad faith, which has not been found here. *Supra* Part IV.B.a; Mot. 25:7-10.

Finally, Non-Parties suggest that barring self-represented attorneys from recovering fees they never incurred would declare "open season on attorneys." Opp. 23:10-14. Not so. Self-represented attorneys remain protected: they may recover costs actually incurred, including attorneys' fees if they choose to hire an attorney.

ROSING POTT & STROHBEHN LLP

Dated: November 2, 2026 By: */s/ Leah A. Lorenz*

Heather L. Rosing
Leah A. Lorenz
Attorneys for Non-Parties Jacob M. Harper and Joseph Elie-Meyers

ROSING POTT & STROHBEHN LLP
770 1ST AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92101

## CERTIFICATE OF SERVICE

I am a citizen of the United States, over the age of 18, and not a party to this action. My business address is 770 1st Avenue, Suite 200, San Diego, CA 92101.

On November 2, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF CONSOLIDATED SUPPLEMENTAL MOTION CHALLENGING RULINGS OF JUNE 18, 2026 [ECF 21] AND AUGUST 18, 2026 ORDERS [ECF 35]** in this matter via the district court's CM/ECF system. I certify that all parties to this action are registered CM/ECF users and will be served electronically through CM/ECF, service list attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 2, 2026, at San Diego, California.

*/s/ Maria E. Suarez-Lopez*
Maria E. Suarez-Lopez

| | |
|---|---|
| Simon Carlo Franzini<br>Gabriela Zachiah Doble<br>Martin Brenner<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>(310) 656-7066<br>simon@dovel.com<br>gabe@dovel.com<br>martin@dovel.com | *Counsel for Plaintiff Amit Patel, Lauren Schmidt and Christopher Nunez on behalf of Themselves and all others similarly situated* |
| Jacob Michael Harper<br>Heather F. Canner<br>Joseph Elie-Meyers<br>Peter Bae<br>Davis Wright Tremaine LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071<br>(615) 714-1996<br>jacobharmer@dwt.com<br>heathercanner@dwt.com<br>peterbae@dwt.com | *Counsel for Defendant GT's Living Foods, LLC* |
| Yeremey O. Krivoshey<br>Smith Krivoshey, PC<br>28 Geary Street, Suite 650<br>San Francisco, CA 94108<br>(415) 839-7077<br>Fax: (888) 410-0415<br>yeremey@skclassactions.com | *Non-Party, Movant* |
| Joel Dashiell Smith<br>Smith Krivoshey, PC<br>867 Boylston Street, 5th Floor<br>Suite 1520<br>Boston, MA 02116<br>(617) 377-7404<br>Email: joel@skclassactions.com | *Non-Party, Movant* |